UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br>VeroBlue Farms USA, Inc. | Bankruptcy No:<br>18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

**MOTION TO STRIKE AND TO SEAL PORTIONS OF DOC. NO. 1
PURSUANT TO FED. BANK. R. 7012 AND FED. R. CIV. P. 12 (f)**

PLEASE TAKE NOTICE that Cassels Brock & Blackwell LLP, a Canadian limited liability partnership[1], by and through its undersigned counsel, hereby files this Motion to Strike Portions of Doc. No. 1 pursuant to Fed. Bank. R. 7012 and Fed. R. Civ. P. 12(f) as certain allegations of Doc. No. 1 are "immaterial, impertinent, or scandalous", as follows:

1. Fed. Bank. R. 7012(b) provides that Fed. R. Civ. P. 12(b) to (i) apply in adversary proceedings;

2. Fed. R. Civ. P. 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading…any…immaterial, impertinent, or scandalous matter.";

3. Motions to Strike such as this should be granted when it is "shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any

---

[1] As acknowledged in the Adversary Complaint, Cassels Brock & Blackwell LLP is a Canadian limited liability partnership. *See* (Doc. No. 3, ¶ 8).

consideration as a defense and that their presence in the pleading through the proceeding will be prejudicial to the moving party." 51 Wright & Miller, Federal Practice and Procedure § 1380 (2d ed. 1990); *Bank of Vermont v. Lyndonville Sav. Bank & Trust Co.*, 906 F.Supp.221, 228 (D. Vt. 1995) (same);

4. Multiple paragraphs of Doc. No. 1 are "immaterial, impertinent, or scandalous matter" as more fully set forth below and should be stricken and sealed as the allegations in Doc. No. 1 will have a prejudicial impact on Cassels Brock & Blackwell LLP and its clients who are not the Debtors and who are not parties to this proceeding.

## FACTS UPON WHICH THE MOTIONS ARE BASED

Movant Cassels Brock & Blackwell LLP ("Cassels") state the following facts in support of its Motion to Dismiss and Motion to Strike.

1. The Debtors in the Chapter 11 proceedings and the Debtors in the Adversary Complaint are VeroBlue Farms USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc. and Iowa's First Inc. (Doc. No. 365, Amended Joint Chapter 11 Plan of Reorganization of VeroBlue Farms USA, Inc. and its affiliated debtors, Article 1, Introduction; Doc. No. 1, Debtors Adversary Complaint against Cassels Brock & Blackwell LLP, p.1.)

2. Cassels is an Ontario Providential Limited Liability Partnership engaged in the practice of law in Canada and is based in Toronto, Ontario, Canada. (Doc. No. 1, p.5, ¶ 8)

3. Cassels has never been retained to represent VeroBlue Farms USA, Inc. and barren from all the documents attached to the Adversary Complaint, is a representation agreement. (Doc. No. 1.)

4. Cassels has never been retained to represent VBF Operations, Inc. and barren from all the documents attached to the Adversary Complaint, is a representation agreement. (Doc. No. 1.)

5. Cassels has never been retained to represent VBF Transport, Inc. and barren from all the documents attached to the Adversary Complaint, is a representation agreement. (Doc. No. 1.)

6. Cassels has never been retained to represent VBF IP, Inc., and barren from all the documents attached to the Adversary Complaint, is a representation agreement. (Doc. No. 1.)

7. Cassels has never been retained to represent Iowa's First Inc. and barren from all the documents attached to the Adversary Complaint, is a representation agreement. (Doc. No. 1.)

8. Nowhere in the Chapter 11 pleadings and nowhere in the Chapter 11 Plan did any of the Debtors list a formal representation or attorney-client relationship with Cassels as an executory contract. VeroBlue Farms, Inc., a Canadian entity is not one of the Debtors. (Doc. No. 364, 464, 481, Amended Joint Plan of Reorganization)

9. Cassels has no client files of VeroBlue Farms USA, Inc. as VeroBlue Farms USA, Inc. has never been a client of Cassels.

10. Cassels has no client files of VBF Operations, Inc. as VBF Operations, Inc. has never been a client of Cassels.

11. Cassels has no client files of VBF Transport, Inc. as VBF Transport, Inc. has never been a client of Cassels.

12. Cassels has no client files of VBF IP, Inc. as VBF IP, Inc. has never been a client of Cassels.

13. Cassels has no client files of Iowa's First, Inc. as Iowa's First, Inc. has never been a client of Cassels.

14. Cassels has represented a Canadian entity, VeroBlue Farms, Inc., which entity is not one of the Debtors and which client files are not property of the bankruptcy estate.

15. Debtors and their counsel have acknowledged that there has been "a long standing relationship with Cassels, a Canadian Firm, outside of Debtor's business". (Doc. No. 1, p. 6, ¶ 16)

16. Notwithstanding Debtors' acknowledgment that the communications between attorney and client are "outside of Debtors' business", Debtors have included accusations in the Debtors' Adversary Complaint and have attached privileged and confidential documents to the Complaint notwithstanding the admonition on the attachments themselves "This message, including any attachments, is privileged and may contain confidential information intended only for the person(s) named above. Any other distribution, copying or disclosure is strictly prohibited." and/or the admonition: "This email is intended for the use of the addressee and may contain information that is confidential, commercially valuable or subject to legal or parliamentary privilege. If you are not the intended recipient you are notified that any use or dissemination of this communication is strictly prohibited."

17. The allegations contained in paragraphs 17 through 22 and Exhibits A1 through A9 referenced in those paragraphs expressly refer to legal matters between Cassels and clients other than the Debtors, including individuals who have been designated as "Founders". Debtors' acknowledge in their Adversary Complaint that "Debtors have recently discovered emails to that effect [relationships outside of Debtors' business] between several of the founders and Cassels' attorneys". (Doc. No. 1, p. 6, ¶ 16) Debtors do not

disclose when or how they "recently discovered" these emails. These paragraphs and the exhibits should be stricken and sealed.

18. The invoices referenced by Debtors in the Adversary Complaint expressly provide that they are for legal services provided by Cassels to an entity that is not one of the Debtors, VeroBlue Farms, Inc., a Canadian entity. Debtors further acknowledge that "Cassels invoices were addressed to VBF Canada". (Doc. No. 1, p. 7, ¶ 21)

19. The allegations in paragraph 28 and Exhibits A10 and A11 are irrelevant and immaterial to the issue of whether any of the Debtor entities were clients of Cassels. This paragraph and these exhibits should be stricken.

20. The allegations in paragraph 29 and Exhibits A19, A20 and A21 are irrelevant and immaterial to the issue of whether any of the Debtor entities were clients of Cassels. This paragraph and these exhibits should be stricken.

21. The allegations in paragraph 30 and Exhibit A21 are irrelevant and immaterial to the issue of whether any of the Debtor entities were clients of Cassels. This paragraph and these exhibits should be stricken.

22. The allegations in paragraph 31 and Exhibit A12 are irrelevant and immaterial to the issue of whether any of the Debtor entities were clients of Cassels. This paragraph and these exhibits should be stricken.

23. The allegations in paragraph 32 and Exhibit A1 are irrelevant and immaterial to the issue of whether any of the Debtor entities were clients of Cassels. This paragraph and these exhibits should be stricken.

24. The allegations in paragraph 39 through 47 and Exhibits A17 and A18 are irrelevant and immaterial to the issue of whether any of the Debtor entities were clients of Cassels. These paragraphs and these exhibits should be stricken.

Based on the foregoing, Cassels Brock & Blackwell LLP respectfully requests that the Court strike and seal paragraphs 17, 18, 19, 20, 21, 22, 28, 29, 30, 31, 32, 39, 40, 41, 42, 43, 44, 45, 46, 47 and Exhibits A1, A2, A3, A4, A5, A6, A7, A8, A9, A10, A11, A12, A16, A17, A18, A19, A20, A21.

Dated: July 15, 2019

**SCHWARTZ LAW FIRM**

 */s/ Michael D. Schwartz*_____
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP

Certificate of Service: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing. */s/ Katherine Grenell*