UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| In Re:<br>VeroBlue Farms USA, Inc. | Bankruptcy No:<br>18-01297 |
|---|---|
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

## ANSWER

PLEASE TAKE NOTICE that Cassels Brock & Blackwell LLP, a Canadian limited liability partnership ("Cassels"), by and through its undersigned counsel, hereby files this Answer to the Debtors' Adversary Complaint against Cassels Brock & Blackwell LLP (Doc. No. 1) ("Complaint").

1. Cassells denies each and every allegation of the Complaint unless herein expressly admitted, qualified or explained in this Answer.

2. In response to paragraph 1 of the Complaint, Cassels admits that this action is an adversary proceeding filed pursuant to Fed. R. Bank. 7001.

3. In response to paragraph 2 of the Complaint, Cassels denies that this Court has subject matter jurisdiction over this proceeding.

4. In response to paragraph 3 of the Complaint, Cassels denies that this Court has subject matter jurisdiction over this proceeding.

1

5. In response to paragraph 4 of the Complaint, Cassels denies that this Court ahs personal jurisdiction over Cassels.

6. In response to paragraph 5 of the Complaint, Cassels denies that Cassels is holding any property of the Debtors' estate and thus denies that this proceeding is a core proceeding.

7. In response to paragraph 6 of the Complaint, Cassels denies that venue of this proceeding is proper in this Court.

8. Cassels admits the allegations set forth in paragraphs 7-8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Cassels admits that at the time of filing of the Complaint, the bankruptcy case was set for a final plan confirmation hearing on April 17, 2019, which the Court confirmed.

10. Cassels denies the allegations set forth in paragraphs 10-11 of the Complaint.

11. Cassels denies the allegations set forth in paragraph 12 of the Complaint and affirmatively asserts that Cassels never needed to formally terminate representation of Debtors as Cassels never undertook representation of Debtors.

12. In response to paragraph 13 of the Complaint, Cassels admits that Debtors requested files, but denies that any client files belong to Debtors as Debtors are not and have never been clients of Cassels.

13. Cassels denies the allegations set forth in paragraph 14 of the Complaint.

14. In response to paragraph 15 of the Complaint, Cassels is without information or knowledge as to whether Debtors have waived any privilege with any attorneys who have actually represented Debtors. Cassels affirmatively states that Debtors do not have a privilege with Cassels as Cassels never represented Debtors.

15. In response to paragraphs 16 to 22 of the Complaint, said paragraphs are the subject of Cassels' Motion to Strike and therefore no further answer will be submitted pending a ruling from the Court on the Motion to Strike.

16. In response to paragraphs 23 to 27 of the Complaint, Cassels admits its Accounts Receivable Clerk mistakenly submitted the Proof of Claims and affirmatively states that all invoices were to VeroBlue Farms, Inc., Cassels' Canadian client, which entity is not one of the Debtors.

17. In response to paragraphs 28 to 32 of the Complaint, said paragraphs are the subject of Cassels' Motion to Strike and therefore no further answer will be submitted pending a ruling from the Court on the Motion to Strike.

18. Cassels admits the allegations set forth in paragraphs 33 to 36 of the Complaint.

19. In response to paragraph 37 of the Complaint, Cassels admits that the referenced letter was sent, but denies that any of Debtors' counsel did or could represent VeroBlue Farms, Inc., a Canadian entity, as none of Debtors' counsel were or are licensed to practice law in Ontario, Canada.

20. Cassels denies the allegations set forth in paragraph 38 of the Complaint.

21. In response to paragraphs 39 to 47 of the Complaint, said paragraphs are the subject of Cassels' Motion to Strike and therefore no further answer will be submitted pending a ruling from the Court on the Motion to Strike.

22. In response to paragraph 48 of the Complaint, Cassels hereby adopts and reincorporates the denials, admissions and qualifications set forth above.

23. In response to paragraph 49 of the Complaint, Cassels denies that 11 U.S.C.A. § 542 is relevant to Cassels and affirmatively states that the Statute speaks for itself.

24. In response to paragraphs 50 and 51 of the Complaint, Cassels denies that Cassels has any client file materials of Debtors, denies that Cassels ever represented Debtors, and denies that Cassels has any obligation or legal requirement to provide any documents to Debtors.

25. In response to paragraph 52 of the Complaint, Cassels hereby adopts and reincorporates the denials, admissions and qualifications set forth above.

26. In response to paragraphs 53 to 56 of the Complaint, Cassels denies that Cassels has any client file materials of Debtors, denies that Cassels ever represented Debtors, and denies that Debtors have suffered any harm as a direct and proximate result of any action or inaction by Cassels.

**AFFIRMATIVE DEFENSES**

1. The above-captioned Court lacks subject-matter jurisdiction.
2. The above-captioned Court lacks personal jurisdiction over Cassels.
3. The above-captioned Court is the improper venue for the claims asserted in the Complaint.
4. The Complaint fails to state a claim upon which relief can be granted.
5. Cassel reserves its right to assert any other affirmative defenses that may be applicable.

WHEREFORE, Cassels Brock & Blackwell LLP prays for judgment against VeroBlue Farms USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc. and Iowa's First, Inc. as follows:

A. Dismissing VeroBlue Farms USA, Inc.'s, VBF Operations, Inc.'s, VBF Transport, Inc.'s, VBF IP, Inc.'s and Iowa's First, Inc.'s Complaint with prejudice;
B. Awarding Cassels its reasonable attorneys' fees, costs and disbursements as permitted by law and/or equity; and

C. For such other and further relief as the Court deems just and equitable.

**SCHWARTZ LAW FIRM**

Dated: July 15, 2019

*/s/ Michael D. Schwartz*
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP

Certificate of Service: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing. */s/ Katherine Grenell*