UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: <br> VeroBlue Farms USA, Inc. | Bankruptcy No: <br> 18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

## RULE 26(f) REPORT

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) on August 6, 2019, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 is scheduled for August 16, 2019, at 1:30 p.m., before the United States Bankruptcy Judge Thad J. Collins in the United States Bankruptcy Court Northern District of Iowa.

(a) Description of the Case and Factual/Legal Issues to be Resolved at Trial.

There are no related cases.

(1) Concise factual summary of plaintiff's claims: Turnover of estate property (files/data).

(2) Concise factual summary of defendant's claims/defenses:

Without waiving the jurisdictional defenses, Cassels substantively maintains that it did not represent or provide legal services to any of the four Debtors/Plaintiffs.

(3) Statement of jurisdiction (including statutory citations):

As alleged in Plaintiff's Adversary Complaint.

Defendant denies this Court has jurisdiction on the basis that it is a Canadian Law Firm that provided legal advice in Canada to a Canadian client through the services of a Canadian attorney and the files reside in Canada.

(4) Summary of factual stipulations or agreements: No stipulations or agreements have been reached between the parties.

(5) Statement of whether a jury trial has been timely demanded by any party: Jury trial has not been demanded by either party.

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action: All process has been served.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties agree to exchange the initial disclosures under Fed. R. Civ. P. 26(a)(1) by August 30, 2019.

(2) The parties do not anticipate any physical or mental examinations under Fed. R. Civ. P. 35.

(3) The parties must commence fact discovery procedures in time to be completed by December 31, 2019.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows (per party):

   (A) Fifty (50) interrogatories;

   (B) Seventy-five (75) document requests;

   (C) Five (5) factual depositions per party;

   (D) One Hundred (100) requests for admissions.

(d) Expert Discovery.

(1) The parties anticipate that they may require expert witnesses at the time of trial.

   (A) The Plaintiff and Defendant shall disclose experts on or before November 30, 2019.

   (B) The Plaintiff and Defendant shall disclose rebuttal experts on or before December 31, 2019.

   (C) Depositions of Experts shall be completed on or before January 31, 2020.

(e) Other Discovery Issues.

   (1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly state that at this time a protective order is needed. The parties further state that if a protective order is necessary, the parties will use the form protective order from the United States District Court for the Northern District of Iowa.

   (2) Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or issues: The parties will preserve all relevant electronically stored information.

   The parties request that the producing party produce Excel files and other large spreadsheets in native format and that the producing party produce all other electronically stored information in pdf format with searchable extractable text. The parties reserve the right to request that emails be produced with standard metadata and coding fields. If the parties want such metadata and coding, the requesting party will advise the producing party of their request in writing.

   (3) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production and request the Court to include the following agreement in the scheduling order:

   The parties agree that in the event a privileged item is inadvertently produced, the producing party can "clawback" the item by notifying the receiving party of the inadvertently produced item. Upon receipt of such notice, the receiving party has five (5) days upon which to either return or destroy the item (regardless of whether the receiving party believes that the item is privileged). If the receiving party believes the item is not privileged, it can bring a motion to compel. The parties also agree that the producing party will provide a privilege log, with regards to discovery in which a privilege is asserted, with sufficient information for the receiving party to make an informed determination of the validity of the privilege claimed. The parties further agree that privileged documents between counsel who have appeared in this Adversary Complaint and their clients (parties) and otherwise generated after the date the Complaint was filed need not be recorded in the privilege log.

(f) Proposed Motion Schedule.

   The parties propose the following deadlines for filing motions:

   (1) Motions seeking to join other parties must be filed and served by September 30, 2019.

   (2) Motions seeking to amend the pleadings must be filed and served by September 30, 2019.

(3) All other non-dispositive motions must be filed and served by February 28, 2020.

(4) All dispositive motions must be filed and served by January 31, 2020.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after April 15, 2020.

(2) The parties propose that the final pretrial conference be held on a date to be determined.

The parties anticipate the trial will take 2-3 days.

(h) Insurance Carriers/Indemnitors.

Not applicable.

Potentially:
Lawyers' Professional Indemnity Company (LAWPRO)
c/o William E. Pepall
130 Adelaide Street West, Suite 2400
Toronto, Ontario, M5H 3P5

(i) Settlement.

(1) The parties believe that a settlement conference is appropriate at this time. Plaintiff would submit to this Court or another judge in this District to conduct the settlement conference, while Defendant would prefer a judge in this District other than the judge who will preside over the case at trial.

(2) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and will discuss the option of mediation.

Dated: August 15, 2019

**SCHWARTZ LAW FIRM**

 */s/ Michael D. Schwartz*
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP

Dated: August 15, 2019

**THOMPSON COBURN LLP**

*/s/ Rob Lang*
Rob Lang, *Admitted Pro Hac Vice*
55 E. Monroe Street
Suite 3700
Chicago, IL 60603
(312) 530-2242
Rhlang@thompsoncoburn.com

**ELDERKIN & PIRNIE**

*/s/ Dan Childers*
Dan Childers,
316 Second Street SE
Suite 124
Cedar Rapids, IA 52401
(319) 362-2137
dchilders@elderkinpirnie.com

Counsel for Debtors/Plaintiffs