UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: <br> VeroBlue Farms USA, Inc. | Bankruptcy No: <br> 18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

## AMENDED ANSWER

PLEASE TAKE NOTICE that Cassels Brock & Blackwell LLP, a Canadian limited liability partnership ("Cassels"), by and through its undersigned counsel, hereby files this Amended Answer to the Debtors VeroBlue Farms USA, Inc.'s VBF Operations, Inc.'s, VBF Transport, Inc.'s, VBF IP, Inc.'s and Iowa's First, Inc.'s (collectively "Debtors") Adversary Complaint against Cassels Brock & Blackwell LLP (Doc. No. 1) ("Complaint").

1. Cassells denies each and every allegation of the Complaint unless herein expressly admitted, qualified or explained in this Answer.

2. In response to paragraph 1 of the Complaint, Cassels admits that this action is an adversary proceeding filed pursuant to Fed. R. Bank. 7001.

3. In response to paragraph 2 of the Complaint, Cassels denies that this Court has subject matter jurisdiction over this proceeding.

1

4. In response to paragraph 3 of the Complaint, Cassels denies that this Court has subject matter jurisdiction over this proceeding.

5. In response to paragraph 4 of the Complaint, Cassels denies that this Court has personal jurisdiction over Cassels; denies that Cassels ever made a contract with Debtors to be performed in Iowa; and denies Cassels committed tortious acts in Iowa or against Iowa residents.

6. In response to paragraph 5 of the Complaint, Cassels denies that Cassels is holding any property of the Debtors' estate and thus denies that this proceeding is a core proceeding.

7. In response to paragraph 6 of the Complaint, Cassels denies that venue of this proceeding is proper in this Court.

8. Cassels admits the allegations set forth in paragraphs 7-8 of the Complaint and affirmatively states that Cassels has never represented the Debtors.

9. In response to paragraph 9 of the Complaint, Cassels admits that at the time of filing of the Complaint, the bankruptcy case was set for a final plan confirmation hearing on April 17, 2019, which the Court subsequently confirmed.

10. Cassels denies the allegations set forth in paragraphs 10-11 of the Complaint and affirmatively states any representation of clients other than Debtors is subject to attorney-client privilege and irrelevant to this proceeding.

11. Cassels denies the allegations set forth in paragraph 12 of the Complaint and affirmatively asserts that Cassels never needed to formally terminate representation of Debtors as Cassels never undertook representation of Debtors.

12. In response to paragraph 13 of the Complaint, Cassels admits that Debtors requested files, but denies that any Cassels client files belong to Debtors as Debtors are not and have never been clients of Cassels.

13. Cassels denies the allegations set forth in paragraph 14 of the Complaint that it is holding Debtors' property, denies that "all its files (electronic and hard copy) as they relate to Debtors" constitutes property of the estate and denies that VBF Canada is an "affiliate" of Debtors.

14. In response to paragraph 15 of the Complaint, Cassels is without information or knowledge as to whether Debtors have waived any privilege with any attorneys who have actually represented Debtors. Cassels affirmatively states that Debtors do not have a privilege with Cassels as Cassels never represented Debtors.

15. In response to paragraphs 16 to 22 of the Complaint, wherein Debtors allege "Debtors have recently discovered emails", Cassels states such discovery and publication of emails is unauthorized, improper and potentially actionable under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* Cassels further affirmatively states that Debtors have improperly obtained and published confidential communications and documents that are subject to attorney-client privilege between Cassels and clients other than Debtors, with knowledge of Debtors that they were improperly obtaining and publishing confidential and privileged information. Cassels affirmatively states that these allegations are irrelevant to the issue before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for improper purposes.

16. In response to paragraphs 23 to 27 of the Complaint, Cassels admits its Accounts Receivable Clerk mistakenly submitted the Proof of Claims and affirmatively states that

all invoices attached to the Proof of Claims were to VeroBlue Farms, Inc., Cassels' Canadian client, which entity is not one of the Debtors. Cassels has filed a Notice of Withdrawal of the Proof of Claims.

17. In response to paragraphs 28 to 32 of the Complaint, Debtors' discovery and publication of the emails is unauthorized, improper and potentially actionable under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* Cassels further affirmatively states that Debtors have improperly obtained and published confidential communications and documents that are subject to attorney-client privilege between Cassels and clients other than Debtors, with knowledge of Debtors that they were improperly obtaining and publishing confidential and privileged information. Cassels denies any and all allegations and implications that Sean Maniaci was engaged in any improper conduct. Cassels affirmatively states that these allegations are irrelevant to the issue before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for improper purposes.

18. Cassels admits the allegations set forth in paragraphs 33 to 36 of the Complaint.

19. In response to paragraph 37 of the Complaint, Cassels admits that the referenced letter was sent, but denies that any of Debtors' counsel did or could represent VeroBlue Farms, Inc., a Canadian entity, as none of Debtors' counsel were or are licensed to practice law in Ontario, Canada.

20. Cassels denies the allegations set forth in paragraph 38 of the Complaint.

21. In response to paragraphs 39 to 47 of the Complaint, Cassels admits that a letter dated January 9, 2019 was sent by Mr. Maniaci in his individual capacity "as a minority shareholder of VeroBlue Farms", a Canadian entity that is not one of the Debtors nor is it

an affiliate of the Debtors. Cassels affirmatively denies that the letter is deceptive and that any of the allegations in paragraph 39 to 47 of the Complaint are relevant to the issues before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for an improper purpose.

22. In response to paragraph 48 of the Complaint, Cassels hereby adopts and reincorporates the denials, admissions and qualifications set forth above.

23. In response to paragraph 49 of the Complaint, Cassels denies that 11 U.S.C.A. § 542 is relevant to Cassels and affirmatively states that the Statute speaks for itself.

24. In response to paragraphs 50 and 51 of the Complaint, Cassels denies that Cassels has any client file materials of Debtors, denies that Cassels ever represented Debtors, and denies that Cassels has any obligation or legal requirement to provide any documents to Debtors in this proceeding.

25. In response to paragraph 52 of the Complaint, Cassels hereby adopts and reincorporates the denials, admissions and qualifications set forth above.

26. In response to paragraphs 53 to 56 of the Complaint, Cassels denies that Cassels has any client file materials of Debtors, denies that Cassels ever represented Debtors, and denies that Debtors have suffered any harm as a direct and proximate result of any action or inaction by Cassels.

**AFFIRMATIVE DEFENSES**

1. The above-captioned Court lacks subject-matter jurisdiction.

2. The above-captioned Court lacks personal jurisdiction over Cassels.

3. The above-captioned Court is not the proper venue for the claims asserted in the Complaint.

4. The Complaint fails to state a claim upon which relief can be granted.

5. Cassels affirmatively states that the allegations in Paragraphs 16 to 22, 28 to 32 and 39 to 47 are made for improper purpose and are an abuse of process.

6. Cassel reserves its right to assert any other affirmative defenses that may be applicable.

WHEREFORE, Cassels Brock & Blackwell LLP prays for judgment against VeroBlue Farms USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc. and Iowa's First, Inc. as follows:

A. Dismissing VeroBlue Farms USA, Inc.'s, VBF Operations, Inc.'s, VBF Transport, Inc.'s, VBF IP, Inc.'s and Iowa's First, Inc.'s Complaint with prejudice;

B. Awarding Cassels its reasonable attorneys' fees, costs and disbursements as permitted by law and/or equity; and

C. For such other and further relief as the Court deems just and equitable.

Dated: August 16, 2019

**SCHWARTZ LAW FIRM**

 */s/ Michael D. Schwartz*
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP

Certificate of Service: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing. */s/ Katherine Grenell*