UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br>VeroBlue Farms USA, Inc. | Bankruptcy No:<br>18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

**MOTION TO COMPEL PURSUANT TO
FED. R. BANK. R. 7015 AND FED. R. CIV. P. 37**

PLEASE TAKE NOTICE that Cassels Brock & Blackwell LLP, a Canadian limited liability partnership ("Cassels"), by and through its undersigned counsel, hereby files this Motion to Compel pursuant to Fed. Bank. R. 7015 and Fed. R. Civ. P. 37 based on the following:

1. Fed. Bank. R. 7015 provides that Fed. R. Civ. P. 37 applies to adversary proceedings.

2. On August 16, 2019, Cassels served its First Set of Interrogatories to Debtors VeroBlue Farms USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc. and Iowa's First, Inc. (collectively "Debtors"). A true and correct copy of Cassels' First Set of Interrogatories to Debtors is attached hereto as **Exhibit 1**.

3. On August 16, 2019, Cassels served its First Set of Requests for Production of Documents to Debtors. A true and correct copy of Cassels' First Set of Requests for Production of Documents to Debtors is attached hereto as **Exhibit 2**.

4. Pursuant to Fed. Bank. R. 7033 and Fed. R. Civ. P. 33(b)(2), respectively, Debtors' Answers to Cassels' First Set of Interrogatories were due thirty (30) days from August 16, 2019 which was September 16, 2019.

5. Pursuant to Fed. Bank. R. 7034 and Fed. R. Civ. P. (b)(2)(A), respectively, Debtors' Responses to Cassels' First Set of Requests for Production of Documents were due thirty (30) days from August 16, 2019 which was September 16, 2019.

6. On September 15, 2019, counsel for Debtors requested an extension to respond to Cassels' First Set of Interrogatories and First Set of Requests for Production of Documents until October 1, 2019. Cassels did not object to the requested extension. A true and correct copy of the email from Debtors' counsel is attached hereto as **Exhibit 3**.

7. Debtors did not respond to Cassels' First Set of Interrogatories and First Set of Requests for Production of Documents on or before October 1, 2019 and instead stated they would not provide discovery responses until October 10, 2019. Cassels did not object to the second requested extension. A true and correct copy of the October 10, 2019 email from Debtors' counsel is attached hereto as **Exhibit 4**.

8. Rather than timely respond to Cassels' First Set of Interrogatories and First Set of Requests for Production of Documents until October 10, 2019 as required by the Federal Rules of Civil Procedure and the extensions agreed to by Cassels, on October 7, 2019, Debtors served the following discovery on Cassels:

    a. Twenty-seven (27) Interrogatories;

    b. Twenty-seven (27) Requests for Production of Documents;

    c. Forty-Eight (48) Requests for Admissions;

    d. Ten (10) Subpoenas; and

e. Two (2) Notices of Deposition.

9. Counsel for Debtors/Plaintiffs made no contact with counsel for Defendant regarding dates for depositions, a professional courtesy almost universally extended among Iowa Attorneys.

10. Pursuant to Fed. R. Civ. P. 37(a)(1), the undersigned hereby certifies that counsel for Cassels Brock met and conferred in good faith with counsel for Debtors on October 14, 2019 by requesting that Debtors provide the outstanding discovery by the close of business on October 14, 2019. A true and correct copy of the October 14, 2019 email is attached hereto as **Exhibit 5**.

11. Debtors have not produced responses to Cassels' discovery requests.

12. Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv), respectively, Cassels respectfully requests this Court grant this Motion and order Debtors to answer, without objection, Cassels' Interrogatories and produce documents, without objection, in response to Cassels' Document Requests. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

13. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if this "motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or conduct whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

14. Cassels has incurred $1,025.00 in seeking to obtain Debtors' discovery responses and the preparation of and filing of this Motion. The undersigned respectfully asserts that

$1,000.00 is a reasonable award to Cassels and against Debtors and their counsel based on the following:

**MICHAEL D. SCHWARTZ**

    a. Michael D. Schwartz is a 1979 graduate of Creighton University of School of Law. Michael is a member in good standing of the Bar of the State of Iowa, State of Minnesota and State of Wisconsin and has been admitted to practice before all the Courts of the State of Minnesota since 1979, before all the Courts in the State of Wisconsin since 1989, and before all the Courts in the State of Iowa since 2019. Michael is a life-time member of the Million Dollar Advocates Forum and the Multi-Million Dollar Advocates Forum; fewer than 1% of U.S. lawyers are members.

    b. Michael is also admitted to practice and in good standing in the United States District Courts for the District of Minnesota since 1979, as well as the United States Court of Appeals for the Ninth District since 1990, the United States Court of Appeals for the Eighth District since 1995 and the United States Court of Appeals for the Seventh District since 1996. Michael is also admitted to practice in the United States District Courts for Iowa, Wisconsin, Iowa and Colorado.

    c. Michael regularly appears in civil litigation pending before state and federal courts in Iowa, Minnesota, Wisconsin and other jurisdictions.

**BRANDON M. SCHWARTZ**

    d. Brandon M. Schwartz is a 2011 *cum laude* graduate of William Mitchell College of Law; graduating in the top 10 students in his class. Brandon is admitted to practice in the State Courts of Iowa, Minnesota, Wisconsin, and Arizona and the

Federal District Courts of Iowa, Colorado, Wisconsin and Minnesota. Brandon was selected by his colleagues as a Minnesota Rising Star by Super Lawyers for the years 2014-2019. Brandon has received the highest rating for legal ability and ethical standards, AV Preeminent, by Martindale-Hubbell. Brandon is a Board Certified Civil Trial Specialist by the Minnesota State Bar Association and a Board Certified Civil Trial Advocate by the National Board of Trial Advocacy. Brandon is a life-time member of the Million Dollar Advocates Forum and the Multi-Million Dollar Advocates Forum; fewer than 1% of U.S. lawyers are members. Brandon has also received a Lifetime Achievement award from America's Top 100 Attorneys, was named one of America's Top 100 High Stakes Litigators, and is a Lifetime Member of Best Attorneys of America. Brandon has also been published several times in the Minnesota State Bar Association, American Bar Association and Michigan Bar Journal and is frequently requested to and does present at CLEs. Brandon is also an elected Board Member and Officer of the Minnesota State Bar Association Foundation Board.

e. Brandon regularly appears in civil litigation pending before state and federal courts in Iowa, Minnesota, Wisconsin, Arizona and other jurisdictions.

f. The time spent litigating this matter was billed by Michael D. Schwartz (one hour), Brandon M. Schwartz (two hours) and their legal assistants/paralegals (one hour). Michael's hourly rate is $350. Brandon's hourly rate is $275. The firm's legal assistants/paralegals hourly rate is $125. There has been no duplicate work on Cassels' behalf.

g. We hereby aver that the work performed was for the benefit of Cassels and was necessary for the proper representation of Cassels.

Based on the foregoing, Cassels Brock & Blackwell LLP respectfully requests that the Court grant this Motion to Compel and award Cassels Brock & Blackwell LLP reasonable attorneys' fees in the amount of $1,025.00 for reasonable attorneys' fees and costs.

**SCHWARTZ LAW FIRM**

Dated: October 15, 2019

  */s/ Michael D. Schwartz*
*/s Brandon M. Schwartz*
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP

Certificate of Service: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing. */s/ Jessie Revalee*