UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br>VeroBlue Farms USA, Inc. | Bankruptcy No:<br>18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

## CASSELS' FIRST SET OF INTERROGATORIES TO DEBTORS

TO: The Debtors/Plaintiffs VeroBlue Farms USA, Inc. VBF Operations, Inc. VBF Transport, Inc., VBF IP, Inc. and Iowa's First, Inc. by and through their attorneys, Dan Childers, Elderkin & Pirnie, 316 Second Street SE, Suite 124, P.O. Box 1968, Cedar Rapids, IA 52401 and Robert Lang, Thompson Coburn LLP, 55 East Monroe Street, 37th Floor, Chicago, IL 60603

**PLEASE TAKE NOTICE** that pursuant to Rule 7033 of the Rules of Bankruptcy Procedure and Rule 33 F.R.Civ.P., Defendant Cassels Brock & Blackwell LLP ("Cassels") requests Debtors/Plaintiffs VeroBlue Farms USA, Inc. VBF Operations, Inc. VBF Transport, Inc., VBF IP, Inc. and Iowa's First, Inc. ("Debtors") to answer under oath the following interrogatories within thirty (30) days of service thereof. These interrogatories are to be deemed continuing so as to require supplemental answers if Debtors obtains additional information between the time answers are served and the time of trial.

The following interrogatories are to be construed in light of the following instructions and definitions:

EXHIBIT 1

## **DEFINITIONS**

Unless conclusively indicated by the context of a request, the following definitions are to be applicable to all requests for the production contained herein:

(A)     "Document" means any written, printed, typed, recorded or graphic matter, however produced, reproduced or stored, including, but not limited to, letters, e-mails, faxes, text messages, instant messages, mp3 files, pdf files, memoranda, agreements, contracts, telegrams, microfilm, data stored on magnetic tape or disk, reports, booklets, sales literature, bills of lading, invoices, statements of account, purchase orders, test reports, sketches, designs, drawings, blueprints, notes, charts, specification sheets, photographs, notebooks, recordings or transcripts of telephone conversations, appointment books, diaries, etc., in the possession of and/or under the control of Debtors, their agents or their representatives or known by debtors, their agents or their representatives to exist, and all copies thereof by whatever means made.

(B)     "Identify," when used in reference to an individual person, means to state:

  i)     his or her full name;

  ii)    his or her present or last known address;

  iii)   his or her present or last known telephone number;

  iv)    his or her present or last known business affiliation; and

  v)     his or her present or last known position with such business affiliation.

(C)     "Identify," when used in reference to a business entity (e.g., corporation, partnership, joint venture, or sole partnership) means to state:

  i)     its full name;

  ii)  its present or last known business address;

  iii)  its present or last known mailing address;

  iv)  its present or last known telephone number; and

  v)  its principals.

(D) "<u>Identify</u>," when used in reference to a conversation, conference or meeting, means to state:

  i)  the date and time thereof;

  ii)  the location thereof;

  iii)  the identity of all persons participating or attending;

  iv)  the identity of all documents recording, summarizing, or otherwise arising from said conversation, conference, or meeting in accordance with the definitions above;

  v)  the method of communication utilized (e.g., telephone, in-person communications, e-mails, faxes, text messages, instant messages or other means), or if the method of communication was by telephone, specify the caller and the person called, and

  vi)  a verbatim or close-to verbatim account of who said what to whom.

(E) "<u>Identify</u>," when used in reference to a document, means to state in a manner suitable for use as a description in a request for production of document or in a subpoena duces tecum:

  i)  the type of document (e.g., the types listed in Paragraph A above);

  ii)  its date, if any;

  iii)  its originator or author, if any;

  iv)  its addresses, if any;

  v)  its present or last known location; and

  vi)  the person or persons present having custody or control over it.

 (F)  "<u>Debtors</u>," when used herein shall mean Plaintiffs VeroBlue Farms USA, Inc. VBF Operations, Inc. VBF Transport, Inc., VBF IP, Inc. and Iowa's First, Inc.

 (G)  "<u>Cassels</u>," when used herein shall mean Cassels Brock & Blackwell LLP.

 (H)  "<u>Complaint</u>," when used herein shall mean Debtor's Adversary Complaint against Cassels Brock & Blackwell LLP, Chapter 11 Case No. 18-01297, Adversary Case No. 19-09015

## INTERROGATORIES

**INTERROGATORY NO. 1:** Set forth the facts upon which Debtors allege that this Court has personal jurisdiction over Cassels; identify the individuals with personal knowledge of each fact identified in answer to this Interrogatory; and identify the documents evidencing each fact identified in answer to this Interrogatory.

**INTERROGATORY NO. 2:** With respect to the allegation in Paragraph 4 of the Complaint, that "Cassels has made a contract with Debtors to be performed in whole or in part in Iowa", identify the facts upon which this allegation is based, including but not limited to the terms of the contract and the acts under the contract performed by Cassels in Iowa; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory including but not limited to the individuals on behalf of Cassels who entered into the "contract" and the individuals on behalf of Debtors who entered into the "contract"; and identify the documents evidencing the facts identified in answer to this Interrogatory including but not limited to the documents setting forth the terms of the contract.

**INTERROGATORY NO. 3:** With respect to the allegation in Paragraph 4 of the Complaint, that "Cassels committed tortious acts in part in Iowa and against Iowa residents", identify each tortious act upon which this allegation is based, including but not limited to, the date of the act and a description of the act; identify each individual having personal knowledge of the tortious acts identified in answer to this Interrogatory, including but not limited to the actor or actors; and identify each document evidencing the tortious acts identified in answer to this Interrogatory.

**INTERROGATORY NO. 4:** Set forth the facts upon which Debtors allege that venue of this proceeding is proper in this district; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory.

**INTERROGATORY NO. 5:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and VeroBlue Farms USA, Inc. as set forth in

Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 6:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and VBF Operations, Inc. as set forth in Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 7:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and VBF Transport, Inc. as set forth in Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 8:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and VBF IP, Inc. as set forth in Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 9:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and Iowa's First, Inc. as set forth in Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 10:** With respect to the allegation in Paragraph 16 of the Complaint that "Debtors have recently discovered emails", identify when and how Debtors discovered the emails, including the identity of the computers or servers on which the emails were stored; identify each individual involved in the discovery of the emails; and identify all documents evidencing the discovery of the emails (not the emails themselves).

**INTERROGATORY NO. 11:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented VeroBlue Farms USA, Inc.; identify the individuals acting on behalf of VeroBlue Farms USA, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of VeroBlue Farms USA, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 12:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented VBF Operations, Inc.; identify the individuals acting on behalf of VBF Operations, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of VBF Operations, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 13:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented VBF Transport, Inc.; identify the individuals acting on behalf of VBF Transport, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of VBF Transport, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 14:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented VBF IP, Inc.; identify the individuals acting on behalf of VBF IP, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of VBF IP, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 15:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented Iowa's First, Inc.; identify the individuals acting on behalf of Iowa's First, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of Iowa's First, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 16:** Set forth the facts upon which Debtors allege in Paragraphs 53 and 54 of their Complaint that "Debtors have ownership and other possessory rights in the Client Files" in which Cassels has exercised dominion or control; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory.

**INTERROGATORY NO. 17:** Set forth the facts upon which Debtors allege they have suffered compensatory damages as a direct and proximate result of Cassels conversion of the Client Files as alleged in Paragraph 55 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory.

**INTERROGATORY NO. 18:** Set forth the facts upon which Debtors allege they are entitled to punitive damages as alleged in Paragraph 56 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory.

Dated: August 16, 2019

**SCHWARTZ LAW FIRM**

*/s/ Michael D. Schwartz*
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP