UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: | Bankruptcy No: |
| VeroBlue Farms USA, Inc. | 18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

**CASSELS BROCK & BLACKWELL LLP'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS**

PLEASE TAKE NOTICE that Cassels Brock & Blackwell LLP, a Canadian limited liability partnership ("Cassels"), by and through its undersigned counsel and with a full reservation of all rights as it relates to personal jurisdiction and venue, hereby files this Motion for Protective Order and to Quash the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case, served by Debtors VeroBlue Farms USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc. and Iowa's First, Inc. (collectively "Debtors") on Kenneth Lockard, Jeff Nelson, Mark Nelson, Goldstein & McClintock LLP, Horwood Marcus & Berk, James A. Rea, John Rea, Bruce Hall, Leslie A. Wulf and Aaron Hammer based on the following:

1. On October 7, 2019, Debtors served Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary

Proceeding) on Kenneth Lockard[1], Jeff Nelson[2], Mark Nelson[3], Goldstein & McClintock LLP[4], Horwood Marcus & Berk[5], James A. Rea[6], and John Rea[7] (collectively "Subpoenas").

2. On October 7, 2019, Debtors served Subpoenas to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) on Bruce Hall[8], Leslie A. Wulf[9] and Aaron Hammer[10] (collectively "Deposition Subpoenas").

3. Each of the Subpoenas and Deposition Subpoenas commanded the production of the following:

> All documents regarding Defendant's representation or actions as to Debtors or VeroBlue Farms, Inc. ("VBF Canada") including but not limited to the attached letter.

4. The Subpoenas and Deposition Subpoenas each attached a January 9, 2019 letter from Sean Maniaci expressly stating: "I write to you as a minority shareholder of VeroBlue Farms" – and signed off as "shareholder of VBF" not as an attorney for any of the Debtors ("Maniaci Letter").

5. The Maniaci Letter expressly states to the recipients: "Please do not reach out to me directly, as I will refer you to Aaron [Hammer] and John [Guzzardo]." Mr. Hammer and Mr. Guzzardo are the attorneys representing the Equity Committee and any

---

[1] A true and correct copy of the Kenneth Lockard Subpoena is attached hereto as **Exhibit A**.
[2] A true and correct copy of the Jeff Nelson Subpoena is attached hereto as **Exhibit B**.
[3] A true and correct copy of the Mark Nelson Subpoena is attached hereto as **Exhibit C**.
[4] A true and correct copy of the Goldstein & McClintock LLP Subpoena is attached hereto as **Exhibit D**.
[5] A true and correct copy of the Horwood Marcus & Berk Subpoena is attached hereto as **Exhibit E**.
[6] A true and correct copy of the James A. Rea Subpoena is attached hereto as **Exhibit F.**
[7] A true and correct copy of the John Rea Subpoena is attached hereto as **Exhibit G**.
[8] A true and correct copy of the Bruce Hall Subpoena is attached hereto as **Exhibit H**.
[9] A true and correct copy of the Leslie A. Wulf Subpoena is attached hereto as **Exhibit I**.
[10] A true and correct copy of the Aaron Hammer Subpoena is attached hereto as **Exhibit J**.

communications these two attorneys had with the recipients of the Maniaci Letter would be protected by the attorney-client privilege and/or work product doctrine.

6. Currently, Debtors have asserted two counts against Cassels – Count I Action for Turnover of Estate Property Pursuant to 11 U.S.C.A. § 542(a), (e) and County II Common Law Conversion. (Doc. No. 1).[11]

7. Both Counts of Debtors' Adversary Complaint seek the return of Debtors' alleged file materials in Cassels' possession.

8. Sean Maniaci individually is not a party to this adversary proceeding.

9. Leaving aside that Cassels has no files of Debtors, discovery in this matter is limited to the claims and defenses asserted in the Adversary Complaint; i.e. whether Cassels represented the Debtors and whether Cassels does, or does not, have any files that are property of Debtors.

10. Fed. Bank. R. 7026 provides that Fed. R. Civ. P. 26 applies in adversary proceedings.

11. Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

12. Fed. R. Civ. P. 34(b)(1)(A), applicable pursuant to Fed. Bank. R. 7034, requires that requests for the production of documents "must describe with reasonable particularity each item or category of items to be inspected."

---

[11] Cassels will be moving for summary dismissal of Debtors' claims against Cassels for lack of personal jurisdiction and lack of attorney-client relationships once Cassels receives full and responsive discovery responses as required by the Rules.

13. Fed. R. Civ. P. 26(b)(C)(iii) permits this Court to limit the discovery sough if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

14. The Subpoenas and Deposition Subpoenas are overly broad and do not set forth, with <u>any</u> particularity, what documents Debtors actually seek. "All documents regarding" does not describe in any meaningful way the documents that may or may not fall within the requested documents.

15. The Subpoenas and Deposition Subpoenas do not contain any temporal limitations and as such are overly broad and disproportional to the needs of this case.

16. Separately, and compounding the overly broad request for "all documents regarding" is the overly broad, ambiguous, and disproportional to the needs of this case as to the description "as to". What does that mean? What documents might be encompassed by that phrase? The non-parties these subpoenas are directed to should not be forced to guess or spend substantial time and money in other federal courts consuming judicial resources in Illinois and Texas asking for clarification.

17. Debtors' request, containing an inaccurate assumption in the request, is akin to the adage asking for 'all documents regarding when you stopped beating your wife.' To be clear, Cassels did <u>not</u> represent Debtors so there could be no documents regarding Cassels' representation as to Debtors. Cassels' representation as to VBF Canada would be protected by the attorney-client privilege and/or the work product doctrine.

18. The Subpoenas and Deposition Subpoenas do not seek discovery relevant to the actual claims asserted by Debtors in this adversary proceeding. Documents regarding Cassel's representation of VBF Canada are both irrelevant and protected by the attorney-client privilege. Documents regarding what Sean Maniaci wrote in his clearly expressed

4

individual capacity *as a minority shareholder of VeroBlue Farms* on January 9, 2019 are wholly irrelevant to the issue here – whether Cassels did, or more accurately did not, represent Debtors.

19. None of the subpoenaed individuals would have client files of Debtors which Debtors claim are in the possession and control of Cassels (they are not as Cassels never represented Debtors). As such, the Subpoenas and Deposition Subpoenas place a substantial burden on the subpoenaed individuals – none of whom are parties to this litigation. This type of burden is entitled to "special consideration" and requires the granting of this Motion protecting these non-parties from such burden by Debtors. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *Nachurs Alpine Sols., Corp. v. Nutra-Flo Co.*, 2017 WL 1380460, at *2 (N.D. Iowa 2017) (quoting *Miscellaneous Docket Matter No. 1*); *Am. Broad. Companies, Inc. v. Aereo, Inc.*, 2013 WL 5276124, at *6 (N.D. Iowa 2013) (same)).

20. Debtors are seeking to use this matter apparently to gain discovery in the pending Northern District of Texas action, *VeroBlue Farms USA, Inc. v. Leslie A. Wulf, Bruce A. Hall, James Rea, John E. Rea, Keith Driver, Canaccord Genuity LLC, Christine Gagne, and Sean Maniaci*, Case No. 3:19-cv-00764-L[12]. But, the rules of discovery and the scope of Fed. R. Civ. P. 26 do not provide Debtors with "a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. Louisiana Health Service and Indem. Co.*,

---

[12] Sean Maniaci originally was not named as a party in the Northern District of Texas action. By Second Amended Complaint filed September 23, 2019, but not yet served on Sean Maniaci, he is now named as a party in the Northern District of Texas action. Cassels is not named as a party in the Northern District of Texas action.

647 F.3d 258, 264 (5th Cir. 2011); *Allan v. Cuna Mut. Ins. Soc.*, 2011 WL 587110 (N.D. Iowa 2011) (quashing subpoena as overly broad).

21. The Subpoenas and Deposition Subpoenas should be quashed and a protective order issued protecting the non-party individuals from the undue burden and expense Debtors seek to place on them solely to gain discovery in the Norther District of Texas action.[13]

Based on the foregoing, Cassels Brock & Blackwell LLP respectfully requests that the Court grant this Motion for Protective Order and further order that the Subpoenas and Deposition Subpoenas are quashed.

**SCHWARTZ LAW FIRM**

Dated: October 17, 2019

 /s/ Michael D. Schwartz
/s Brandon M. Schwartz
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP

Certificate of Service: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing. */s/ Jessie Revalee*

---

[13] Notably, pursuant Fed. R. Civ. P. 45(c)(1)(A), the Subpoenas issued to Jeff Nelson, Mark Nelson and John Rea should all be quashed for seeking to command these three individuals to travel over 100 miles. The Subpeoena to Jeff Nelson requires him to travel 131 miles (see **Exhibit K** attached hereto), the Subpoena to Mark Nelson requires him to travel 132 miles (see **Exhibit L** attached hereto), and the Subpoena to John Rea requires him to travel 200 miles (see **Exhibit M** attached hereto).