# UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN District of IOWA

In re VEROBLUE FARMS USA, INC., ET AL.,
Debtor

Case No. 18-01297

*(Complete if issued in an adversary proceeding)*

VEROBLUE FARMS USA, INC., ET AL.,
Plaintiff

Chapter 11

v.

CASSELS BROCK & BLACKWELL LLP
Defendant

Adv. Proc. No. 19-09015

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: James A. Rea, 947 Laguna Drive, Coppell, TX 75019-7316
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents regarding Defendant's representation or actions as to Debtors or VeroBlue Farms, Inc ("VBF Canada") including but not limited to the attached letter. Due at time and location below.

| PLACE Thompson & Knight LLP<br>One Arts Plaza<br>1722 Routh Street, Suite 1500 Dallas, TX | DATE AND TIME<br>October 28, 2019 at 5:00 PM |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/7/2019

CLERK OF COURT

OR

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT  F

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 19-09015 Doc 32-6 Filed 10/17/19 Entered 10/17/19 14:27:50 Desc Exhibit
F-James Rea Subpoena Page 3 of 6

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

(c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

(g) Contempt. The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



## CASSELS BROCK
### LAWYERS

January 9, 2019

Dear Fellow VBF Shareholder,

    I write to you as a minority shareholder of VeroBlue Farms. As you are probably aware, on September 21, 2018, VeroBlue Farms USA, Inc. ("VBF")[1] filed a chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court"), case number 18-01297 (the "Bankruptcy Case"). On December 10, 2018, the VBF Debtors (see footnote below) filed the proposed Disclosure Statement and Joint Plan of Reorganization of VeroBlue Farms USA, Inc. and its Affiliated Debtors (the "Plan"). The Plan was initiated by Alder Aqua, Ltd. ("Alder Aqua"), the majority shareholder of VBF.

    If the Plan is approved and confirmed by the Bankruptcy Court, Alder Aqua will own the reorganized VBF and wipe out all other equity interests (including yours). Unsecured creditors will get a mere ten cents ($0.10) on the dollar for their claims. To protect the unsecured creditors' interests, the Bankruptcy Court appointed attorney Tom Fawkes[2] to represent the Official Committee of Unsecured Creditors ("Creditors' Committee") in the Bankruptcy Case. After an initial investigation, the Creditors' Committee concluded that significant evidence of lender liability on the part of VBF's senior secured creditor, Broadmoor Financial, L.P. ("Broadmoor") exists and that Alder Aqua acted to improperly control the VBF companies. Additionally, the Creditors' Committee has preliminarily determined that a pending lawsuit against the former founders of VBF[3] is retaliatory in nature and without merit. Accordingly, the Creditors' Committee formally challenged the validity, priority, extent and enforceability of the entirety of Broadmoor's claim and demanded that VBF (a) file suit against the secured creditor, or (b) consent to the Creditors' Committee's prosecution of that action on behalf of VBF, by the deadline established by the Bankruptcy Court for late December.

    The Creditors' Committee investigation gives good reason to believe that current minority shareholders may also be able to participate in a Bankruptcy Case recovery. Another Chicago law firm, Horwood Marcus & Berk Chartered, led by attorney Aaron Hammer,[4] is representing an ad hoc (i.e., unofficial) committee of VBF shareholders ("Equity Committee") to join in the Bankruptcy Case and likely prosecute a separate lawsuit against Broadmoor, Alder Aqua and all of its representatives on behalf of VBF shareholders. To that end, the Equity Committee joined the demand made by the Creditors' Committee in late December. The Equity Committee's efforts are being spearheaded by Mr. Ken Lockard and FishDish, LLC, an Iowa based entity with a $6 million preferred equity investment in VBF, and its investors (collectively, "Preferred Shareholders"). There are well over 100 common shareholders

---

[1] And VBF's subsidiaries and affiliates, VBF Operations, Inc. ("VBFO"), Iowa's First, Inc. ("IFI"); VBF Transport, Inc. ("VBFT") and VBF IP, Inc. ("VBFIP" and collectively with VBF, VBFO, IFI, VBFT and VBIP, the "Debtors").
[2] http://restructuringshop.com/Bio-Thomas-Fawkes.aspx
[3] *VeroBlue Farms USA, Inc. v. Wulf, et al*, Case No. 18-cv-3047 (N.D Ia.)
[4] https://www.hmblaw.com/professionals-directory/aaron-l-hammer.aspx

Cassels Brock & Blackwell.LLP   2100 Scotia Plaza, 40 King Street West, Toronto Canada M5H 3C2
tel 416 869 5300  fax 416 360 8877  www.casselsbrock.com



## CASSELS BROCK
LAWYERS

in VBF ("Common Shareholders") and the goal is to have the majority of them join the Equity Committee.

If as VBF's minority shareholders we do nothing, it is very likely that we will receive little to nothing in the Bankruptcy Case. Time is not on our side and the time to protect your investment is now. To that end, the Equity Committee is reaching out to all VBF shareholders to get engaged in the process and, essentially, crowdfund litigation to protect our interests.

If you are interested in participating in this process, we ask that you sign and return the attached letter to protect legal privileges given our respective common interests. Once we receive this letter, you will be able to: (a) review the Equity Committee By-Laws and Master Funding Agreement; (b) be included in the Equity Committee and receive information about the Bankruptcy Case on a regular basis; and (c) if you so choose, to participate in the funding of the Equity Committee's professional fees by contributing between two cents ($.02) and five cents ($.05) per VBF common share you own.

If the Creditors' Committee and Equity Committee are successful in obtaining a recovery in the Bankruptcy Case through litigation or settlement, up to the first $4 million (including litigation costs) of that recovery would be paid to the unsecured creditors represented by the Creditors' Committee.[5] Any recovery over and above that amount would go to the Equity Committee to Preferred Shareholders and Common Shareholders on a 70%-30% basis, after repayment of the financing premium for funding shareholders and net of any outstanding professional fees. Without the Equity Committee agreements and structure, Preferred Shareholders would receive its full $6 million recovery before Common Shareholders received anything from the Bankruptcy Case. The Preferred Shareholders have agreed to share 30% of their preferred return with Common Shareholders until they have received their full recovery, following which 100% of any remaining proceeds will be paid to the Common Shareholders. All payments to Common Shareholders will be divvied up pro rata among the Common Shareholders.

Even if you choose not to participate in funding the Equity Committee, you can still be engaged and involved in the Equity Committee and receive information on the Bankruptcy Case. Your support and input remain critical to your and all other shareholders' chances of success and recovery in the aftermath of what we believe has been an improper scheme to deprive you of your investment.

If you want to receive further information or have any questions including with respect to the attached privileges letter, please call or e-mail (or have your attorney call or e-mail) Equity Committee counsel, Aaron Hammer (224) 531-2903; ahammer@hmblaw.com, or John Guzzardo, at (312) 242-3307; jguzzardo@hmblaw.com, for further information and documentation. Please do not reach out to me directly, as I will refer you to Aaron and John.

We look forward to hearing from you as soon as possible.

Sincerely,

Sean Maniaci,
Shareholder of VBF

---

[5] This amount represents creditors' recovery on their estimated allowed claims plus legal fees and other expenses.

2

**ATTACHMENT A-18 [JANUARY 2019 DOCUMENTATION]**