# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

**In Re:**

| | |
|---|---|
| VeroBlue Farms USA, Inc., et al., | Bankruptcy No: 18-01297 |
| Debtors. | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant. | |

## DEBTORS' ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Debtors, for their Answers to Defendant's First Set of Interrogatories, state as follows, noting that Debtors reserve the right to amend or supplement these answers to the full extent permitted by law:

## STANDING OBJECTION

Debtors object to any interrogatories, including discrete sub-parts, that are beyond the permitted numerical limit.

**INTERROGATORY NO. 1:** Set forth the facts upon which Debtors allege that this Court has personal jurisdiction over Cassels; identify the individuals with personal knowledge of each fact identified in answer to this Interrogatory; and identify the documents evidencing each fact identified in answer to this Interrogatory.

**ANSWER**: Objection, Defendant has waived any defenses to personal jurisdiction, and therefore, this interrogatory is not reasonably calculated to lead to the discovery of evidence admissible at trial.

**INTERROGATORY NO. 2:** With respect to the allegation in Paragraph 4 of the Complaint, that "Cassels has made a contract with Debtors to be performed in whole or in part in Iowa", identify the facts upon which this allegation is based, including but not limited to the terms of the contract and the acts under the contract performed by Cassels in Iowa; identify the individuals with personal

knowledge of the facts identified in answer to this Interrogatory including but not limited to the individuals on behalf of Cassels who entered into the "contract" and the individuals on behalf of Debtors who entered into the "contract"; and identify the documents evidencing the facts identified in answer to this Interrogatory including but not limited to the documents setting forth the terms of the contract.

**ANSWER**: Objection, (a) Defendant has waived any defenses to personal jurisdiction, and therefore, this interrogatory is not reasonably calculated to lead to the discovery of evidence admissible at trial; and (b) calls for a legal conclusion.

Without waiving said objections, one or more Debtors, explicitly or impliedly through conduct, sought legal assistance from Defendant, and Defendant agreed to provide the same from in or around fall 2014 through early 2017. Defendant billed one or more Debtors for legal services, communicated with representatives of Debtors in the provision of such services, and received payment from Debtor VeroBlue Farms USA, Inc. ("VBF USA") for such services.

Persons with knowledge include, but are not limited to:

1. Leslie A. Wulf
   c/o Underwood Perkins, PC

2. Bruce A. Hall
   c/o Underwood Perkins, PC

3. James Rea
   c/o Underwood Perkins, PC

4. John E. Rea ("Ted")
   c/o Underwood Perkins, PC

5. Keith Driver
   c/o Bell Nunnally & Martin LLP

6. Norman McCowan
   c/o Thompson Coburn LLP

7. Katharine R. Olson
   c/o Thompson Coburn LLP

8. Terry Lyons
   319 – 10th Ave SW
   Suite 200
   Calgary AB T2R 0A5

9. John Brojborg
   4209 Cedarbrook Cir
   Richardson, TX 75082-5004
   (214) 498-0567

10. Richard Dahlson, Esq., Chris Rourk and other Jackson Walker attorneys familiar with Debtors
    c/o Jackson Walker LLP (Dallas, Texas)

11. Gregg Sedun
    6251 Par Rd, Whistler, British Columbia

12. Kenneth Lockard
    FishDish LLC
    c/o Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C.
    60 Lafayette Street, Suite 300
    P.O. Box 178
    Waterloo, IA
    8024 Slap Tail Trail, Cedar Falls, IA 50613
    Lockard Companies, 4501 Prairie Parkway Cedar Falls, IA 50613

13. Sean Maniaci
    Sue Baksh
    Gary Steinhart
    John T.C. Christian
    Megan Braun
    Michael Lungu
    Jamie Litchen
    Mark Bennett
    John N. Birch
    Abidali Ismaili
    Cassels Brock & Blackwell LLP

14. Goldstein & McClintock LLLP
    c/o Thomas Fawkes
    111 W. Washington Street, Suite 1221
    Chicago, IL 60602

15. Horwood Marcus & Berk, Chartered
    c/o Aaron Hammer and John Guzzardo
    500 West Madison Street, Suite 3700
    Chicago, IL 60661

16. Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C.
    c/o John Walker Jr.
    620 Lafayette Street, Suite 300
    Waterloo, IA 50704

*See also*, documents produced by Debtors in response to Defendant's requests for production. Other relevant documents are possessed or controlled by the as the "<u>Founders</u>" of Debtors (i.e. Leslie Wulf, James Rea, John Rea, Bruce Hall, and Keith Driver)

Investigation continues as the Founders have, at relevant times, been in collusion with Sean Maniaci of Defendant, and have actively sought to conceal and shield information that would be further responsive to this interrogatory from Debtors, as the Founders were in control of Debtors at relevant times. Debtors fully expect to update this answer if and when Defendant and pertinent third parties produce documents and information in response to Debtors' discovery requests and subpoenas, and when Debtors receive proper Rule 26 disclosures from Defendant.

**INTERROGATORY NO. 3:** With respect to the allegation in Paragraph 4 of the Complaint, that "Cassels committed tortious acts in part in Iowa and against Iowa residents", identify each tortious act upon which this allegation is based, including but not limited to, the date of the act and a description of the act; identify each individual having personal knowledge of the tortious acts identified in answer to this Interrogatory, including but not limited to the actor or actors; and identify each document evidencing the tortious acts identified in answer to this Interrogatory.

<u>**ANSWER**</u>: Objection, (a) Defendant has waived any defenses to personal jurisdiction, and therefore, this interrogatory is not reasonably calculated to lead to the discovery of evidence admissible at trial; and (b) calls for a legal conclusion.

Without waiving said objections, Debtors incorporate their answer to interrogatory number 2 into this answer.

Further answering, *see* allegations and exhibited documents set forth in the following paragraphs of Debtors' currently-pending Complaint in this action, Dkt. 1: 13-14, 16-47, and 53-54.

*See also*, documents produced by Debtors in response to Defendant's requests for production. Other relevant documents are possessed or controlled by the as the "Founders" of Debtors (i.e. Leslie Wulf, James Rea, John Rea, Bruce Hall, and Keith Driver)

Investigation continues as the Founders have, at relevant times, been in collusion with Sean Maniaci of Defendant, and have actively sought to conceal and shield information that would be further responsive to this interrogatory from Debtors, as the Founders were in control of Debtors at relevant times. Debtors fully expect to update this answer if and when Defendant and pertinent third parties produce documents and information in response to Debtors' discovery requests and subpoenas,

**INTERROGATORY NO. 4:** Set forth the facts upon which Debtors allege that venue of this proceeding is proper in this district; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory.

<u>**ANSWER**</u>: Objection, Defendant has waived any defenses to venue, and therefore, this interrogatory is not reasonably calculated to lead to the discovery of evidence admissible at trial.

**INTERROGATORY NO. 5:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and VeroBlue Farms USA, Inc. as set forth in

Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 6:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and VBF Operations, Inc. as set forth in Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 7:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and VBF Transport, Inc. as set forth in Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 8:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and VBF IP, Inc. as set forth in Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements.

**INTERROGATORY NO. 9:** Set forth the facts upon which Debtors allege that there is a clear attorney-client relationship between Cassels and Iowa's First, Inc. as set forth in Paragraph 13 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory, including without limitation any and all representation agreements

<u>**ANSWERS TO INTERROGATORY NOS. 5-9:**</u>  Objection, calls for a legal conclusion. Without waiving said objection, one or more Debtors, explicitly or impliedly through conduct, sought legal assistance from Defendant, and Defendant agreed to provide the same from in or around fall 2014 through early 2017. Defendant billed one or more Debtors for legal services, communicated with representatives of Debtors in the provision of such services, and received payment from Debtor VeroBlue Farms USA, Inc. ("<u>VBF USA</u>") for such services. Defendant submitted sworn Proofs of Claims in the Debtors' bankruptcy proceedings, through which the Defendant swore, under penalties of perjury and other federal criminal penalties, that Debtors owed Defendant money for legal services performed for Debtors. *See also*, Debtors' Adversary Complaint in this action, Dkt. 1, at paragraphs 10-47.

Some of the information that would be responsive to this interrogatory has been classified as "confidential" by the Founders pursuant to a protective order in another matter. Debtors will produce such information upon the agreement of the Founders, the Defendant's agreement to keep the same confidential, and/or by court order.

*See also*, documents produced by Debtors in response to Defendant's requests for production. Other relevant documents are possessed or controlled by the as the "Founders" of Debtors (i.e. Leslie Wulf, James Rea, John Rea, Bruce Hall, and Keith Driver).

Persons with knowledge include, but are not limited to:

1. Leslie A. Wulf
   c/o Underwood Perkins, PC

2. Bruce A. Hall
   c/o Underwood Perkins, PC

3. James Rea
   c/o Underwood Perkins, PC

4. John E. Rea ("Ted")
   c/o Underwood Perkins, PC

5. Keith Driver
   c/o Bell Nunnally & Martin LLP

6. Norman McCowan
   c/o Thompson Coburn LLP

7. Katharine R. Olson
   c/o Thompson Coburn LLP

8. Terry Lyons
   319 – 10th Ave SW
   Suite 200
   Calgary AB T2R 0A5

9. John Brojborg
   4209 Cedarbrook Cir
   Richardson, TX 75082-5004
   (214) 498-0567

10. Richard Dahlson, Esq., Chris Rourk and other Jackson Walker attorneys familiar with Debtors
    c/o Jackson Walker LLP (Dallas, Texas)

11. Gregg Sedun
    6251 Par Rd, Whistler, British Columbia

12. Kenneth Lockard
    FishDish LLC
    c/o Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C.

        60 Lafayette Street, Suite 300
        P.O. Box 178
        Waterloo, IA
        8024 Slap Tail Trail, Cedar Falls, IA 50613
        Lockard Companies, 4501 Prairie Parkway Cedar Falls, IA 50613

13.   Sean Maniaci
       Sue Baksh
       Gary Steinhart
       John T.C. Christian
       Megan Braun
       Michael Lungu
       Jamie Litchen
       Mark Bennett
       John N. Birch
       Abidali Ismaili
       Cassels Brock & Blackwell LLP

14.   Goldstein & McClintock LLLP
       c/o Thomas Fawkes
       111 W. Washington Street, Suite 1221
       Chicago, IL 60602

15.   Horwood Marcus & Berk, Chartered
       c/o Aaron Hammer and John Guzzardo
       500 West Madison Street, Suite 3700
       Chicago, IL 60661

16.   Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C.
       c/o John Walker Jr.
       620 Lafayette Street, Suite 300
       Waterloo, IA 50704

Investigation continues as the Founders have, at relevant times, been in collusion with Sean Maniaci of Defendant, and have actively sought to conceal and shield information that would be further responsive to this interrogatory from Debtors, as the Founders were in control of Debtors at relevant times. Debtors fully expect to update this answer if and when Defendant and pertinent third parties produce documents and information in response to Debtors' discovery requests and subpoenas, and when Debtors receive Defendant's Rule 26 disclosures, which are currently overdue.

**INTERROGATORY NO. 10:** With respect to the allegation in Paragraph 16 of the Complaint that "Debtors have recently discovered emails", identify when and how Debtors discovered the emails, including the identity of the computers or servers on which the emails were stored; identify each individual involved in the discovery of the emails; and identify all documents evidencing the discovery of the emails (not the emails themselves).

**ANSWER**: Objection, overbroad and unduly burdensome. Without waiving said objections, Debtors have discovered such information through review of VBF USA's related affiliates' servers, including, but not limited to the Founders' emails, production of client files by Jackson Walker LLP, and various other discovery received in VBF USA's, pending action against the Founders in the United States District Court for the Northern District of Texas. Otherwise, Debtors sources of information are too numerous to list, and also protected by the attorney-client and work-product privileges.

**INTERROGATORY NO. 11:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented VeroBlue Farms USA, Inc.; identify the individuals acting on behalf of VeroBlue Farms USA, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of VeroBlue Farms USA, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 12:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented VBF Operations, Inc.; identify the individuals acting on behalf of VBF Operations, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of VBF Operations, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 13:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented VBF Transport, Inc.; identify the individuals acting on behalf of VBF Transport, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of VBF Transport, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 14:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented VBF IP, Inc.; identify the individuals acting on behalf of VBF IP, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of VBF IP, Inc. with respect to each matter identified in answer to this Interrogatory.

**INTERROGATORY NO. 15:** With respect to the allegation in Paragraph 51 of the Complaint, that Debtors request the Court to order Cassels "to turn over its entire file(s), however maintained, whether paper, electric or otherwise maintained by the firm in conjunction [sic] all matters on which it represented [sic] of the Debtors and all affiliates", identify each matter on which Debtors allege Cassels represented Iowa's First, Inc.; identify the individuals acting on behalf of Iowa's First, Inc. involved in the matter; identify the individuals acting on behalf of Cassels involved in the matter; and identify all documents evidencing that Cassels had undertaken representation of Iowa's First, Inc. with respect to each matter identified in answer to this Interrogatory.

**ANSWERS TO INTERROGATORY NOS. 11-15:** Objection, calls for a legal conclusion. Without waiving said objection, Debtors incorporate their answer to interrogatory number 2 and interrogatories numbered 5 through 9. Debtors will also produce all of Defendant's invoices in their possession or control which are also responsive to this Interrogatory. Investigation continues.

**INTERROGATORY NO. 16:** Set forth the facts upon which Debtors allege in Paragraphs 53 and 54 of their Complaint that "Debtors have ownership and other possessory rights in the Client Files" in which Cassels has exercised dominion or control; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory.

**ANSWER:** Objection, calls for a legal conclusion. Without waiving said objection, Debtors incorporate their answer to interrogatory number 2 and interrogatories numbered 5 through 9. Debtors will also produce all of Defendant's invoices in their possession or control which are also responsive to this Interrogatory. Investigation continues.

**INTERROGATORY NO. 17:** Set forth the facts upon which Debtors allege they have suffered compensatory damages as a direct and proximate result of Cassels conversion of the Client Files as alleged in Paragraph 55 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory.

**ANSWER**: Objection, calls for a legal conclusion. Without waiving said objection, Debtors incorporate their answer to interrogatory number 2, interrogatories numbered 5 through 9, and interrogatories numbered 11 through 15. Answering further, Debtors have suffered damages caused by Defendant's conversion of the Client Files (as that term is defined in the Complaint), upon information and belief, in excess of $75,000, further resulting from Debtors' lack of access to the information contained in the Client Files to operate their business after the Founders' departure by early 2018, professional fees expended by VBF USA to address the same, and other damages. Investigation continues.

**INTERROGATORY NO. 18:** Set forth the facts upon which Debtors allege they are entitled to punitive damages as alleged in Paragraph 56 of the Complaint; identify the individuals with personal knowledge of the facts identified in answer to this Interrogatory; and identify the documents evidencing the facts identified in answer to this Interrogatory.

**ANSWER**: Objection, calls for a legal conclusion. Without waiving said objection, see paragraphs 13-14, 16-47, and 53-54 of the Complaint. Defendant's conduct has been wilful and wanton, obviously designed to further and conceal Defendant's, Sean Maniaci's, and the Founders' misconduct.

**Dated: October 15, 2019**

THOMPSON COBURN LLP

/s/ Robert H. Lang
Robert H. Lang
55 E. Monroe St.
37th Floor
Chicago, IL 60603
Telephone: 312-346-7500
Facsimile: 312-580-2201
Email: rhlang@thompsoncoburn.com

ELDERKIN & PIRNIE

/s/ Dan Childers
Dan Childers
316 Second Street SE, Suite 124
P.O. Box 1968
Cedar Rapids, IA 52401
Telephone: (319) 363-1641
Facsimile: (319) 200-2059
Email: dchilders@elderkinpirnie.com

*Counsel for the Debtors*