**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE: | Chapter 11 Bankruptcy |
| VEROBLUE FARMS USA, INC., ET AL., | Bankruptcy No. 18-01297 |
| Debtors. | Adversary Case No. 19-09015 |

## NOTICE OF FILING

 PLEASE TAKE NOTICE that on October 25, 2019, we caused to be filed with the Northern District of Iowa, Bankruptcy Court, **October 23-24 Counsel Emails**, a copy of which is attached hereto and hereby served upon you.

 Respectfully submitted,

 VEROBLUE FARMS USA, INC

 /s/ Robert H. Lang
 One of its Attorneys

Dan Childers
Elderkin & Pirnie
316 Second St. SE
Suite 124
PO Box 1968
Cedar Rapids, IA 52401
319-362-2137 (main)
Dchilders@elderkinpirnie.com

Robert H. Lang
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500 (main)
rhlang@thompsoncoburn.com
rmariotti@thompsoncoburn.com
cpritikin@thompsoncoburn.com
eboyleperich@thompsoncoburn.com

**From:** Lang, Robert H.
**Sent:** Thursday, October 24, 2019 3:42 PM
**To:** 'Michael Schwartz' <MSchwartz@mdspalaw.com>; 'Dan Childers'
<dchilders@elderkinpirnie.com>
**Cc:** Brandon Schwartz <BSchwartz@mdspalaw.com>; Jessie Revalee
<JRevalee@mdspalaw.com>
**Subject:** RE: Adversary Proceeding

Counsel-please advise of the relationship of defendant's October 15 and October 16 motions to compel to your meet and confer correspondence set forth below.  Is defendant attempting to now have a meet and confer as to discovery that is the subject of pending motions to compel?  Defendant's filing of their motions to compel appears to have rendered any meaningful meet and confer to be superfluous. However, defendant can cure this problem that it caused by withdrawing its motions to compel (agreeing to reimburse Debtors for their reasonable attorney's fees in responding to the same) so a meaningful personal meet and confer can occur **before** a discovery motion is presented to the Court as to such responses. Respectfully, that is the chronology required by the rules, but circumvented by defendant last week.

Otherwise, please see our replies in **CAPITAL LETTERS** below. We do not admit any assertions to which we don't posit a specific reply, and many of the assertions in your email are argumentative and harassing:


**Robert H. Lang**
rhlang@thompsoncoburn.com
P: 312.580.2242
F: 312.580.2201
M: 312.489.3025

**Thompson Coburn LLP**
55 East Monroe Street
37th Floor
Chicago, IL 60603
www.thompsoncoburn.com

> **From:** Michael Schwartz <MSchwartz@mdspalaw.com>
> **Sent:** Wednesday, October 23, 2019 1:52 PM
> **To:** Lang, Robert H. <RHLang@thompsoncoburn.com>; 'Dan Childers'
> <dchilders@elderkinpirnie.com>
> **Cc:** Brandon Schwartz <BSchwartz@mdspalaw.com>; Jessie Revalee
> <JRevalee@mdspalaw.com>
> **Subject:** Adversary Proceeding
>
> Counsel
>
> Your email "to memorialize" our meet and confer is inaccurate, at best. As for the meet and confer regarding Plaintiffs/Debtors deficient Initial Disclosures and deficient discovery responses you ignore the following.
>
> By email of September 9, I pointed out the deficiencies in the Plaintiffs/Debtors Initial Disclosures and stated " I continue to be available and willing to discuss both Defendant's **and Plaintiffs' Initial Disclosures**".

By email of September 9, you replied " Our [Debtors] disclosures are compliant with Rule 26. Of course **you are free to ask contention-type questions** at depositions or at trial, subject to our ability to raise objections to the same." You ignored that the Rules also allow interrogatories and document requests. **OUR COMMENT PERTAINED TO RULE 26 DISCLOSURES, NOT RULE 33 OR 34 DISCOVERY.**

During our "meet and confer" you did not address the deficiencies in the Plaintiffs' Initial Disclosures and you flat out refused to address the deficiencies in the Plaintiffs' answers to interrogatories, the very "contention-type questions" you invited as a means to deal with the Plaintiffs' deficient Initial disclosures. **NOT TRUE, PLEASE SEE OUR 10/22/19 EMAIL. YOU DON'T DISPUTE THE SPECIFICS OF THE SAME ON THIS POINT.**

In my October 16 email, among other things I state "The untimely discovery responses that you provided yesterday do not comply with your discovery obligations and are essentially void of any meaningful factual information responsive to the discovery requests. Please provide a time tomorrow that you are available to discuss." To suggest that you did not have notice of your discovery deficiencies prior to our call lacks candor.

In my October 17 email, among other things I state "We will call you Tuesday at 1 PM". You asked to delay the call to 1:30 and said you would call us. To suggest the fact we agreed that you could call us instead of us calling you means it was your meet and confer and not our is disingenuous at best. **THE AGENDA FOR THE CALL WAS CLEARLY SET IN THAT EMAIL CHAIN AND LIMITED TO DEFENDANT'S RULE 26 DISCLOSURES AND THE PROTECTIVE ORDER.**

My October 17 email also referenced your statement, inaccurately, that Plaintiffs' " discovery responses were **extensive and complete**". You flat out refused to discuss Plaintiffs' discovery response in our meet and confer call yesterday, claiming incorrectly it was "*not on the agenda*". You instead demand "*correspondence outlining the specific issues*" before you would discuss the deficiencies. This gamesmanship is not what Rule 37 is all about, and you know it. Stripped of your self-serving and conclusory inaccuracies, the following is an accurate statement:

You refuse to **identify the facts** upon which Plaintiffs/Debtors allege that this Court has **personal jurisdiction** over Cassels (Int #1). Instead you object and make a legal conclusion – one that is for the court to make , not you. **DEFENDANT WAIVED PERSONAL JURISDICTION OBJECTIONS LONG AGO. *SEE E.G., TLC VISION (USA) CORP. V. FREEMAN,* CASE NO. 4:12CV01855, 2013 WL 2181267 AT \*4-6 (SURVEYING THE VARIOUS WAYS THAT THE DEFENDANTS WAIVED PERSONAL JURISDICTION AND VENUE OBJECTIONS, WHICH ARE ALSO PRESENT HERE AS TO CASSELS) AND *CITING YELDELL V. TUTT,* 913 F. 2D 533, 539 (8TH CIR. 1990) AND OTHER CASES, "IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION DEFENSES MAY BE WAIVED IF THEY ARE NEITHER RAISED BY MOTION BEFORE THE ANSWER OR ASSERTED IN THE RESPONSIVE PLEADING." (IN ADDITION TO THE PROOFS OF CLAIM SUBMITTED BY DEFENDANT UNDER PENALTIES OF PERJURY)**

You refuse to **identify the facts** upon which Plaintiffs/Debtors allege " **Cassels has made a contract with Debtors** to be performed in whole or in part in Iowa … including the terms of the contract and the acts under the contract performed by Cassels in Iowa " (Int # 2) Instead you object and make a legal conclusion – one that is for the court to make , not you and you regurgitate your Initial Disclosures. " one or more Debtors" – which one ?  "explicitly or impliedly through conduct " – what conduct  ? "sought legal assistance from Defendant " – what legal assistance ? "Debtor agreed to provide the same " – who agreed and when ?  **WE DISAGREE, AS THE ANSWER SETS FORTH FACTS, BUT WE ARE HAPPY TO PERSONALLY MEET AND CONFER ON THIS POINT ONCE YOU CLARIFY THE IMPACT OF DEFENDANT'S OCTOBER 15 AND 16 PENDING MOTIONS TO COMPEL ON DEFENDANT'S SUBSEQUENT MEET AND CONFER ATTEMPT. THIS APPEARS TO RELATE TO VENUE BUT WE NONETHELESS PROVIDED A SUBSTANTIVE ANSWER TO DEMONSTRATE GOOD FAITH.**

You refuse to **identify the tortious acts** that Plaintiffs/Debtors allege were **committed by Cassels in part in Iowa and against Iowa residents** (Int # 3) Instead you object and make a legal conclusion – one that is for the court to make , not you. Pointing to "allegations" in the complaint and pointing to a pile of documents is not a good faith or an "extensive and complete " answer.  **WE DISAGREE, BUT WE ARE HAPPY TO PERSONALLY MEET AND CONFER ON THIS POINT ONCE YOU CLARIFY THE IMPACT OF DEFENDANT'S OCTOBER 15 AND 16 PENDING MOTIONS TO COMPEL ON DEFENDANT'S SUBSEQUENT MEET AND CONFER ATTEMPT.  THIS APPEARS TO RELATE TO VENUE BUT WE NONETHELESS PROVIDED A SUBSTANTIVE ANSWER TO DEMONSTRATE GOOD FAITH.**

You refuse to **identify the facts** upon which Plaintiffs/Debtors allege that **venue** of this proceeding is proper in this district (Int #4). Instead you object and make a legal conclusion – one that is for the court to make , not you. **DEFENDANT WAIVED VENUE OBJECTIONS LONG AGO.  *SEE E.G., TLC VISION (USA) CORP. V. FREEMAN,* CASE NO. 4:12CV01855, 2013 WL 2181267 AT \*4-6 (SURVEYING THE VARIOUS WAYS THAT THE DEFENDANTS WAIVED PERSONAL JURISDICTION AND VENUE OBJECTIONS, WHICH ARE ALSO PRESENT HERE AS TO CASSELS) AND  *CITING YELDELL V. TUTT,* 913 F. 2D 533, 539 (8TH CIR. 1990) AND OTHER CASES, "IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION DEFENSES MAY BE WAIVED IF THEY ARE NEITHER RAISED BY MOTION BEFORE THE ANSWER OR ASSERTED IN THE RESPONSIVE PLEADING."  (IN ADDITION TO THE PROOFS OF CLAIM SUBMITTED BY DEFENDANT UNDER PENALTIES OF PERJURY)**

You refuse to **identify the facts** upon which Plaintiffs/Debtors allege that "there is **a clear attorney-client relationship between Cassels** and any of the Debtors, VeroBlue Farms USA (Int # 5) , VBF Operations (Int #6), VBF Transport (Int # 7), VBF IP ( Int #8) and Iowa's First Inc (Int #9). Instead you object and make a legal conclusion – one that is for the court to make , not you and you regurgitate an earlier answer. If your entire case I based on the Proofs of claim that have since been withdrawn, simply say so. **WE DISAGREE, AS THE ANSWER SETS FORTH FACTS, BUT WE ARE HAPPY TO PERSONALLY MEET AND CONFER ON THIS POINT ONCE YOU CLARIFY THE IMPACT OF DEFENDANT'S OCTOBER 15 AND 16 PENDING MOTIONS TO COMPEL ON DEFENDANT'S SUBSEQUENT MEET AND CONFER ATTEMPT.  OUR ANSWERS TO INTERROGATORIES CLEARLY DO**

NOT RELY SOLELY ON THE PROOFS OF CLAIM, AND THEREFORE RESPECTFULLY YOU DO NOT APPEAR TO BE READING OUR ANSWERS CORRECTLY.

You refuse to identify **when and how Plaintiffs/Debtors "discovered" emails** between Cassels' attorneys and individuals Plaintiffs/Debtors identify as the Founders as alleged in Paragraph 16 of the Complaint (Int # 10) Instead you object as overly broad and burdensome. Depending on the answer to this question, there may be serious misconduct with respect to obtaining/intercepting emails not intended to be communicated to others than the recipient(s). WE DISAGREE, BUT WE ARE HAPPY TO PERSONALLY MEET AND CONFER ON THIS POINT ONCE YOU CLARIFY THE IMPACT OF DEFENDANT'S OCTOBER 15 AND 16 PENDING MOTIONS TO COMPEL ON DEFENDANT'S SUBSEQUENT MEET AND CONFER ATTEMPT.

You refuse to identify **each matter on which Plaintiffs/Debtors allege Cassels represented** any of the Debtors, VeroBlue Farms USA, Inc (Int # 11) , VBF Operations (Int #12), VBF Transport (Int # 13), VBF IP ( Int #14) and Iowa's First Inc (Int #15). Instead you object and make a legal conclusion – one that is for the court to make , not you.  If your entire case I based on the Proofs of claim that have since been withdrawn and/or other invoices,  simply say so. WE DISAGREE, BUT WE ARE HAPPY TO PERSONALLY MEET AND CONFER ON THIS POINT ONCE YOU CLARIFY THE IMPACT OF DEFENDANT'S OCTOBER 15 AND 16 PENDING MOTIONS TO COMPEL ON DEFENDANT'S SUBSEQUENT MEET AND CONFER ATTEMPT.  OUR ANSWERS TO INTERROGATORIES CLEARLY DO NOT RELY SOLELY ON THE PROOFS OF CLAIM, BUT ALSO INVOICES AND OTHER DOCUMENTS PRODUCED, AND THEREFORE RESPECTFULLY YOU DO NOT APPEAR TO BE READING OUR ANSWERS CORRECTLY. THE RELEVANT ANSWERS INCLUDE SUBSTANTIVE ANSWERS WITHOUT WAIVING OBJECTIONS.

You refuse to **identify the facts** upon which Plaintiffs/Debtors allege that " Debtors have **ownership and other possessory rights in the Client Files**" (Int # 16) Instead you object that it calls for a legal conclusion – one that is for the court to make based on facts, which facts you refuse to disclose.  If your entire case I based on the Proofs of claim that have since been withdrawn, or other invoices, simply say so. WE DISAGREE, AS THE ANSWER SETS FORTH FACTS, BUT WE ARE HAPPY TO PERSONALLY MEET AND CONFER ON THIS POINT ONCE YOU CLARIFY THE IMPACT OF DEFENDANT'S OCTOBER 15 AND 16 PENDING MOTIONS TO COMPEL ON DEFENDANT'S SUBSEQUENT MEET AND CONFER ATTEMPT.  OUR ANSWERS TO INTERROGATORIES CLEARLY DO NOT RELY SOLELY ON THE PROOFS OF CLAIM, AND THEREFORE RESPECTFULLY YOU DO NOT APPEAR TO BE READING OUR ANSWERS CORRECTLY. THE RELEVANT ANSWERS INCLUDE SUBSTANTIVE ANSWERS WITHOUT WAIVING OBJECTIONS.

You refuse to **identify the facts** upon which Plaintiffs/Debtors allege that " Debtors have **suffered compensatory damages as a result of Cassels conversion of the  the Client Files**" (Int # 17) Instead you object that it calls for a legal conclusion – one that is for the court to make based on facts, which facts you refuse to disclose.  What 'information' to 'operate the business' was in the Client Files that Debtors otherwise had no access to? WE DISAGREE, AS THE ANSWER SETS FORTH FACTS, BUT WE ARE HAPPY TO PERSONALLY MEET AND CONFER ON THIS POINT ONCE YOU CLARIFY THE IMPACT OF DEFENDANT'S OCTOBER 15 AND 16 PENDING MOTIONS TO COMPEL ON DEFENDANT'S

- 4 -

**SUBSEQUENT MEET AND CONFER ATTEMPT.  THE RELEVANT ANSWERS INCLUDE SUBSTANTIVE ANSWERS WITHOUT WAIVING OBJECTIONS.  THE CLIENT FILES ARE THOSE BEING WITHHELD BY DEFENDANT.**

You refuse to **identify the facts** upon which Plaintiffs/Debtors allege that " Debtors are **entitled to punitive damages** " (Int # 18) Instead you object that it calls for a legal conclusion – one that is for the court to make based on facts, which facts you refuse to disclose.  What conduct of Cassels do you claim has been "willful and wanton". References to **allegations** in a complaint is not sufficient.  **WE DISAGREE, AS THE ANSWER SETS FORTH FACTS, BUT WE ARE HAPPY TO PERSONALLY MEET AND CONFER ON THIS POINT ONCE YOU CLARIFY THE IMPACT OF DEFENDANT'S OCTOBER 15 AND 16 PENDING MOTIONS TO COMPEL ON DEFENDANT'S SUBSEQUENT MEET AND CONFER ATTEMPT.**

As for the Plaintiffs/Debtors failure to provide documents and the Protective Order issue, you did not raise the issue of a protective order until well after your documents should have been produced. When it was raised, we promptly agreed to the standard provisions and responded to your requested changes. You have refused to add the sentence we requested so that you would not later use our willingness to stipulate as somehow consenting to jurisdiction and/or venue **and you refused to explain why. NOT TRUE, WE EXPLAINED OUR POSITION IN THE CALL AND THE 10/22 EMAIL.**  This seems a rather transparent excuse for further delay in producing documents. **WE HAVE PROMPTLY MOVED TO ENTER THE FORM PROTECTIVE ORDER,  OVER DEFENDANT'S OBJECTION AFTER OUR PERSONAL MEET AND CONFER ON THIS POINT, SO WE CAN DO SO.  THERE SIMPLY WAS NO DELAY ON OUR END IN SEEKING TO PRODUCE CONFIDENTIAL INFORMATION.**

As for the motion to compel being "filed twice", it was first filed in the chapter 11 proceeding, incorrectly. At the direction of the clerk, our paralegal refiled it in the adversary proceeding. **(ADDRESSED IN OUR FILED RESPONSE)**

As for your reference to discovery tactics, I note your refusal to provide the subpoena you have served in the Texas case – " We are not under any obligation to produce the subpoenas in the other case to you". Actually the rules you refer to require that parties cooperate in the discovery process, not play games with the process which is what you have been doing. To request a second extension because you "need" the time and then fire off extensive discovery demands during the extension is not good faith. To suggest the delay in responding was because of "client review" when there were no facts for the client to review is not good faith.

As for insurance coverage, what I stated yesterday is that to my knowledge there is no coverage for the claim that client files should be turned over. I further stated that we have since learned of your second amended complaint in Texas against Sean Maniaci individually, which you had earlier refused to disclose was pending, and that likely is a covered claim situation. Your recent filing of a motion to amend in this case to add claims of fraudulent conveyances, unfounded as they may be,  likely also changes the insurance situation. **PLEASE UPDATE DEFENDANT'S RULE 26 DISCLOSURES TO INCLUDE**

**INSURANCE INFORMATION ON OR BEFORE THE CLOSE OF BUSINESS ON WEDNESDAY, OCTOBER 30, 2019.**

We regret your conduct has made the motion to compel necessary.

We regret your conduct has made the motion for a document Protective Order necessary.

We regret your conduct has made the motion on the subpoena Protective Order necessary.

Should you change your mind and change your discovery positions, let us know. Otherwise, while we regret having to bring these matters to the court, we trust the Court will see through your gamesmanship.

Michael D. Schwartz
Schwartz Law Firm
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128

Phone 651-528-6800
Fax      651-528-6450
Cell      612-810-2996
Email    michael@mdspalaw.com





CONFIDENTIALITY NOTICE: The information contained in this e-mail and attached document(s) may contain confidential and/or privileged information that is intended only for the addressee(s). If you are not the intended recipient, you are hereby advised that any disclosure, copying, distribution or the taking of any action in reliance on the information is prohibited. If you have received this e-mail in error, please immediately notify the sender and delete it from your system. If the information contained in this e-mail and attached document(s) inadvertently

reaches someone other than the intended recipient it does not waive any privilege as to the information, e-mail and/or attached document(s).

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned, a non-attorney, hereby certifies under penalties as provided by law, that on October 25, 2019, she caused a true and correct copy of **October 23-24 Counsel Emails** to be served upon counsel of record via ECF system of Iowa:


                                           /s/      Arianna Thornton