UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: <br> VeroBlue Farms USA, Inc. | Bankruptcy No: <br> 18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

### ANSWER TO AMENDED COMPLAINT

PLEASE TAKE NOTICE that Cassels Brock & Blackwell LLP, a Canadian limited liability partnership ("Cassels"), by and through its undersigned counsel, hereby files this Answer to Amended Complaint ("Answer") to the Debtors VeroBlue Farms, USA, Inc.'s, VBF Transport, Inc.'s., VBF IP, Inc.'s and Iowa's First, Inc.'s (collectively, "Debtors") Amended Adversary Complaint against Cassels Brock & Blackwell LLP (Doc. No. 44) ("Complaint").

1. Cassells denies each and every allegation of the Complaint unless herein expressly admitted, qualified or explained in this Answer.

2. In response to paragraph 1 of the Complaint, Cassels admits that this action is an adversary proceeding filed pursuant to Fed. R. Bank. 7001.

3. In response to paragraph 2 of the Complaint, Cassels denies that this Court has subject matter jurisdiction over this proceeding.

1

4. In response to paragraph 3 of the Complaint, Cassels denies that this Court has subject matter jurisdiction over this proceeding and denies Cassels has consented to jurisdiction and/or venue. Cassels does not consent to entry of final judgment by this Court.

5. In response to paragraph 4 of the Complaint, Cassels denies that this Court has personal jurisdiction over Cassels; denies that Cassels ever made a contract with Debtors to be performed in Iowa; and denies Cassels committed tortious acts in Iowa or against Iowa residents.

6. In response to paragraph 5 of the Complaint, Cassels denies that Cassels is holding any property of the Debtors' estate, denies the subject of this Adversary proceeding is necessary to the administration of the estate and thus denies that this proceeding is a core proceeding.

7. In response to paragraph 6 of the Complaint, Cassels denies that venue of this proceeding is proper in this Court.

8. Cassels admits the allegations set forth in paragraphs 7-8 of the Complaint and affirmatively states that Cassels has never represented the Debtors.

9. Cassels denies the allegations set forth in paragraphs 9-10 of the Complaint and affirmatively states any representation of clients other than Debtors is subject to attorney-client privilege and irrelevant to this proceeding.

10. Cassels denies the allegations set forth in paragraph 11 of the Complaint and affirmatively asserts that Cassels never needed to formally terminate representation of Debtors as Cassels never undertook representation of Debtors.

11. In response to paragraph 12 of the Complaint, Cassels admits that Debtors requested files, but denies that any client files belong to Debtors as Debtors are not and have never been clients of Cassels. Cassels further states the Proofs of Claim have been withdrawn.

12. Cassels denies the allegations set forth in paragraph 13 of the Complaint that it is holding Debtors' property, denies that "all its files (electronic and hard copy) as they relate to Debtors" constitutes property of the estate and denies that VBF Canada is an "affiliate" of Debtors.

13. Cassels denies the allegations set forth in paragraph 14 and 15 of the Complaint.

14. In response to paragraph 16 of the Complaint, Cassels states Debtors have waived privilege with attorneys who have actually represented Debtors by publication of certain attachments to the Complaint. Cassels affirmatively states that Debtors do not have a privilege with Cassels as Cassels never represented Debtors.

15. In response to paragraphs 17 to 23 of the Complaint, wherein Debtors allege "Debtors have recently discovered emails", Cassels states such discovery and publication of emails is unauthorized, improper and potentially actionable under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* and other laws. Cassels further affirmatively states that Debtors have improperly obtained and published confidential and privileged communications and documents that are subject to attorney-client privilege between Cassels and clients other than Debtors, with knowledge of Debtors that they were improperly obtaining and publishing confidential and privileged information. Cassels affirmatively states that these allegations are irrelevant to the issue before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for improper purposes.

16. In response to paragraphs 24 to 28 of the Complaint, Cassels admits its Collections Officer mistakenly submitted the Proof of Claims and affirmatively states that all invoices attached

to the Proof of Claims were to VeroBlue Farms, Inc., Cassels' Canadian client, which entity is not one of the Debtors. Cassels further states the Proofs of Claim have been withdrawn.

17. In response to paragraphs 29 to 33 of the Complaint, Debtors' discovery and publication of the emails is unauthorized, improper and potentially actionable under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* and other laws.  Cassels further affirmatively states that Debtors have improperly obtained and published confidential and privileged communications and documents that are subject to attorney-client privilege between Cassels and clients other than Debtors, with knowledge of Debtors that they were improperly obtaining and publishing confidential and privileged information. Cassels denies any and all allegations and implications that Sean Maniaci was engaged in any improper conduct. Cassels affirmatively states that these allegations are irrelevant to the issue before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for improper purposes.

18. Cassels admits the referenced letters set forth in paragraphs 34-35 of the Complaint were sent.

19. In response to paragraph 36 of the Complaint, Cassels admits that the referenced letter was sent, but denies that any of Debtors' counsel did or could represent VeroBlue Farms, Inc., a Canadian entity, as none of Debtors' counsel were or are licensed to practice law in Ontario, Canada.  "However, in the interim, I ask you to confirm that your law firm is not counsel to VeroBlue Farms Inc., which subsits under the *Canada Business Corporations Act*. (Your February 12 letter does not mention your firm being counsel to this other company and I could not see how your firm could be counsel to it given that you are not

4

qualified to practice the law of any Canadian province or territory, but I would appreciate confirmation of this anyway.)"

20. Cassels denies the allegations set forth in paragraphs 37, 38 and 39 of the Complaint.

21. In response to paragraphs 40 to 48 of the Complaint, Cassels admits that a letter dated January 9, 2019 was sent by Mr. Maniaci in his individual capacity "as a minority shareholder of VeroBlue Farms", a Canadian entity that is not one of the Debtors nor is it an affiliate of the Debtors. Cassels affirmatively denies that the letter is deceptive and that any of the allegations in paragraph 40 to 48 of the Complaint are relevant to the issues before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for an improper purpose. The allegations in paragraph 45 are outright false.

22. In response to paragraph 49 of the Complaint, Cassels hereby adopts and reincorporates the denials, admissions and qualifications set forth above.

23. In response to paragraph 50 of the Complaint, Cassels denies that 11 U.S.C.A. § 542 is relevant to Cassels and affirmatively states that the Statute speaks for itself.

24. In response to paragraphs 51 and 52 of the Complaint, Cassels denies that Cassels has any client file materials of Debtors, denies that Cassels ever represented Debtors, and denies that Cassels has any obligation or legal requirement to provide any documents to Debtors in this proceeding.

25. In response to paragraph 53 of the Complaint, Cassels hereby adopts and reincorporates the denials, admissions and qualifications set forth above.

26. In response to paragraphs 54 to 57 of the Complaint, Cassels denies that Cassels has any client file materials of Debtors, denies that Cassels ever represented Debtors, denies that

Debtors have suffered any harm as a direct and proximate result of any action or inaction by Cassels, and denies any actions of Cassels has been willful and malicious misconduct.

27. In response to paragraph 58 of the Complaint, Cassels hereby adopts and reincorporates the denials, admissions and qualifications set forth above.

28. In response to paragraph 59 to 63 of the Complaint, Cassels denies the allegations and puts Debtors to their strict proof thereof.

29. In response to paragraph 54 of the Complaint, Cassels hereby adopts and reincorporates the denials, admissions and qualifications set forth above.

30. In response to paragraphs 65 to 68 of the Complaint, Cassels denies the allegations and puts Debtors to their strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The above-captioned Court lacks subject-matter jurisdiction.

2. The above-captioned Court lacks personal jurisdiction over Cassels.

3. The above-captioned Court is not the proper venue for the claims asserted in the Complaint.

4. The Complaint fails to state a claim upon which relief can be granted.

5. Cassels affirmatively states that the allegations in Paragraphs 17 to 23, 29 to 33 and 40 to 48 are made for improper purpose and are an abuse of process.

6. Debtors have intercepted and published confidential and privileged communications not intended for them and for which they had no consent to intercept and publish.

7. The files of VBF Canada are subject to a solicitor's lien and/or Canadian law.

8. Cassel reserves its right to assert any other affirmative defenses that may be applicable.

WHEREFORE, Cassels Brock & Blackwell LLP prays for judgment against VeroBlue Farms USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc. and Iowa's First, Inc. as follows:

A. Dismissing VeroBlue Farms USA, Inc.'s, VBF Operations, Inc.'s, VBF Transport, Inc.'s, VBF IP, Inc.'s and Iowa's First, Inc.'s Complaint with prejudice;

B. Awarding Cassels its reasonable attorneys' fees, costs and disbursements as permitted by law and/or equity; and

C. For such other and further relief as the Court deems just and equitable.

Dated: November 7, 2019

**SCHWARTZ LAW FIRM**

*/ Michael D. Schwartz*
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP

Certificate of Service: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing. */s/ Jessie Revalee*