## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>VEROBLUE FARMS USA, INC., *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 18-01297<br><br>**PLAINTIFFS' MOTION TO DEEM ADMITTED** |
| VEROBLUE FARMS USA, INC., *et al.*<br>Plaintiffs,<br><br>vs.<br><br>CASSELS BROCK & BLACKWELL LLP,<br><br>Defendant. | Adversary Case No. 19-09015 |

**PLAINITFFS' MOTION TO DEEM ADMITTED AS TO CERTAIN OF DEFENDANT'S
INSUFFICIENT ANSWERS TO THE AMENDED COMPLAINT, OR
ALTERNATIVELY TO REQUIRE DEFENDANT TO REPLEAD THE SAME**

Debtors, pursuant to Fed. R. Civ. P. 8 and Bankr. R. P. 7008, for their Motion to Deem as

Admitted certain deficient answers by Defendant, in its Answer (Dkt. #45) to Debtors' Amended

Complaint (the "<u>Complaint</u>") (Dkt. #44), or alternatively to require Defendant to replead its

answers to paragraphs 9-10, 17-23, 24-29, 29-33, and 40-48 of Debtors' Complaint to comply

with Rule 8, state as follows:

## <u>INTRODUCTION</u>

The Federal Rules of Civil Procedure provide explicit guidelines for answering the discrete

allegations of a complaint: (1) admit; (2) deny; or, (3) aver insufficient information to admit or

deny. Instead, Defendant has chosen a fourth and unauthorized option, electing to repeatedly

respond to several paragraphs of the Complaint with a collective answer that fails to actually

respond to the discrete factual allegations contained in those paragraphs.  Defendant has provided

a "non-answer answer" to the allegations contained within paragraphs 9-10, 17-23, 24-28, 29-33, and 40-48 of Debtors' Complaint.

Previously, Defendant unsuccessfully moved to strike these particular allegations. (Dkt. #13.)  Now, Defendant has attempted a workaround to the Court's ruling by providing no genuine answer to these particular allegations, in a manner which clearly violates Rule 8. Plaintiff requests the Court to deem these particular allegations admitted, or alternatively require Defendant to replead its Answer, clearly admitting, denying, or averring insufficient information to do so as to each discrete factual allegation.

## LAW

Federal Rule of Civil Procedure 8 applies in adversary proceedings. Fed. R. Bankr. P. 7008. Rule 8 establishes requirements for the parties' pleadings. Rule 8(b) governs how a defendant is to respond to a pleading.  Rule 8(b)(1) states that a party must (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party. Rule 8(b)(2) requires that any denial must fairly respond to the substance of the allegation. Rule 8(b)(4) requires that where a party intends in good faith to deny only part of an allegation, the party must admit the part that is true and deny the rest. Rule 8(b)(5) allows a party to state that it lacks knowledge or information sufficient to form a belief about the truth of an allegation, and treats such a statement as a denial.

Where a defendant can admit part of the allegations of a numbered paragraph of the complaint while denying others, the defendant must do so. Throughout its Answer, Defendant has elected to cite discovery objections, feign outrage, or "affirmatively state" facts in its favor without denying the allegations contained within the paragraphs which they claim to be responding to.

Courts in this Circuit have stricken paragraphs of a Defendant's answer where the answers in question are "evasive." *See, e.g., Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, No. 4:13-CV-193 CAS, 2013 WL 6801832, at *4 (E.D. Mo. Dec. 23, 2013). *See also, Leonard v. Lentz*, No. 17-CV-3037-LRR, 2017 WL 11453698, at *4 (N.D. Iowa Aug. 8, 2017) (striking Defendants' particular answers for failure to admit to allegations within in a paragraph which were true before denying the rest, and stating that "counsel should consider whether each response in its amended answer complies with Rule 8(b), and not merely those responses specifically identified by the court").

Bankruptcy Courts in other districts have done the same, and deemed admitted allegations of the underlying complaint. *See, In re Volpert*, 177 B.R. 81, 83 (Bankr. N.D. Ill. 1995) (striking purported answer where it was legally insufficient, in that party failed to admit, deny, or otherwise state, as required by Fed. R. Civ. P. 8); *Matter of Crawford*, 2 B.R. 589 (Bankr. N.D. Ill. 1980) ("The Court finds that the general denial of paragraphs 2-7, inclusive, of the complaint constitutes a sham [...]. On its own motion the Court strikes the answers to paragraphs 2-7 inclusive, of the complaint and holds that the allegations contained in those paragraphs are admitted"); and, *In re Richner,* No. 5-12-BK-02881-JJT, 2018 WL 1165759 (Bankr. M.D. Pa. Mar. 1, 2018) (finding that defendant's answers put forth to challenged responses were insufficient under the pleading requirements of Rule 8, striking the answers, and providing defendant time to amend).

Defendant has repeatedly acted in defiance of Rule 8's requirements in response to Plaintiff's allegations by failing to provide anything resembling an admission or denial, by making blanket denials with no good faith effort to make any partial admissions, and by failing entirely to respond to the substance of particular allegations, as will be described herein. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and

the allegation is not denied. Fed. R. Civ. P. 8(b)(3).  Therefore, Debtors request that these deficient answers be stricken and that paragraphs 9-10, 17-23, 24-28, 29-33, and 40-48 of Debtors' Complaint be deemed admitted.

## I.      Defendant's Answers to Paragraphs 9 and 10

Defendant's "response" to the paragraphs 9 and 10 of the Complaint does not comply with Fed. R. Civ. P. 8(b)(1)(b), as it fails to provide an admission or denial to the allegation posed.

Paragraph 9 of Debtors' Complaint asserts that the Founders of Debtors misappropriated and squandered tens of millions of dollars of debt and equity invested in the venture in less than two years. Paragraph 10 of Debtors' Complaint asserts that the Founders retained Defendant as counsel, and that the Founders had other relationships with Defendant outside Defendant's representation of the Founders.  Instead of responding to each paragraph separately, Defendant responded to both, stating Defendant "denies the allegations set forth in paragraphs 9-10 of the Complaint and affirmatively states any representation of clients other than Debtors is subject to attorney-client privilege and irrelevant to this proceeding."

 Defendant's "answer" is not an admission or denial as provided by Rule 8. Instead, Defendant asserts attorney-client privilege, a discovery objection, in response to a pleading. The allegations of a complaint are not discovery, and therefore a discovery objection is an improper way for a defendant to answer a complaint.  Defendant's response to paragraphs 9 and 10 should be stricken and they should be deemed admitted.

## II.     Defendant's Answer to Paragraphs 17-23

Defendant should be required to replead its "answer" to the Complaint's allegations in paragraphs 17-23, as the answer provided does not conform with Rule 8(b)(1)(b) or 8(b)(4).

- 4 -

Paragraphs 17-23 of the Complaint assert the factual basis for Defendant's relationship with and representation of the Founders. The allegations in these paragraphs detail emails that Debtors have discovered which reveal that several attorneys working for Defendant had relationships with the Founders, both in their capacity as attorneys and possibly otherwise.

Defendant made no effort to admit, deny, or assert a lack of information in responding to the Complaint's allegations. Defendant's collective answer to these seven numbered paragraphs of the Complaint is reproduced here:

> **ANSWER:** In response to paragraphs 17 to 23 of the Complaint, wherein Debtors allege "Debtors have recently discovered emails", Cassels states such discovery and publication of emails is unauthorized, improper and potentially actionable under the Stored Communications Act, 18 U.S.C. §§ 2701, et seq. and other laws. Cassels further affirmatively states that Debtors have improperly obtained and published confidential and privileged communications and documents that are subject to attorney-client privilege between Cassels and clients other than Debtors, with knowledge of Debtors that they were improperly obtaining and publishing confidential and privileged information.  Cassels affirmatively states that these allegations are irrelevant to the issue before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for improper purposes.

No form of the word "deny" or "denial" appears in this paragraph. Instead, Defendant cried foul at the manner in which Debtors obtained the emails forming the basis for Debtors' allegations (and incidentally Defendant has done nothing in court to try to remedy this alleged issue, because it is not a real issue as the emails in question were on Debtors' own servers or produced to Debtor VBF USA in discovery in another case). Again, Defendant improperly asserts a discovery objection to the Complaint, which is not a discovery request, claiming that the manner in which Debtors obtained these emails was somehow improper, without admitting or denying the allegations contained therein.  Defendant's response to paragraphs 17 through 23 should be stricken and they should be deemed admitted.

### III.    Defendant's Answer to Paragraphs 24-28

Paragraphs 24, 25, and 26 of the Complaint are clear statements of unmistakable fact. The

paragraphs, reproduced here, address the fact that Defendant filed a Proof of Claim in Debtors'

bankruptcy proceeding:

> 24. Cassels has filed five Proofs of Claim in these bankruptcy proceedings, each
> for $275,349.21 for "Legal Services," against each of the five Debtors ("Cassels
> Proofs of Claim") (See e.g. Doc. 21-1).

> 25. The Cassels Proofs of Claim are signed by Abidali Ismaili as an "authorized
> agent" of Cassels under the penalties of perjury, and are dated November 26, 2018.

> 26. Each of the five Cassels Proofs of Claim identify either Debtor VBF, VBF Ops,
> VBF Transport, VBF IP, or Iowa's First as the Debtor subject to its Proof of Claim.

Paragraphs 27 and 28 also assert facts, this time regarding the content of those proofs of claim:

> 27. However, attached to the Cassels Proofs of Claim are two invoices not to any
> of the identified Debtors, but to VBF Canada. The first invoice, dated September
> 27, 2017, was sent to a Plano, Texas address, was for "General Corporate Matters,"
> and further identified as "relating to general corporate as well as tax advice relating
> to the Restructuring; and correspondence with working group on all matters." This
> invoice lists extensive work by Maniaci and other Cassels lawyers as to the
> Restructuring.

> 28. The second Cassels invoice attached to each of its proofs of claim, sent to
> Debtors' Webster City, Iowa address, was also for the Restructuring. Therefore,
> these invoices do not pertain to VBP IP per se, as evident from the work described
> in the invoices. Instead, the alleged work performed was for the Debtors and their
> affiliates.

Instead of responding to each allegation, Defendant again elected to respond to five

numbered paragraphs of allegations of the Complaint with one collective answer:

> **ANSWER:** In response to paragraphs 24 to 28 of the Complaint, Cassels admits its
> Collections Officer mistakenly submitted the Proof of Claims and affirmatively
> states that all invoices attached to the Proof of Claims were to VeroBlue Farms,
> Inc., Cassels' Canadian client, which entity is not one of the Debtors. Cassels
> further states the Proofs of Claim have been withdrawn.

- 6 -

These paragraphs contain facts which are undeniable, which Defendant has not bothered to address[1]. As to Paragraph 25, Defendant states that its "Collections Officer" mistakenly submitted the Proof of Claim, but does not admit or deny that Abidali Ismaili was that individual, nor does Defendant admit or deny that Ismaili did so as an authorized agent.  As to Paragraph 26, Defendant "affirmatively states" that the invoices were attached to VeroBlue Farms, Inc., but takes no position as to whether each of the five Debtors were identified as debtors within the proofs of claim. Defendant provides no answer regarding Paragraph 27 and Paragraph 28's allegations as to the contents of the proofs of claim. Defendant has elected to provide a single non-answer, saying that these proofs of claim were submitted "mistakenly," without addressing the contents of the proofs of claim or the substance of the allegations.  Defendant is effectively attempting to assert an affirmative defense of mistake, where no such defense is applicable.

Defendant's stated answer does not fairly respond to the substance of the allegations contained within these paragraphs, and Defendant has made no effort to admit to any part of these allegations which are true. Defendant's answer is in violation of Rule 8(b)(1), 8(b)(2), and 8(b)(4), and should be stricken (and paragraphs 24-28 should be deemed admitted).

### IV.    Defendant's Answer to Paragraphs 29-33

Much like the answer to Paragraphs 29-33, while Defendant has included the word "deny," Defendant has failed to deny any of the allegations from the Complaint.

The allegations contained in Paragraphs 29-33 of the Complaint allege that Sean Maniaci, who is currently identified by Defendant as a partner in its securities law group, had a particular relationship with Debtor VeroBlue Farms USA, Inc. and its affiliate, VBF Canada, as a preferred

---

[1] Defendant has taken a similar, obstructive approach to discovery.  Despite receiving Debtors' requests to produce on October 8, Defendant has not produced one document, and has otherwise evasively answered discovery in bad faith.

shareholder. Debtors allege that Mr. Maniaci and his brother, Anthony, purchased hundreds of thousands of shares of stock in VBF Canada. The allegations, as presented, further establish the relationship between the Founders and Defendant, or at a minimum, Defendant's employees.

Defendant's one answer to these five paragraphs of the Complaint is as follows:

> **ANSWER:** In response to paragraphs 29 to 33 of the Complaint, Debtors' discovery and publication of the emails is unauthorized, improper and potentially actionable under the Stored Communications Act, 18 U.S.C. §§ 2701, et seq. and other laws. Cassels further affirmatively states that Debtors have improperly obtained and published confidential and privileged communications and documents that are subject to attorney-client privilege between Cassels and clients other than Debtors, with knowledge of Debtors that they were improperly obtaining and publishing confidential and privileged information. Cassels denies any and all allegations and implications that Sean Maniaci was engaged in any improper conduct. Cassels affirmatively states that these allegations are irrelevant to the issue before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for improper purposes.

Defendant again repeats its entirely unresponsive objection to Debtors' use of obtained emails, an objection suited for discovery (if at all) and not for the pleading stage. Defendant includes a denial in a paragraph of irrelevant arguments, and its block answer here cannot be fairly construed as an admission or denial pursuant to Rule 8. Defendant's response to paragraphs 29 through 33 should be stricken and they should be deemed admitted.

## V.   Defendant's Answer to Paragraphs 40-48

Here, Defendant has collectively denied eight allegations made by the Complaint in one block answer. The paragraphs relate to a letter which Mr. Maniaci wrote to his "Fellow VBF Shareholders" on Defendant's letterhead, which Debtors allege misled shareholders regarding the nature and status of Debtors' bankruptcy proceedings.

Defendant's collective answer to these nine paragraphs of the Complaint is:

> **ANSWER:** In response to paragraphs 40 to 48 of the Complaint, Cassels admits that a letter dated January 9, 2019 was sent by Mr. Maniaci in his individual

capacity "as a minority shareholder of VeroBlue Farms", a Canadian entity that is not one of the Debtors nor is it an affiliate of the Debtors. Cassels affirmatively denies that the letter is deceptive and that any of the allegations in paragraph 40 to 48 of the Complaint are relevant to the issues before this Court, namely whether Debtors have an interest and a right to client files of Cassels, and these allegations have been asserted for an improper purpose. The allegations in paragraph 45 are outright false.

Defendant's answer contains a blanket denial of Debtors' conclusion that the letter is deceptive. But the allegations contained in these paragraphs include information which is undeniable. For example, paragraph 43 directly quotes a letter written by Defendant on March 20, 2019, in which Defendant issued a letter meant to distance Mr. Maniaci's letter from Defendant, writing that Mr. Maniaci wrote the letter "in his personal capacity," and that the letter "should not have been put on to our firm's letterhead." This letter was included as an attachment.

If Defendant was acting in good faith, as is required by Rule 8, it could have, at a minimum, admitted that it wrote the letter. Instead, it groups three pages of allegations into a single blanket denial, with no effort to respond to the allegations therein with any specificity. Defendant's response to paragraphs 40 through 48 should be stricken and they should be deemed admitted.

## CONCLUSION

The Court should strike Defendant's answers as to, and deem admitted, paragraphs 9-10, 17-23, 24-28, 29-33, and 40-48 of the Complaint. Alternatively, Defendant should be required to re-answer paragraphs 9-10, 17-23, 24-28, 29-33, and 40-48 of the Complaint, admitting, denying, or averring insufficient information as to each discrete factual allegation of each paragraph. Alternatively, Plaintiff requests relief deemed just.

Respectfully Submitted,

**VeroBlue Farms USA, Inc., VBF
Operations, Inc., VBF Transport, Inc.,
VBF IP, INC., and Iowa's First, Inc.**

By:/s/ Dan Childers_____                By: /s/ Robert H. Lang_____
      One of Their Attorneys                      One of Their Attorneys

Dan Childers                                 Robert H. Lang
Elderkin & Pirnie                            Thompson Coburn LLP
316 Second St. SE                            55 East Monroe, 37th Floor
Suite 124                                    Chicago, IL 60603
PO Box 1968                                  312-346-7500 (main)
Cedar Rapids, IA 52401                        rhlang@thompsoncoburn.com
319-362-2137 (main)
Dchilders@elderkinpirnie.com