UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: | Bankruptcy No: |
| VeroBlue Farms USA, Inc. | 18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

**CASSELS BROCK & BLACKWELL LLP'S OPPOSITION
TO PLAINTIFFS' MOTION TO DEEM ADMITTED**

Cassels Brock and Blackwell LLP, ("Cassels") for its Opposition to Plaintiffs' Motion to Deem Admitted (Doc. No. 47), by and through its undersigned counsel, and pursuant to Fed. R. Bankr. P. 9006(d), states and alleges as follows:

**I.     INTRODUCTION.**

1. Debtors have attempted to draw Cassels into the underlying disputes between and among the individuals who initially formed VBF Canada and the entities owned and/or controlled by Swiss billionaire Otto Happel. Debtors have asserted in multiple venues that "the Founders", are "five men who misappropriated and squandered close to $80 million of debt and equity invested in debtors in less than two years". The Founders deny these allegations and have asserted that the Happel entities, including the Debtors, have engaged in a "loan to own" scheme, agreed to provide financing only to strategically cut

off funds and exercise security interests to gain all ownership rights extinguishing the ownership interests of all others.

2. While the Debtors seek to go well beyond the issues in this proceeding, Cassels has responded directly, in good faith and in compliance with the Federal Rules of Civil Procedure to address the issues in this proceeding. Cassels has acted as required in recognition of its responsibilities to clients were not the Debtors. Debtors willfully ignore the rights of clients other than themselves and apparently seek to gain information that may, or may not be, relevant to the litigation pending in Texas but that is clearly <u>not</u> relevant in this proceedings.

3. Debtors have made multiple conclusory allegations in their Amended Adversary Complaint ("Complaint"])which have violated the notice pleading standards of Fed. R. Civ. P. 8. Notwithstanding, Cassels has properly responded to these allegations, both with a general denial in paragraph three of its Answer to Amended Complaint ("Answer") and its specific denials to specific paragraphs. Should the Court rule otherwise, Cassels respectfully requests the opportunity to file an amended answer addressing any issues of concern to the Court.

    **II.    FED. R. CIV. P. 8.**

4. Fed. R. Civ. P. 8(a)(2) provides that a claim for relief must contain "a short and plain statement of the claim showing the pleader is entitled to relief". The issue in this proceeding is whether Cassels represented <u>the Debtors</u> and are entitled to files belonging to <u>the Debtors</u>.

5. Fed. R. Civ. P. 8(b)(1)(A) provides that in responding to a pleading, a party must "state in <u>short</u> and <u>plain</u> terms its defenses to each claim <u>asserted against it</u>; and (B) admit or deny

the allegations <u>asserted against it</u> by an opposing party." (emphasis added). Cassels has done so.

6. Fed. R. Civ. P. 8(b)(2) provides that "[a] denial must fairly respond to the substance of the allegation." The denials by Cassels fairly respond to the allegations against Cassels.

7. Fed. R. Civ. P. 8(b)(3) provides "[a] party that intends in good faith to deny all the allegation of a pleading – including the jurisdiction grounds—<u>may do so by a general denial</u>. A party that does not intend to deny all the allegations must either specifically deny designated allegations or <u>generally deny all except those specifically admitted</u>." (emphasis added). The general and specific denials by Cassels have been made in good faith with respect to the allegations against Cassels.

8. Fed. R. Civ. P. 8(b)(4) provides that "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." The partial denials and partial admissions by Cassels have been made in good faith with respect to the allegations against Cassels.

    **III.**    **Paragraphs 9 and 10 of the Amended Complaint.**

9. Paragraph 9 of the Complaint (Doc. No. 44) is denied in Paragraph 3 of the Answer (Doc. No. 45) and again in paragraph 9 of the Answer (*Id.*). Cassels has properly denied this conclusory allegation in compliance with Fed. R. Civ. P. 8(b)(1), (2), and (3).

10. Paragraph 10 of the Complaint (Doc. No. 44) is denied in Paragraph 3 of the Answer (Doc. No. 45) and again in paragraph 9 of the Answer (*Id.*). Cassels has never been retained by any of the Founders to represent any of the Debtors. Tellingly, the Debtors have refused to identify any legal representation by Cassels of any of the Debtors and have produced no representation agreements between Cassels and any of the Debtors,

because none exist. Cassels has properly denied this conclusory allegation in compliance with Fed. R. Civ. P. 8(b)(1), (2), and (3).

11. Debtors have not defined what "relationships" they refer to when they allege "the Founders had other relationships with Cassels", but go on to eliminate any relevancy to the issues in this litigation by stating "relationships with Cassels outside of Cassels' representation of Debtors". Cassels has properly responded by denying Cassels has been retained as counsel for Debtors and stating its defense that any representation of clients other than Debtors is subject to attorney-client privilege and is irrelevant to this proceeding.

**IV.    Paragraphs 17-23 of the Amended Complaint.**

12. In paragraph 17 of the Complaint (Doc. No. 44), Debtors make vague allegations of "long-standing relationships" unrelated to these pleadings by their own definition – "outside of Debtors business". Debtors do not explain or define what they mean by "longstanding" or "relationships". These allegations are denied by Paragraph 3 of the Answer (Doc. No. 45).

13. In paragraph 17 of the Complaint (Doc. No. 44), debtors make vague allegations of "having recently discovered emails" without stating when, who or how the emails were allegedly discovered. Debtors now claim the "emails in question were on Debtors' own servers or produced to Debtor VBF USA discovery in another case". Debtors have refused to identify which emails were allegedly "discovered" on Debtors' own servers, by whom, when or how they got on Debtors' servers. Moreover, Debtors have refused to identify who allegedly produced the emails "in discovery in another case" and how Debtors could use the emails in this other case without violating the Protective Order in

the other case prohibiting such use. Importantly, Cassels is <u>not</u> a party in the other case involving the Debtors and the Founders. The allegations that "Debtors have recently discovered emails" is denied by paragraph 3 of the Answer (Doc. No. 45).

14. Paragraph 18 (Doc. No. 44) relates to an entity called Left Rail Investments, Inc. and is denied by paragraph 3 of the Answer (Doc. No. 45).

15. Paragraph 19 (Doc. No. 44) relates to an entity called ChipMeds, Inc. and is denied by paragraph 3 of the Answer (Doc. No. 45).

16. Paragraph 20 (Doc. No. 44) alleges "various Cassels invoices and other billing statements to Debtors" and is denied by paragraph 3 of the Answer (Doc. No. 45). As admitted by the Debtors in paragraph 22 of their Complaint (Doc. No. 44), "Cassels' invoices were directed to <u>VBF Canada</u>", not VBF USA. (emphasis added).

17. Paragraph 21 (Doc. No. 44) alleges Cassels acted as counsel for Debtors in restructuring work and is denied by paragraph 3 of the Answer (Doc. No. 45). While Cassels did represent VBF Canada in the restructuring discussions, the restructuring did not take place as a result of what the Founders describe as the "loan to own" strategic actions by the Happel entities.

18. Paragraph 22 (Doc. No. 44) alleges Cassels' "services ultimately were for other Debtors such as VBF [USA]" and is denied by paragraph 3 of the Answer (Doc. No. 45).

19. Paragraph 23 (Doc. No. 44) alleges "examples of Cassels' representation of Debtors" and is denied by paragraph 3 of the Answer (Doc. No. 45).

20. The publication of the emails and the attached confidential and privileged communications will be addressed in due course following Debtors' compliance with the

discovery requests seeking to determine the circumstance of the interception and publication of these emails and documents.

**V.     Paragraphs 24-28 of the Amended Complaint.**

21. The Court is well aware of the circumstance relating to the Proofs of Claim mistakenly submitted. Cassels has admitted the Proofs of Claim were submitted mistakenly by its Collections Officer, who is identified in the documents themselves as the Collection Officer. Cassels has admitted that the Proofs of Claim attached invoices to VBF Canada, its Canadian client, <u>not</u> to VBF USA or any of the other Debtors. Cassels has denied the allegation that the "work performed was for the Debtors and their affiliates" by the general denial in paragraph 3 of the Answer (Doc. No. 45) and the specific denial in paragraph 16 of the Answer (*Id.*). Cassels has fairly responded to these allegations in the Complaint.

**VI.    Paragraphs 40-48 of the Amended Complaint.**

22. The allegations in paragraphs 40 to 48 (Doc. No. 44) are not allegations against Cassels and required no response by Cassels but rather are allegations against Sean Maniaci who is not a party to this action and "in his individual capacity as a minority shareholder of [VBF Canada]".

23. In paragraph 21 of the Answer (Doc. No. 45), Cassels admits that Maniaci sent the January 9, 2019 letter in his individual capacity. Cassels denies that the letter is deceptive and Cassels states the allegations in paragraph 45 of the Complaint are outright false. It is instructive that the Debtors are asking the Court to deem the allegations in Paragraph 45 as admitted when these allegations are outright untrue. See Doc. No. 149 in Court File No. 18-01297.

24. Importantly, each and all of the allegations in paragraphs 40 – 48 are denied in paragraph 3 of the Answer (Doc. No. 45) and again in paragraph 21 of the Answer (*Id.*). Cassels has properly responded to these allegations in compliance with Fed. R. Civ. P. 8.

### VII.    CONCLUSION

25. Cassels respectfully requests that Plaintiffs' Motion to Deem Admitted (Doc. No. 47) be denied in its entirety.  Notwithstanding the Debtors' failure to plead in compliance with Fed. R. Civ. P. 8 by stating short and plain allegations setting forth its claims against Cassels, Cassels has admitted the allegations against it that are true, denied the allegations against it that are not true and otherwise in good faith has set forth its defenses to the allegations against it.

26. Alternatively, if the Court determines that Cassels should more specifically respond to the allegations contained in the Amended Complaint (Doc. No. 44), that Cassels have 21-days to provide such an amended Answer.

**SCHWARTZ LAW FIRM**

Dated: February 19, 2020

  */s/ Michael D. Schwartz*
*/s Brandon M. Schwartz*
Michael D. Schwartz, AT0013972
Brandon M. Schwartz, AT0011248
600 Inwood Avenue N.
Suite 130
Oakdale, MN 55128
(651) 528-6800
Mschwartz@mdspalaw.com
Bschwartz@mdspalaw.com
Local Counsel for Cassels Brock & Blackwell LLP

Certificate of Service: This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing. */s/ Jessie Revalee*