IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>VEROBLUE FARMS USA, INC. *et al.*<br>             Debtors.<br><br>VEROBLUE FARMS USA, INC. *et al,*<br>             Plaintiffs,<br><br>vs.<br><br>CASSELS BROCK & BLACKWELL LLP,<br>             Defendant. | Chapter 11 Bankruptcy<br><br>Case No. 18-01297<br><br>Adv. Case No. 19-09015 |

**MEMORANDUM AND ORDER RE MOTION TO DEEM ADMITTED AND MOTION TO COMPEL DISCOVERY**

This matter came on for telephonic hearing on February 20, 2020. Plaintiff, Veroblue Farms USA, Inc. ("VBF") filed a Motion to Compel against Defendant, Cassels Brock & Blackwell LLP ("Cassels"). Dan Childers and Robert Lang appeared for VBF. Michael and Brandon Schwartz appeared for Cassels. VBF requests Cassels to provide complete answers to Interrogatories, Requests for Production, and Requests for Admission. VBF also filed a Motion to ask the Court to Deem Admitted all of Requests for Admission.

VBF argues that Cassels has failed to produce any documents relying on privilege claims. Cassels has yet to submit a privilege log. Under Federal Rule of Civil Procedure Rule 26, "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: "[…] describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Cassels has failed to provide any support regarding its claims of privilege.

Cassels has also raised issues of relevance. This Court views the standard of relevance during discovery as broader than in the context of admissibility. See In re Lyons, Adv. No. 12-9113, 2013 WL 5726718, at *2 (Bankr. N.D. Iowa Oct. 21, 2013). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." Moses v. Halstead, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

**WHEREFORE,** upon consideration of the Motions and statements, the Court finds that the Motion to Compel should be and is hereby GRANTED.

**FURTHER,** the Motion to Deem Admitted is DENIED, but the Court requests Cassels to amend their Admissions in compliance with Fed. R. Civ. P. 8 b.

**IT IS FURTHER ORDERED THAT:**

1. Within 21 days, Defendant Cassels Brock & Blackwell, LLP, will provide supplemental, and complete answers and produce all requested documents for:

    a. Defendant's Answers to Interrogatories, Nos. 1, 2, 4, 5, 6, 9, 11, 12, 15, 19, 22, 23, 25, and 27, and such supplemental answers to interrogatories shall be signed by counsel and verified by Defendant.

    b. Defendant's Response to Plaintiff's First Requests for Production, Nos. 1 through 20, as well as Defendant's Response to Plaintiff's Second Requests for Production response, No. 1; and

    c. Defendant's Response to Plaintiff's Requests for Admission, Nos. 2, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16, 18, 19, 25, 26, 29, 33-36 (sic), 37 (sic), 38 (sic), at 49-51 (sic).

2. The parties have not entered into a Protective Order because they could not come to agreement on terms regarding venue and jurisdiction. This Court Orders that the standard Protective Order in the local rules shall apply but should also contain a clause stating that "whatever personal

jurisdiction arguments parties have at this moment are preserved and will not be deemed waived by producing documents and answering discovery."

3. Cassels shall respond more specifically to VBF Requests for Admissions. Cassels shall either admit, deny, say it is unable to do so and explain what information it needs to make that determination. If a request is partially admitted and partially denied, Cassels shall specify which part is admitted and which part is denied. Cassels must address all parts of each of VBF's Request for Admissions.

4. To the extent the VBF Motion to Compel seeks Court intervention to compel deposition attendance, that portion of the Motion is continued until after all written discovery is completed. At that time, the parties will request a telephonic hearing if Court intervention is still needed.

Dated and Entered:
February 21, 2020

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE