**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>VEROBLUE FARMS USA, INC., *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 18-01297<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED** |
| VEROBLUE FARMS USA, INC., *et al.*<br>Plaintiffs,<br><br>vs.<br><br>CASSELS BROCK & BLACKWELL LLP,<br><br>Defendant. | Adversary Case No. 19-09015 |

**PLAINITFFS' REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED (Dkt. #47)
DEFENDANT'S ANSWERS TO THE AMENDED COMPLAINT**

Defendant posits no viable basis for its Answer (Dkt. #45) to paragraphs 9-10, 17-23, 24-28, 29-33, and 40-48 of Debtors' Complaint (Dkt. #44). Instead, in its Response (Dkt. #51), Defendant does not dispute the relevant law: Defendant is obligated to admit, deny, or aver insufficient information to admit or deny not only as to **each** paragraph of the Complaint, but also as to discrete facts within each paragraph of the Complaint. Defendant violated this unmistakable law by answering blocks of allegations in one averment, by failing to "admit," "deny," or aver insufficient information as to each discrete allegation, and by raising discovery and other improper objections in an answer to a complaint.

**The Indisputable Law**

Defendant has not generally denied all allegations of the Complaint, **nor could it do so in good faith.** In other words, there is not a one line answer to the Complaint, to the effect that "Defendant generally denies all allegations of the Debtors' Amended Complaint." Instead,

Defendant has admitted or denied discrete allegations of the Complaint other than those specific paragraphs identified above (9-10, 17-23, 24-28, 29-33, and 40-48).  Examples from the Answer (Dkt. 45) include those set forth below and others than those specifically listed above:

> 2. **In response to paragraph 1** of the Complaint, Cassels **admits** that this action is an adversary proceeding filed pursuant to Fed. R. Bank. 7001.
>
> 3. **In response to paragraph 2** of the Complaint, Cassels **denies** that this Court has subject matter jurisdiction over this proceeding.
>
> 8. Cassels **admits** the allegations set forth in **paragraphs 7-8** of the Complaint and affirmatively states that Cassels has never represented the Debtors.
>
> 18. Cassels **admits** the referenced letters set forth in **paragraphs 34-35** of the Complaint were sent.

The problem is that Defendant did not follow Rule 8 as to the other answers at issue in Debtors' Motion.  Indeed, Defendant admits as follows: "8. Fed. R. Civ. P. 8(b)(4) provides that "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." (Response, Dkt. 51, at p. 3.)  Defendant did not follow this rule as to the specific allegations identified by Plaintiffs.

In its Response,  Defendant does not dispute or distinguish any of the case law cited by Debtors in their Motion, that courts in this Circuit have stricken paragraphs of a defendant's like those attempted by Defendant in this case. *See, e.g., Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, No. 4:13-CV-193 CAS, 2013 WL 6801832, at *4 (E.D. Mo. Dec. 23, 2013). *See also, Leonard v. Lentz*, No. 17-CV-3037-LRR, 2017 WL 11453698, at *4 (N.D. Iowa Aug. 8, 2017) (striking Defendants' particular answers for failure to admit to allegations within in a paragraph which were true before denying the rest, and stating that "counsel should consider whether each response in its amended answer complies with Rule 8(b), and not merely those responses specifically identified by the court"); *In re Volpert*, 177 B.R.

81, 83 (Bankr. N.D. Ill. 1995) (striking purported answer where it was legally insufficient, in that party failed to admit, deny, or otherwise state, as required by Fed. R. Civ. P. 8); *Matter of Crawford*, 2 B.R. 589 (Bankr. N.D. Ill. 1980) ("The Court finds that the general denial of paragraphs 2-7, inclusive, of the complaint constitutes a sham […]. On its own motion the Court strikes the answers to paragraphs 2-7 inclusive, of the complaint and holds that the allegations contained in those paragraphs are admitted"); and, *In re Richner,* No. 5-12-BK-02881-JJT, 2018 WL 1165759 (Bankr. M.D. Pa. Mar. 1, 2018) (finding that defendant's answers put forth to challenged responses were insufficient under the pleading requirements of Rule 8, striking the answers, and providing defendant time to amend).

Nor does Defendant support its assertion of the attorney-client privilege or other discovery objections in its answer to a complaint.

**Defendant's Answers to Paragraphs 9 and 10**

Defendant provides no justification for its assertion of the attorney-client privilege as a proper answer to a complaint, and no such answer is permitted by Rule 8. While Defendant's answer purports to also deny paragraphs 9 and 10, Defendant cannot qualify such answers with the assertion of a discovery privilege.

**Defendant's Answer to Paragraphs 17-23**

Defendant answered these paragraphs with one block allegation that did not "admit," "deny," or aver insufficient information in any respect, let alone as to each discrete allegation. Instead, Defendant launched into a false attack based on Plaintiffs' alleged publication of confidential material (something that Defendant has not sought to redress since the Amended Complaint was filed on October 31, 2019, and the original Complaint, which contained similar allegations, was filed on March 27, 2019, *i.e.* through a motion to seal the documents). Otherwise,

in its Response, Defendant seeks to cross-reference its answers to other allegations of the Complaint by and for these answers. This is nothing more than obfuscation.

**Defendant's Answer to Paragraphs 24-28**

Similarly, in its Response, Defendant points to its answers to other allegations of the Complaint, which again does not conform to Rule 8 and the law construing it.

**Defendant's Answer to Paragraphs 40-48**

These paragraphs relate to a letter which Mr. Maniaci wrote to his "Fellow VBF Shareholders" on Defendant's letterhead, which Debtors allege misled shareholders regarding the nature and status of Debtors' bankruptcy proceedings. In Response, Defendant states: "The allegations in paragraphs 40 to 48 (Doc. No. 44) are not allegations against Cassels and required no response by Cassels but rather are allegations against Sean Maniaci who is not a party to this action and "in his individual capacity as a minority shareholder of [VBF Canada].'" (Response, Dkt. #51 at 6.)  Previously, as set forth in the Motion, Defendant lost its attempt to strike these and other allegations of the Complaint as improper or irrelevant. (*See*, Dkt. #13.)  Defendant still refuses to heed this Court's Order denying Defendant's prior attempt to evade these allegations. Otherwise, Defendant repeats its confusing and obfuscating defense of its answer to paragraphs 40 through 48 by cross-referencing its answers to other paragraphs of the Complaint.

## CONCLUSION

The Defendant could have taken the opportunity to simply do the right thing-revise its answer in compliance with Rule 8. Instead, Defendant clung to frivolous legal arguments.  Indeed, after receiving Plaintiffs' Motion, Defendant could have asked the Court to take this correct approach.  Therefore, the Court should strike Defendant's answers as to, and deem admitted, paragraphs 9-10, 17-23, 24-28, 29-33, and 40-48 of the Complaint. The alternative of revising its

- 5 -

answer should no longer be afforded to the Defendant. Otherwise, its dilatory and obstructive pleading style will be rewarded with the delay of these proceedings that has been caused, and will be caused, by Defendant's refusal to comply with Rule 8.

                    **VeroBlue Farms USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, INC., and Iowa's First, Inc.**

By:/s/ Dan Childers                    By: /s/ Robert H. Lang
    One of Their Attorneys                  One of Their Attorneys

Dan Childers                                   Robert H. Lang
Elderkin & Pirnie                             Thompson Coburn LLP
316 Second St. SE                       55 East Monroe, 37th Floor
Suite 124                                         Chicago, IL 60603
PO Box 1968                                 312-346-7500 (main)
Cedar Rapids, IA 52401             rhlang@thompsoncoburn.com
319-362-2137 (main)
Dchilders@elderkinpirnie.com

- 6 -

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies under penalties as provided by law, that on April 9, 2020, she caused a true and correct copy of **Plaintiffs' Reply in Support of Motion to Deem** to be served upon counsel of record via ECF system of Iowa:

/s/     Arianna Thornton