UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: <br> VeroBlue Farms USA, Inc. | Bankruptcy No: <br> 18-01297 |
| Debtor(s). | Chapter 11 |
| VeroBlue Farms USA, Inc. | Adversary No. 19-09015 |
| Plaintiff(s). | |
| vs. | |
| Cassels Brock & Blackwell LLP | |
| Defendant(s). | |

**CASSELS BROCK & BLACKWELL LLP'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(2)**

**SCHWARTZ LAW FIRM**
*Attorneys for Defendant Cassels Brock & Blackwell LLP*
Michael D. Schwartz (IA#AT0013972)
Brandon M. Schwartz (IA#AT0011248)
600 Inwood Avenue North, Suite 130
Oakdale, MN  55128
(651) 528-6800
brandon@mdspalaw.com
michael@mdspalaw.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................................................ii

**I.   INTRODUCTION**........................................................................................................ 1

**II.  ARGUMENT** ...........................................................................................................1-10

    A.  ANSWERING THE COMPLAINT DOES <u>NOT</u> RENDER CASSELS' MOTION "IMPROPER" ........................................................................................ 1

    B.  THE CASE LAW RELIED UPON BY PLAINTIFFS ESTABLISHES THAT CASSELS HAS <u>NOT</u> WAIVED ITS LACK OF PERSONAL JURISDICTION DEFENSE........................................................................................................2-4

    C.  THIS COURT LACKS GENERAL AND SPECIFIC PERSONAL JURISDICTION OVER CASSELS ..................................................................4-8

    D.  FED. R. CIV. P. 4(k)(2) IS INAPPLICABLE TO THIS MATTER...............8-9

    E.  ADDITIONAL DISCOVERY IS INAPPROPRIATE AS THIS MATTER IS RIPE FOR RESOLUTION ..................................................................................10

    F.  THERE WAS NO BAD FAITH AND THUS PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES FAILS ............................................................................ 10

**VII. CONCLUSION** ........................................................................................................ 10

# TABLE OF AUTHORITIES

**RULES**

Fed. R. Civ. P. 4(k)(2)..................................................................................................8, 9

Fed. R. Civ. P. 12(b)........................................................................................................1

Fed. R. Civ. P. 12(b)(2)...................................................................................................1

Fed. R. Civ. P. 12(h)(1)(B)(ii) ........................................................................................ 1

**CASES**

*Alger v. Hayes*, 452 F.2d 841 (8th Cir. 1972)................................................................3

*Comcast of Illinois X, LLC v. TKA Elecs., Inc.*, 2004 WL 628222 (D. Neb. Mar. 30, 2004)..........4

*Fraserside IP L.L.C. v. Letyagin*, 885 F.Supp.2d 906 (N.D. Iowa 2012).......................9

*Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323 (2d Cir. 1993)...............................6

*In re Cruisephone, Inc.*, 278 B.R. 325 (Bank. E.D.N.Y. 2002).....................................6, 7

*In re: Lehman Brothers Holdings Inc.*, 544 B.R. 16 (Bank. S.D.N.Y. 2015)..........5, 6, 7

*Johnson v Arden*, 614 F.3d 785 (8th Cir. 2010)..............................................................5

*J.Y.C.C. v. Doe Run Res.*, 370 F.Supp. 3d 1047 (E.D. Mo. Feb. 27, 2019)....................4

*Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087 (8th Cir. 2008)................................5

*Network Professionals, Inc. v. Network Int'l Ltd.*, 146 F.R.D. 179 (D. Minn. 1993)......4

*Picard v. The Estate of Doris Igoin, Laurence Apfelbaum, and Emilie Apfelbaum (In re Bernard L. Madoff Investment Securities LLC)*, 525 B.R. 871 (Bankr. S.D.N.U. 2015)..........5, 6

*Synthes (U.S.A.) v. G.M. Dos Reis Jr.*, 563 F.3d 1285 (Fed. Cir. 2009)..........................9

*TLC Vision (USA) Corp. v. Freeman*, 2013 WL 2181267 (E.D. Mo. May 20, 2013)................. 3-4

*Yeldell v. Tutt*, 913 F.2d 533 (8th Cir. 1990) ..................................................................2

# I. INTRODUCTION[1]

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Cassels Brock & Blackwell LLP ("Cassels"), by and through its undersigned attorneys, respectfully files this Reply Brief in Support of its Motion to Dismiss the Amended Adversary Complaint (Doc. No. 44) ("Complaint") filed by Plaintiffs for lack of personal jurisdiction.

Contrary to Plaintiffs' Resistance (Doc. No. 76), Cassels did <u>not</u> waive its right to assert lack of personal jurisdiction and Cassels has <u>not</u> taken any purposeful acts directed at Iowa sufficient for this Court to exercise specific personal jurisdiction over Cassels. As such, Cassels respectfully requests that this Court grant Cassels' Motion to Dismiss.

## II. ARGUMENT

**A.    ANSWERING THE COMPLAINT DOES <u>NOT</u> RENDER CASSELS' MOTION "IMPROPER".**

Plaintiffs assert that Cassels' Answers, all three of which affirmatively stated "[t]he above-captioned Court lacks personal jurisdiction over Cassels" (Doc. Nos. 14, 27 and 45, Affirmative Defense No. 2 in each), renders this Motion "improper". (Doc. No. 76, p. 14). Pursuant to Fed. R. Civ. P. 12(b)[2] and Fed. R. Civ. P. 12(h)(1)(B)(ii)[3], this argument lacks legal support. Cassels asserted lack of personal jurisdiction in three separate Answers and, therefore, pursuant to Fed. R. Civ. P. 12, Cassels' lack of personal jurisdiction defense was properly preserved for decision on this pending Motion.

---

[1] By agreement of the parties and consent of the Court during the April 2, 2020 hearing, Cassels files this Reply Brief, limited to 10-pages, excluding the tables of contents and authorities, within 14-days of Plaintiffs' Opposition (Doc. No. 76).
[2] Fed. R. Civ. P. 12(b) provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party **may** assert the following defenses by motion…" (emphasis added).
[3] Fed. R. Civ. P. 12(h)(1)(B)(ii) provides that a waiver of the defense of lack of personal jurisdiction occurs if "failing to either…include it in a responsive pleading…" Cassels affirmatively asserted its lack of personal jurisdiction defense in three answers.

1

**B.    THE CASE LAW RELIED UPON BY PLAINTIFFS ESTABLISHES THAT CASSELS HAS <u>NOT</u> WAIVED ITS LACK OF PERSONAL JURISDICTION DEFENSE.**

Plaintiffs next assert that Cassels waived any jurisdictional arguments (Doc. No. 76, p. 14-16), citing six (6) distinguishable cases. Each of the cases cited by Plaintiffs support the conclusion that Cassels has <u>not</u> waived its right to assert its lack of personal jurisdiction defense.

Plaintiffs heavily rely upon *Yeldell v. Tutt*, 913 F.2d 533 (8th Cir. 1990). The Eighth Circuit Court of Appeals held that defendants submitted to the court's jurisdiction, but on vastly distinguishable facts from this matter. While the defendants asserted a lack of personal jurisdiction in their answer, thereafter, they failed to "reassert the issue of personal jurisdiction until this appeal." *Id*. at 539. Defendants "participated in discovery, filed various motions, participated in a five-day trial, and filed post-trial motions, all without raising the issue of personal jurisdiction or requesting a ruling on it." *Id*.

Distinguishable from the *Yeldell* case, Cassels not only asserted lack of personal jurisdiction in three separate answers, (Doc. Nos. 14, 27 and 45, Affirmative Defense No. 2 in each), but also reaffirmed the same at every step of this proceeding by:

- executing the Rule 26(f) Report reaffirming its jurisdictional defenses (Doc. No. 26, ¶ (a)(2) ("Without waiving the jurisdictional defenses, Cassels substantively maintains that id did not represent or provide legal services to any of the four Debtors/Plaintiffs");

- filing its Motion for Protective Order and expressly stating the same was filed "with a full reservation of all rights as it relates to personal jurisdiction and venue" (Doc. No. 32, p. 1);

- filing its Reply in Support of Motion to Compel and Motion for Protective Order which was focused on the facts establishing this Court's lack of personal jurisdiction (Doc. No. 40, p. 2 ("To address the issues in this Adversary Proceeding, as more fully set forth below, Cassels asked the Debtors to identify the facts upon which they base their allegations as to jurisdiction and venue"), and 4 ("Debtors refuse to **identify the facts** upon which Plaintiffs/Debtors allege that this Court has **personal jurisdiction** over Cassels" (emphasis in original); and

- demanding, over Plaintiffs' objection, that Cassels' jurisdictional defense be included in

2

the Protective Order (Doc. No. 55, ¶ 16 ("Whatever personal jurisdiction arguments parties have at this moment are preserved and will not be deemed waived by producing documents and answering discovery.")).

Not only did Cassels reaffirm its lack of personal jurisdiction defense throughout this case, but timely brought this pending Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 60). Unlike the defendants in *Yeldell*, Cassels did not proceed through trial and post-trial motions before reasserting the lack of personal jurisdiction defense. Plaintiffs' reliance on *Yeldell* is misplaced.

Similarly, Plaintiffs' reliance upon *Alger v. Hayes*, 452 F.2d 841 (8th Cir. 1972) misses the mark. The defendants in *Alger* "did not assert any objection to jurisdiction over his person in the answer filed" and: "(a) served interrogatories on plaintiffs and received their responses, (b) demanded and received plaintiffs' witness and exhibits lists, (c) furnished plaintiffs with his witness and exhibits lists, (d) stipulated to the foundation of certain exhibits and (e) obtained adverse medical examinations of plaintiffs." *Id*. at 843-44. Defendants' counsel even stated during the first day of trial, in response to a question posed by the judge regarding compliance with the verdict, that "If it is a fair and just verdict, we certainly are willing to pay it." *Id*. at 844. Distinguishable from *Alger*, Cassels asserted lack of personal jurisdiction in three separate answers, only served limited discovery related to the jurisdictional issues, reasserted its jurisdictional objections in its discovery responses, has not served any pre-trial filings, has not taken any depositions, has not appeared for any depositions and filed its Motion to Dismiss for Lack of Personal Jurisdiction long before the commencement of trial. Again, Cassels did not waive its lack of personal jurisdiction defense.

The four (4) non-precedential cases relied upon by Plaintiffs are similarly factually distinguishable. *See TLC Vision (USA) Corp. v. Freeman*, 2013 WL 2181267 (E.D. Mo. May 20, 2013) (lack of personal jurisdiction defense waived when first asserted <u>after</u> decision on

3

motion for temporary restraining order, motion for reconsideration, and preliminary injunction hearing which lasted several days); *J.Y.C.C. v. Doe Run Res.*, 370 F.Supp. 3d 1047 (E.D. Mo. Feb. 27, 2019) (holding lack of personal jurisdiction defense waived when defendants waited 21-months to file motion to dismiss and filed "answers to the complaint **without asserting a personal jurisdiction defense** and by subsequently litigating the matter extensively before filing their present motion to dismiss." (emphasis added)); *Network Professionals, Inc. v. Network Int'l Ltd.*, 146 F.R.D. 179 (D. Minn. 1993) ("The Court holds that defendants have waived their personal jurisdiction defense by **failing to raise it in their answer**." (emphasis added)); *Comcast of Illinois X, LLC v. TKA Elecs., Inc.*, 2004 WL 628222 (D. Neb. Mar. 30, 2004) (defendant participated in a temporary restraining order, expedited discovery, and settlement efforts before moving to dismiss for lack of personal jurisdiction).

At each and every opportunity, Cassels properly asserted and preserved its defense of lack of personal jurisdiction. Cassels timely filed its Motion to Dismiss for Lack of Personal Jurisdiction and has not waived the same. Had Cassels filed its Motion for Lack of Personal Jurisdiction earlier in these proceedings, Plaintiffs would have sought jurisdictional discovery – proof positive by the fact that even now, Plaintiffs ask for additional jurisdictional discovery. (Doc. No. 76, p. 26-28). Cassels respectfully requests that this Court grants its pending Motion.

**C.    THIS COURT LACKS GENERAL AND SPECIFIC PERSONAL JURISDICTION OVER CASSELS.**

Cassels asserted that this Court lacked general jurisdiction over Cassels. (Doc. No. 60-1, p. 20-21). Plaintiffs concede the same as they do not argue that general jurisdiction in Iowa exists. *See gen.* (Doc. No. 76).

With respect to specific jurisdiction, Plaintiffs make the following three arguments: 1) the filing of the Proofs of Claim, which were withdrawn, establish specific jurisdiction over Cassels;

4

2) Mr. Maniaci's personal January 9, 2019 letter confers specific jurisdiction over Cassels; and 3) Cassels purportedly consented to jurisdiction in Iowa by representing Plaintiffs. (Doc. No. 76, p. 18-25). Each of these arguments fails.

The inadvertent filing of the Proofs of Claims by Cassels, which were withdrawn, did not cause injury giving rise to this lawsuit sufficient for specific jurisdiction. *See Johnson v Arden*, 614 F.3d 785, 795 (8th Cir. 2010). Rather, specific jurisdiction requires that the act of Cassels (the inadvertent filing of the Proofs of Claims) gives rise to Plaintiffs' claims. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008). The withdrawn Proofs of Claims did not harm or cause any injury to Plaintiffs. Indeed, Cassels did not receive any payment from the Bankruptcy estate following its inadvertent filings. Further, as evidenced by the Proofs of Claims themselves, which attached invoices to VBF Canada, all services rendered were for VBF Canada, were rendered in Canada, and concerned Canadian legal issues.

Defendants cite to five cases in their Opposition for the proposition that filing proofs of claim is sufficient to establish specific jurisdiction. (Doc. No. 76, p. 18). However, not one of the cases cited by Defendants analyzed whether a withdrawn proof of claim in a bankruptcy proceeding was sufficient to establish jurisdiction in an adversary proceeding. As such, each of the cases cited by Plaintiffs is inapposite.

The United States Bankruptcy Court for the Southern District of New York issued a well-reasoned and persuasive opinion in *In re: Lehman Brothers Holdings Inc.*, 544 B.R. 16 (Bank. S.D.N.Y. 2015) ("*Lehman Bros.*"). In *Lehman Bros.*, the Bankruptcy Court examined whether proofs of claim filed by an Australian bank, which were withdrawn or expunged, could serve as the basis for the court to exercise personal jurisdiction in the adversary proceeding. The *Lehman Bros.* Court cited extensively to the decision of *Picard v. The Estate of Doris Igoin, Laurence Apfelbaum, and Emilie Apfelbaum (In re Bernard L. Madoff Investment Securities LLC)*, 525

5

B.R. 871 (Bankr. S.D.N.U. 2015), specifically:

> As a rule, filing a claim subjects the creditor to the equitable power of the bankruptcy court because it triggers the process of allowance and disallowance of claims. Consistent [with] the rule's rationale, the submission to personal jurisdiction is limited to litigation concerning the claims allowance process.

*Lehman Bros.*, 544 B.R. at 34 *citing Picard*, 525 B.R. at 887.

Simply put, at worst, Cassels' Proofs of Claims, which were withdrawn, were submission to jurisdiction of the Bankruptcy Court <u>only</u> with respect to the claims allowance process, but not submission to jurisdiction to this Court in this adversary proceeding. This holding was aptly stated by the *Lehman Bros.* Court as follows:

> The principles illustrated in *Germain*[4] and applied by Judge Bernstein in *Apfelbaum* are equally applicable here. As in *Apfelbaum*, ANZ Bank's filing of proof of claim number 29532 against LBSF here represents its (and its departments, including ANZ Nominees) submission to the jurisdiction of the Court only with respect to litigation concerning the claims allowance process. As LBSF's adversary proceeding seeks money damages from ANZ Nominees so as to enlarge the estate, and will have no affect on the allowance or priority of claim number 29532, which was disallowed prior to LBSF commencing proceedings against ANZ Nominees, this adversary proceeding does not concern the claims allowance process. Accordingly, **ANZ Bank did *<u>not</u>* subject itself and its departments to jurisdiction with respect to this adversary proceeding by filing claim number 29532 against LBSF**.

*Lehman Bros.*, 544 B.R. at 35-36 (emphasis added); *see also Picard*, 525 B.R. at 888 ("Instead, the Trustee is seeking legal relief in the form of the recovery of money damages, and [defendants] did not submit themselves to personal jurisdiction with respect to the Trustee's fraudulent transfer action by filing SIPA claims.").

Similarly persuasive and factually analogous to this matter is the decision of *In re Cruisephone, Inc.*, 278 B.R. 325 (Bank. E.D.N.Y. 2002). In *Cruisephone*, the defendant in the adversary proceeding filed a proof of claim in the bankruptcy proceeding. *Id*. at 330. Just as

---

[4] *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323 (2d Cir. 1993).

6

here, the proof of claim was withdrawn and, notwithstanding, the plaintiff argued that the filing of the proof of claim in the bankruptcy proceeding required a holding that the defendant had submitted to jurisdiction in the adversary proceeding. *Id*. The *Cruisephone* Court disagreed with the same argument advanced here by Plaintiffs and granted the Motion to Dismiss for lack of personal jurisdiction. *Id*. at 331. Just as Cassels did not significantly participate in the Bankruptcy Proceeding here (Cassels did not file a notice of appearance in the Bankruptcy Proceeding, did not file any motions in the Bankruptcy Proceeding, and did not raise any objections in the Bankruptcy Proceeding), the defendant in *Cruisephone* did not substantially participate in the bankruptcy proceeding, withdrew its claim, and therefore the filing of the claim was insufficient to establish personal jurisdiction in the adversary proceeding. *Id*.

The rationale of the *Lehman Bros.* and *Cruisephone* Courts should control here. The inadvertent and subsequently withdrawn Proofs of Claims by Cassels was, at worst, submission to the Bankruptcy Court's jurisdiction to determine the allowance of such claim. The filing of the Proofs of Claims, however, is insufficient to establish specific personal jurisdiction over Cassels in this adversary proceeding in which Plaintiffs seek monetary damages and other relief against Cassels. Indeed, Plaintiffs have not and cannot cite this Court to a single case in which a withdrawn proof of claim in a bankruptcy proceeding was sufficient to establish personal jurisdiction in an adversary proceeding. Cassels respectfully requests this Court adopt the well-reasoned decisions of the *Lehman Bros*. and *Cruisephone* Courts and hold that the withdrawn Proofs of Claim are insufficient to establish personal jurisdiction here.

It is undisputed that the January 9, 2019 letter was sent by Mr. Maniaci in his individual capacity, not on behalf of Cassels. (Doc. No. 61, ¶ 67). Plaintiffs have sued Mr. Maniaci personally in Texas, in part, for having done so. The act of a third-party, here Mr. Maniaci, is insufficient to establish jurisdiction over Cassels as the letter was not Cassels purposefully

7

availing itself to the laws and privileges of conducting business in Iowa.

Cassels original Brief (Doc. No. 60-1) fully addressed each document and alleged action that Plaintiffs mistakenly rely for personal jurisdiction. Cassels did not commit any acts in Iowa, directed at Iowa or causing harm in Iowa, and therefore will not again rehash the same facts that establish Plaintiffs' arguments set forth in pages 18-25 of Doc. No. 76 lack factual support. Illustrative of this point and worthy of highlighting is the opinion letter that Plaintiffs allege Cassels prepared for a loan relating to VBF and Iowa's First. (Doc. No. 76, p. 21; Tabs A-16 – A-18). The September 30, 2015 opinion letter specifically states: "We [Cassels] have acted as Ontario counsel to the Corporation [VBF Canada, as Guarantor] in connection with the Transaction." (Tab A-16, p. 1). Most importantly, the September 30, 2015 opinion letter provides:

> The **opinions we express** are **limited to the laws of Ontario** and the **federal laws of Canada applicable in Ontario**. Without limiting the generality of the immediately preceding sentence, **we express no opinion with respect to the laws of any other jurisdiction** to the extent that those laws may govern the validity, perfection, effect of perfection or non-perfection, or enforcement of the security interests created by the Security Documents as a result of the application of Ontario conflict of laws rules (including section 5 to 8 of the PPSA). In addition, we express no opinion whether, under those conflict of laws rules, Ontario laws would govern the validity, perfection, effect of perfection or non-perfection, or enforcement of those security interests.

(Tab A-16, p. 4, ¶ 5 ("LAWS ADDRESSED" (emphasis added)).

Cassels provided its Canadian client (VBF Canada), legal advice in Canada, regarding Canadian law. Cassels has not taken purposeful action in Iowa, aimed at Iowa, or causing harm in Iowa. This Court does not have specific personal jurisdiction over Cassels.

D.  **FED. R. CIV. P. 4(k)(2) IS INAPPLICABLE TO THIS MATTER.**

As set forth herein, this Court does not have personal jurisdiction over Cassels. Without asserting that a different state has personal jurisdiction over Cassels (because none do), Plaintiffs

request that this Court exercise personal jurisdiction over Cassels pursuant to Fed. R. Civ. P. 4(k)(2). Because exercising jurisdiction over Cassels is not "consistent with the United States Constitution and laws", this Court does not have jurisdiction over Cassels pursuant to Fed. R. Civ. P. 4(k)(2).

"Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if sufficient national contacts exist." *Fraserside IP L.L.C. v. Letyagin*, 885 F.Supp.2d 906, 919 (N.D. Iowa 2012) *quoting Synthes (U.S.A.) v. G.M. Dos Reis Jr.*, 563 F.3d 1285, 1295 (Fed. Cir. 2009). Fed. R. Civ. P. 4(k)(2) requires that Cassels have sufficient contacts with the United States of America "to justify the application of United States law and to satisfy federal standards of forum selection, but having insufficient contact with any single state to support jurisdiction under the state longarm legislation". *Id*.

Plaintiffs have not and cannot cite to any facts to support that Cassels had sufficient contacts with the United States of America as a whole to satisfy the due process requirements to exercise jurisdiction under Fed. R. Civ. P. 4(k)(2). Instead, Plaintiffs mistakenly rely upon the same inadequate allegations of contacts by Cassels with Iowa to support its argument that this Court should exercise jurisdiction pursuant to Fed. R. Civ. P. 4k)(2). (Doc. No. 76, p. 26). But, because Cassels does not have sufficient contacts with Iowa, these contacts are also insufficient to establish jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2). Plaintiffs were required to point to other contacts by Cassels with the United States of America, such as representation of clients in other states, contracts impacting other states, or other purposeful contacts with other states sufficient to establish jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2). Plaintiffs failed to do so (because no such contacts exists).

Cassels is a Canadian law firm, with offices in Canada, providing legal advice in Canada, to its Canadian clients. Cassels has not taken purposeful acts directed at Iowa or the United

9

States of America as a whole. This Court lacks personal jurisdiction over Cassels as there are no other facts in the record to support exercising jurisdiction over Cassels pursuant to Fed. R. Civ. P. 4(k)(2).

**E.     ADDITIONAL DISCOVERY IS INAPPROPRIATE AS THIS MATTER IS RIPE FOR RESOLUTION.**

Plaintiffs have known since July 15, 2019 when Cassels filed its first Answer (Doc. No. 14) that personal jurisdiction was at issue. During that time, Plaintiffs served two sets of interrogatories with 27-different interrogatories, two sets of document requests with 21-different document requests, and 52-separate requests for admissions. Cassels, with a full reservation of its personal jurisdiction defense, fully responded to the same. Cassels respectfully requests that this Court correctly exercise its discretion and deny Plaintiffs' request for more discovery as the issue of personal jurisdiction, which has been at issue since commencement of this action, is now ripe for decision.

**F.     THERE WAS NO BAD FAITH AND THUS PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES FAILS.**

Plaintiffs, without citation to a single factually analogous and supportive case, assert that they should be awarded attorneys' fees if the Court grants Cassels' Motion. (Doc. No. 76, p. 28-29). There has been no "bad faith" by Cassels or its attorneys.

### III. CONCLUSION

As a Canadian law firm, representing Canadian clients, and providing services in Canada, this Court does not have personal jurisdiction over Cassels. Cassels has not taken any acts purposefully directed at Iowa or causing harm in Iowa. Cassels respectfully requests this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction.

|  |  |
|---|---|
| Dated: May 14, 2020 | **SCHWARTZ LAW FIRM**<br><br>/s/ Michael D. Schwartz<br>Michael D. Schwartz, AT0013972<br>Brandon M. Schwartz, AT0011248<br>600 Inwood Avenue N.<br>Suite 130<br>Oakdale, MN 55128<br>(651) 528-6800<br>Mschwartz@mdspalaw.com<br>Bschwartz@mdspalaw.com<br>Local Counsel for Cassels Brock & Blackwell LLP |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 14, 2020 this document was filed and served to all counsel of record via the Court's ECF system.

/s/ Michael D. Schwartz
Michael D. Schwartz