IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>VEROBLUE FARMS USA, INC., *et al.*<br><br>Debtors. | Chapter 11 Bankrupt<br>Case No. 18-01297<br><br>**DEBTORS' SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT'S MOTION TO DISMISS** |
| VEROBLUE FARMS USA, INC. *et. al*,<br><br>PLAINTIFFS,<br><br>vs.<br><br>CASSELS BROCK & BLACKWELL LLP,<br><br>DEFENDANT. | Adversary Case No. 19-09015 |

**DEBTORS' SUPPLEMENTAL AUTHORITY
REGARDING DEFENDANT'S MOTION TO DISMISS**

As permitted by the Court during the May 21, 2020 hearing, Debtors address the new cases cited for the first time by Defendant in its Reply [Dkt. 80] in support of its motion to dismiss, *In re: Lehman Brothers Holdings Inc.*, 544 B.R. 16 (Bankr. S.D.N.Y. 2015) and *In re Cruisephone,* 278 B.R. 325 (Bankr. E.D.N.Y. 2002), regarding only one, but not all, legal consequences of Defendant's submission and maintenance of its Proofs of Claim in Debtors underlying bankruptcy proceedings for about nine months:

1.     The entire factual premise for Defendant's argument regarding its Proofs of Claim, reiterated in its Reply, is that Defendant filed them "inadvertently."  That premise has been eviscerated (at least for purposes of the motion to dismiss), especially considering that the Debtors only need to make a "*prima facie*" showing of jurisdiction by exhibits, affidavits or other evidence to defeat the Motion.  *Id.* at 910.  "The evidentiary showing at the *prima facie* stage is minimal."

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.,* 648 F.3d 588, 592 (8th Cir. 2011). Absent an evidentiary hearing, all evidence must be viewed in a light most favorable to Debtors and all factual conflicts must be resolved in Debtors' favor. *Westlake Investments, L.L.C. v. MLP Management, L.L.C.*, 707 F. Supp. 2d 904, 910, 915 (S.D. Iowa 2010).

2. Here, the Proofs of Claim were authorized, drafted, and approved not only by the signatory, Abidali Ismaili, who represented under penalties of perjury he was authorized to do so, but also Defendant's partner and person most knowledgeable about Defendant's representation of Debtors, Sean Maniaci. [Dkt. 76, Exhibit B, Defendant's Answer to Interrogatory No. 3.] Defendant maintained the Proofs of Claim for nine months after it submitted the sworn documents to this Court, including for about five months after Debtors filed this adversary complaint. And, Defendant's Proofs of Claim were **extensively** and specifically alleged by Debtors in their March 27, 2019 adversary complaint. [Dkt. 1, ¶¶ 3, 13, 18, 23-27, 38, 50.]

3. Defendant claims that its filing of five Proofs of Claim as to each of the various Debtors somehow supports their "mistake" argument. To the contrary, this fact is just one of many that shows that Defendant was outside counsel to the VeroBlue venture and its various entities (especially Debtor VBF USA), along with Jackson Walker. Therefore, Debtors have made at least a *prima facie* case that Defendant represented the Debtors, including VBF USA, which had an Iowa principal place of business (the other Debtors are either incorporated in Iowa and/or also had their principal place of business in Iowa.) It is Defendant's representation of Debtors, as evidenced by the Proofs of Claim, that is one basis for specific personal jurisdiction (contrary to Defendant's mischaracterization, Debtors never alleged that their adversary complaint arises out of the Proofs of Claim themselves.) [*See* Dkt. 80, p. 5.]

4. As the Court pointed out at the May 21 hearing, there are three possible

consequences of the Proofs of Claim: (a) they constitute Defendant's submission to personal jurisdiction before this Court (presumably as a matter of law); (b) they support Debtors' argument that Defendant waived personal jurisdiction objections; and/or (c) they constitute contacts with the State of Iowa providing one basis for Debtors' specific jurisdiction argument.  The new cases cited by Defendant go only to the first point, submission to jurisdiction, and do not in any way impact Debtors' proof of at least a *prima facie* case as to how the Proofs of Claim demonstrate waiver or specific jurisdiction (in addition to the other facts Debtors cited for both arguments.)  In this sense, analysis of the submission factor is redundant.

5. Defendant cites *Lehman Bros.* and *Cruisephone,* New York bankruptcy cases, for its assertion that its Proofs of Claim are irrelevant to the jurisdictional analysis.  Debtors cited cases from Eighth Circuit courts in their resistance that the Defendant did not refute in its reply. [Dkt. 76, p. 18.]  For example, *In re Bailey & Associates, Inc.,* 224 B.R. 734 (Bankr. E.D. Mo. 1998), ignored by Defendant in its Reply, fully supports Debtors' position that Defendant's Proofs of Claim constitute its submission to personal jurisdiction.  In *Bailey*, consumers who had brought a class action against the debtors (a failed travel business) filed a proof of claim.  *Id.* at 735.  The debtors then filed collection actions against such consumers.  *Id.* at 736.  The *Bailey* court found that the consumers' submissions of proofs of claims in a federal bankruptcy court located in Missouri constituted sufficient minimum contacts with Missouri to confer personal jurisdiction over those consumers.  *Id.* at 738 ("Such a defendant has availed himself or herself of the benefits and protections of this forum and traditional notions of fair play and substantial justice are not offended by requiring such a defendant to defend a Collection Action before this Court"); *see also In re Nicolaus*, 18-CV-3018-LRR, 2019 WL 97034, at *7 (N.D. Iowa Jan. 3, 2019).

6. As in *Bailey*, this Court retained "exclusive jurisdiction" for various purposes,

including "[t]o determine any and all adversary proceedings, applications, and contested matters" in the Debtors' Plan of Reorganization. [Dkt. 465, Case No. 18-01297 at Art. XII(b), pp. 31-32.] Therefore, Defendant was fully maintaining its Proofs of Claim at the time the Plan of Reorganization was submitted (April 15, 2019) and confirmed (May 15, 2019.) [Dkt. 515, Case No. 18-01297.] When Defendant submitted to the personal jurisdiction of this Court, therefore, it also submitted to such matters within which the Court retained exclusive subject matter jurisdiction, including this adversary proceeding.

7. Regardless, in both of Defendant's New York bankruptcy court cases the proofs of claim were resolved (withdrawn or expunged) **before** the relevant adversary proceedings were filed, a dispositive fact in both cases. For example, in *Lehman Bros.*, before the adversary proceeding was filed, certain proofs of claims were withdrawn while others were expunged by the court. 544 B.R. at 34. The *Lehman Bros.* Court, citing *Cruisephone*, addressed the withdrawn proofs of claim as follows:

> While the court found that a proof of claim "is a submission to the bankruptcy court's jurisdiction to establish that creditor's right to participate in the distribution of the bankruptcy estate," it agreed with the creditor that a proof of claim withdrawn as of right **prior to the commencement of the adversary proceeding** was irrelevant to the personal jurisdiction analysis. *See Cruisephone Inc.*, 278 B.R. at 330. The Court agrees with the analysis of *Cruisephone Inc.* Accordingly, proofs of claim numbers 21493 and 26192 filed by ANZ Bank in LBHI's case, each of which was withdrawn before LBSF commenced proceedings against ANZ Nominees, cannot serve as the basis for submission to this Court's jurisdiction by ANZ Bank (or ANZ Nominees as a department of ANZ Bank) for purposes of adjudicating this adversary proceeding.

*Id.* at 34 (emphasis added.)

8. The *Lehman Bros.* court treated the proofs of claim that were expunged similarly noting the import that they were expunged before the filing of the adversary proceeding: "[t]hus the Court must determine whether a proof of claim that is expunged **prior to the debtor's filing**

**of an adversary proceeding** is properly viewed as the creditor's submission to the court's jurisdiction in that adversary proceeding." *Id.* (emphasis added.)

9. Here, Defendant did not withdraw its Proofs of Claim until about five months **after** Debtors filed this adversary proceeding. Thus, *Lehman Bros.* provides Defendant no support.

10. There are other key distinguishing facts, including that in *Lehman Bros.* the court ordered the completion of jurisdictional discovery before it ruled on the jurisdictional motion, which has not occurred in this case. *Id.* at 28-29. The *Lehman Bros.* court also ruled that one set of the proofs of claim was not even filed by the adversary proceeding defendant. *Id.* at 30.

11. In *Cruisephone*, the defendant's submission of a proof of claim was the plaintiff's **sole** basis for personal jurisdiction in the adversary proceeding. 278 B.R. at 329 ("The sole predicate alleged in the complaint as the basis for personal jurisdiction over CSCS, a foreign corporation, was the Proof of Claim filed by CSCS on August 3, 2000.") The adversary proceeding in that case was not filed until a year after the withdrawal of the proof of claim. *Id.* at 330. This is obviously not the case here.

12. Also in *Cruisephone*, the court focused on the fact that the defendant did not significantly participate in the proceedings, such as by asking the "court to act on its behalf in some substantive way," *i.e.* through motions, objections, and court appearances. *Id.* at 331. Here, Defendant did the following before it filed its withdrawals of its Proofs of Claim on August 16, 2019 [Dkts. 609-613, Case No. 18-01297], although the withdrawals were not allowed by the Court until October 21, 2019 [Dkt. 626, Case. No. 18-01297, further ordering that "[t]his withdrawal does not effect any arguments to be made on jurisdiction"]: appeared and requested notice [Dkt. 6 and 7]; moved to extend the deadline to answer the original complaint [Dkt. 9]; entered an agreed order [Dkt. 12]; filed a motion to strike and seal portions of Debtors' original

complaint [Dkt. 13]; answered the original complaint [Dkt. 14]; participated in a hearing on its motion to strike and seal [Dkt. 23]; and, submitted the parties' Rule 26 status report.[1] The combination of Defendant's maintenance of its Proofs of Claim while substantially participating in the adversary proceedings resulted in Defendant submitting to personal jurisdiction under the *Cruisephone* holding.

13. Thus, we are left with the general rule that Defendant's Proofs of Claim constitute Defendant's submission to personal jurisdiction, as espoused by the *Cruisephone* Court:

> Plaintiffs argue that CSCS voluntarily subjected itself to the personal jurisdiction of this Court through the filing of a Proof of Claim on August 3, 2000. Without a doubt as an abstract proposition, Plaintiffs are correct. The filing of a proof of claim by a creditor is not merely a means of providing information to the bankruptcy court, but is a submission to the bankruptcy court's jurisdiction to establish that creditor's right to participate in the distribution of the bankruptcy estate…
>
> In the bankruptcy context, a proof of claim filed by a creditor is conceptually analogous to a civil complaint, an objection to the claim is akin to an answer or defense and an adversary proceeding initiated against the creditor that filed the proof of claim is like a counterclaim.

*Id.* at 329-30.

14. Accordingly, the new cases cited by Defendant in its Reply only reinforce that Defendant submitted to personal jurisdiction when it submitted its Proofs of Claim to this Court, and those cases do not in any way impact the multiple other bases for jurisdiction cited by Debtors. Further, the *Lehman Bros.* case clearly supports Debtors' alternative request to complete

---

[1] Defendant undertook further action in this case before filing its motion to dismiss [Dkt. 60] such as filing a motion to compel discovery against Debtors [Dkt. 31]; filing a motion to quash certain of Debtors' subpoenas [Dkt. 32]; responding to Debtors' motion for protective order [Dkt. 40]; participating in a hearing on those motions [Dkt. 42]; answering Debtors' amended complaint [Dkt. 45]; responding to Debtors' pending motion to deem admitted [Dkt. 51]; responding to Debtors' successful motion to compel [Dkt. 52]; participating in a hearing on that motion to compel [Dkt. 53]; and numerous other actions relating to this litigation such as issuing discovery to Debtors and communications with Debtors on discovery and other issues.

- 7 -

jurisdictional discovery, but Debtors respectfully submit that Defendant's motion to dismiss should be denied at this time, with prejudice.

**Dated May 29, 2020**

| | |
|---|---|
| THOMPSON COBURN LLP | ELDERKIN & PIRNIE |
| /s/ Robert H. Lang | /s/ Dan Childers |
| Rob Lang | Dan Childers |
| 55 E. Monroe Street, | 316 Second Street SE, Suite 124 |
| Suite 3700 | P.O. Box 1968 |
| Chicago, IL 60603 | Cedar Rapids, IA 52401 |
| Telephone: (312) 580-2242 | Telephone: (319) 362-2137 |
| Facsimile: (312) 580-2201 | Facsimile: (319) 362-1640 |
| Email: rhlang@thompsoncoburn.com | Email: dchilders@elderkinpirnie.com |
| *Admitted Pro Hac Vice* | |

*Counsel for the Debtors*

- 8 -

**CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, hereby certifies under penalties as provided by law, that on May 29, 2020, she caused a true and correct copy of **DEBTORS' SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT'S MOTION TO DISMISS** to be served upon counsel of record via the ECF system for the United States Bankruptcy Court for the Northern District of Iowa:

/s/    Arianna Thornton