# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| VEROBLUE FARMS USA, INC., ) | |
| et al, ) | |
| ) | |
|     Debtors. ) | Bankruptcy No. 18-01297 |
| -------------------------------------------------- ) | |
| VEROBLUE FARMS USA, INC., ) | |
| et al, ) | |
| ) | |
|     Plaintiffs, ) | Adversary No. 19-09015 |
| ) | |
| v. ) | |
| ) | |
| CASSELS BROCK AND ) | |
| BLACKWELL, LLP, ) | |
| ) | |
|     Defendant. ) | |

## RULING ON MOTION TO DISMISS

This matter came before the Court by telephonic hearing on Defendant Cassels Brock and Blackwell, LLP's Motion to Dismiss ("Cassels"). Cassels urges the Court to dismiss for lack of personal jurisdiction. Debtor Veroblue Farms USA, Inc. ("VBF") argues that Cassels' conduct both before and after the Bankruptcy filing have brought Cassels within the jurisdiction of this Court. Dan Childers and Robert Lang appeared for VBF. Michael and Brandon Schwartz appeared for Cassels. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Cassels filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Cassels asserts it preserved this issue in its Answer to the Amended Complaint and its earlier Answers to the Complaint. Dkt. Nos. 14, 27, and 45. Cassels, a Canadian law firm, argues it has only represented Canadian entities that had no contact with Iowa. As a consequence, Cassels denies this Court has either general or specific personal jurisdiction. VBF does not argue that Cassels is subject to general jurisdiction. Rather, VBF argues that Cassels subjected itself to specific jurisdiction both by filing Proofs of Claim in the bankruptcy and performing legal work directed at operational issues and company functions in Iowa before the bankruptcy. Furthermore, VBF argues in the alternative that Cassels waived any objection to personal jurisdiction when it answered the Complaint and involved itself in substantial litigation prior to raising the issue. The Court concludes there is personal jurisdiction and overrules the Motion to Dismiss.

## FACTS AND PARTIES' ARGUMENTS

On March 27, 2019, VBF filed this adversary case against Cassels, requesting a turnover of client files. More specifically, VBF seeks recovery of estate property and legal files relating to Cassels' alleged representation of VBF, as well as the return of money it paid Cassels for legal work.

Cassels filed an Answer for the case on July 15, 2019. In its Answer, Cassels argued this Court lacked jurisdiction, this District is an improper venue, and that VBF failed to state a claim upon which relief may be granted. VBF asserts in response that Cassels voluntarily represented both VBF and its affiliates, "VBF Canada", from around 2014 until sometime in 2017.

VBF has run a fish farm operation primarily in Iowa. VBF asserts that VBF Canada did nothing more than own stock of VBF. VBF Canada, according to VBF, was not an operational entity. Rather, VBF was the operational entity for the Veroblue enterprises and operated in Iowa. VBF further argues that any legal work performed by Cassels for the VBF enterprises necessarily touched on almost all aspects of VBF's operations in Iowa. Thus, VBF concludes, the work of Cassels for VBF entities was unquestionably work for VBF and effected Iowa operations. Cassels law partner, Sean Maniaci, represented VBF and still has never formally terminated his representation of VBF. Cassels confirmed this when it submitted sworn Proofs of Claim in VBF's bankruptcy proceedings. Cassels swore, under penalties of perjury, in those claims that it was a creditor for unpaid legal fees from VBF.

VBF also argues Cassels waived any objections to personal jurisdiction by heavily litigating this case to date. VBF asserts that Cassels has answered and litigated various issues along the way. This lawsuit was filed on March 27, 2019.

Cassels filed the Motion to Dismiss March 31, 2020. VBF points out that instead of moving to dismiss during that year, Cassels chose to litigate aggressively. VBF further asserts that Cassels filed a motion to strike VBF's initial complaint, answered VBF's original complaint twice, answered the Amended Complaint, issued discovery to VBF, filed a motion to quash VBF's subpoenas, and answered some but not all of VBF's discovery.

      Cassels does not have an Iowa office nor attorneys licensed in the state. Cassels asserts it does not knowingly conduct any business in Iowa. Cassels further asserts that it did not prove any legal advice in Iowa or related to Iowa law, and that the client files at issue are not currently located in Iowa. Cassels believes the only thing it did in Iowa was inadvertently file Proofs of Claim attaching invoices for Cassels' client Veroblue Farms Inc., ("VBF Canada") in the VBF chapter 11 bankruptcy case. Cassels claims this was an error made after receiving notice of the case. Cassels notes that it eventually withdrew the Proofs of Claim after this case was filed. This Court allowed the withdrawal of Cassels' Proofs of Claim but noted that "This withdrawal does not effect any argument to be made on jurisdiction." Dkt. 628, Case No. 18-01297. Cassels further argues it neither participated in the chapter 11 proceedings nor received any distribution. Finally, Cassels asserts that the simple act of filing the Proofs of Claim is insufficient, standing alone, to establish personal jurisdiction over it.

## ANALYSIS

### A. General Standards for Pleading

The Bankruptcy Rules implement the Federal Rules of Civil Procedure standards for dismissal and requirements for pleading. Bankruptcy Rule 7012 specifically notes: "Rule 12(b)-(i) Fed. R. Civ. P. applies in adversary proceedings." Fed. R. Bankr. P. 7012. Cassels argues VBF's Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and that the Court lack personal jurisdiction under Rule 12(b)(2).

Federal Rule of Civil Procedure 8, "General Rules of Pleadings," states:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

  (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim need no new jurisdictional support;

  (2) A short and plain statement of the claim showing that the pleader is entitled to relief, and

  (3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Turkish Coalition of Am., Inc. v. Bruininks, 678 F.3d 617, 623 (8th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also

Saracheck v. The Right Place, Inc. (In re Agriprocessors, Inc.), 2011 WL 4621741, at *3 (Bankr. N.D. Iowa Sept. 20, 2011).

When evaluating a Rule 12(b)(6) motion, this Court views factual allegations in the complaint in the light most favorable to the non-moving party. Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 715-16 (8th Cir. 2011). There are, however, two constraints on this principal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss…where the well-pleaded facts do not merit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has no "show[n]"—"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Iqbal, 556 U.S. at 678-89 (citations omitted).

**B. Personal Jurisdiction**

"Personal jurisdiction can be general or specific." Viasystems, Inc. v. EBM—Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 592 (8th Cir. 2011). Specific jurisdiction refers to the exercise of "personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008). (quoting Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir. 1994)). General jurisdiction refers to the exercise of personal jurisdiction over a defendant

whose independent contacts with the forum are so "continuous and systematic" that he is deemed essentially at home in the forum state. Johnson v. Arden, 614 F.3d 785, 795 (8th Cir. 2010); Goodyear Dunlop Tires Operations v. Brown, 564 U.S. 915, 919 (2011). "The distinction between specific and general jurisdiction is a recognition that fairness requires more or less contacts with a forum depending on whether the conduct of the defendant at issue is part of the purported basis for jurisdiction." Foreign Candy Co. v. Promotion in Motion, Inc., 953 F. Supp. 2d 934, 938 (N.D. Iowa 2013). Given that VBF argues only in favor of specific personal jurisdiction, the Court will not address general personal jurisdiction.

In order for a court to exercise jurisdiction, the forum state's long-arm statute must provide sufficient grounds. See Romak USA, Inc. v. Raich, 384 F.3d 979, 984 (8th Cir. 2004). If jurisdiction is proper under the forum state's long-arm statute, the exercise of jurisdiction must still comply with the constitutional requirements of due process. Id. Iowa's long-arm statute provides for personal jurisdiction over a defendant to the full extent of the Constitution. Foreign Candy Co., 953 F.3d at 939 (citing Med-Tec, Inc. v. Kostich, 980 F. Supp. 1315 (N.D. Iowa 1997)). Consequently, the issue is whether forcing Cassels to defend itself in this Court, located in the Northern District of Iowa, would be consistent with its constitutional right to due process. Id.

"Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice." Fastpath, Inc. v. Arbela Technologies Corp., 760 F.3d 816, 820 (8th Cir. 2014) (citing World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." Bell Paper Box, Inc., 22 F.3d at 818 (quoting Soo Line R.R. v. Hawker Siddeley Can., Inc., 950 F.3d 526, 528 (8th Cir. 1991)).

To support a finding of reasonable anticipation, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." Id. at 818-19. "The 'purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person.'" Fastpath, Inc., 760 F.3d at 821 (quoting Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693-94 (8th Cir. 2003) (quoting Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985))).

VBF only needs to make a prima facie showing of jurisdiction by exhibits, affidavits and other evidence to defeat the Motion to Dismiss. Id. at 910. The

8

evidentiary showing only needs to be minimal, and absent a hearing, all evidence must be viewed in the light most favorable to Debtors and all factual conflicts must be resolved in Debtors' favor. Id.; see also Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d 305, 309 (8th Cir. 1992).

### i. Sufficient Minimum Contacts

The Eighth Circuit has established a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. Fastpath, Inc., 760 F.3d at 821. The five factors include:

(1) the nature and quality of the contacts with the forum state;
(2) the quantity of the contacts;
(3) the relation of the cause of action to the contacts;
(4) the interest of the forum state in providing a forum for its residences; and
(5) convenience of the parties.

Id. (citing Dever v. Hentzen Coatings, 380 F.3d 1070, 1072 (8th Cir. 2004)). The first three factors are given significant weight. Id.

Cassels argues that VBF cannot meet its burden establishing that any of the factors favor this Court's exercise of personal jurisdiction. In response, VBF argues that while the factors are relevant, they are not to be mechanically applied. K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 592-93 (8th Cir. 2011). VBF argues three sets of acts by Cassels establish specific jurisdiction. First, VBF argues Cassels unequivocally submitted to this Court's jurisdiction when it filed its Proof of Claim in the bankruptcy—and did not withdraw until five months after

9

this adversary was filed. Second, VBF argues the actions of Cassels' law partner during the bankruptcy establish the basis of jurisdiction. Third, VBF argues that Cassels' pre-bankruptcy legal work for VBF entities directly related to and effected the Iowa operation—and thus establish personal jurisdiction. VBF argues that the Court must determine whether personal jurisdiction exists by virtue of any of these acts and/or the "totality of the circumstances." Id.

### a. Proof of Claim

VBF argues that Cassels subjected itself to specific jurisdiction by filing a Proof of Claim in the bankruptcy. Filing Proofs of Claim alone has been sufficient to establish jurisdiction over a defendant. See Langenkamp v. Culp, 498 U.S. 42, 44 (1990) ("Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court"); In re Bailey & Associates, Inc., 224 B.R. 734, 738 (Bankr. E.D. Mo. 1998) ("Clearly, any defendant who has filed a Proof of Claim in Debtors' bankruptcy has the minimum contacts with the State of Missouri necessary to confer personal jurisdiction of that defendant to this Court. Such a defendant has availed himself of the benefits and protections of this forum and traditional notions of fair play and substantial justice are not offended by requiring such a defendant to defend a Collection Action before this Court"); In re Nicolaus, 18-CV-3018-LRR, 2019 WL 97034, at *7 (N.D. Iowa Jan. 3, 2019) (quoting In re 701 Mariposa Project, LLC,

10

514 B.R. 10, 16-17 (B.A.P. 9th Cir. 2014)) ("'the creditor consents to the bankruptcy court's personal jurisdiction by filing a proof of claim'").

VBF argues that such a result cannot be avoided by Cassels claiming that its filing of a legal document under penalties of perjury was inadvertent, or by blaming VBF for its intentional filing. See Dkt. 76, p. 19. VBF further asserts that Cassels, as a law firm, is capable of doing its own due diligence and should have done so to determine whether it had a legal claim against VBF in its bankruptcy. Indeed, Cassels admitted it has filed similar claims in the United States and is familiar with the system. Cassels' Proofs of Claim were on file for nine months—including approximately five months after this adversary was filed.

### b. Conduct of Maniaci During Bankruptcy

VBF also believes Cassels submitted to personal jurisdiction when Sean Maniaci, a partner of Cassels, sent letters in January, on Cassels letterhead, to multiple VBF and VBF shareholders in Iowa during the VBF bankruptcy. See McCowan Decl., Tabs A-27, A-28; see also Exhibit B, No. 19; Exhibit D, No. 19. VBF points out that in Westlake Investments, L.L.C., the Court ruled that even a single act can support jurisdiction where it creates a substantial connection with the forum. Westlake Investments, L.L.C., 707 F. Supp. 904, 915 (S.D. Iowa 2010). In VBF's estimation, Cassels' sending letterhead to Iowa is a sufficient basis for personal jurisdiction.

11

### c. Cassels' Pre-Bankruptcy Work for VBF Entities

Cassels admits it did substantial pre-bankruptcy work for VBF entities. It claims, however, that its work was <u>only</u> for VBF Canada entities. VBF asserts that the work Cassels admits doing directly affected the operations in Iowa. VBF points out that Cassels reorganized stock ownership, company division of responsibilities, and the operational aspects of the whole company—particularly the Iowa based operational core. VBF argues Cassels knew or should have known its work profoundly affected the Iowa operation thus constituted work in and for an Iowa-based company. VBF further argues Cassels' act of sending its bills to the Iowa operation—and then filing a Proof of Claim seeking payment for its work—is a full acknowledgement of this Iowa oriented work.

Cassels offers little to negate these facts and allegations. It claims essentially that its acts were done for a Canadian client and done in Canada, not Iowa. It does not meaningfully refute the fact its work effected operations across the entities—particularly the Iowa operations.

### d. Totality of Circumstances

VBF argues that at a minimum, the totality of the circumstances supports most of the factors in the minimum contacts personal jurisdiction test. This Court agrees. Cassels' actual contacts with Iowa include, among other things, Cassels' extensive representation of VBF and its affiliates from 2014 to 2017, filing five

12

Proofs of Claim in VBF's bankruptcy, soliciting support from shareholders of VBF and VBF Canada for the purpose of litigating against Debtors in the bankruptcy proceedings, and then litigating the case heavily before ultimately filing the instant Motion to Dismiss.

These considerations weigh heavily in favor of Iowa on the first three factors—(1) the nature and quality of the contacts, (2) the quantity of the contacts, and (3) the relation of the cause of action to the contacts. To be sure, Cassels filed a motion to strike VBF's original Complaint, then answered VBF's original Complaint twice, answered the Amended Complaint, issued discovery to VBF, filed a motion to quash certain of VBF's subpoenas, and answered, albeit insufficiently, VBF's discovery. And while no attorney has ever travelled to Iowa to provide legal advice or representation to VBF, jurisdiction "may not be avoided merely because the defendant did not physically enter the forum state." Burger King, 471 U.S. at 476 ("So long as a commercial actor's efforts are 'purposefully directed' towards residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there") (citations omitted)); see also Westlake, 707 F. Supp. 915-16 (holding that physical presence is not a requirement of personal jurisdiction). All of Cassels' acts—pre-bankruptcy, during the bankruptcy, and during this adversary, establish minimum contacts.

The fourth factor, whether Iowa has an interest in providing a forum for its residents, is clearly met. "Iowa generally has an interest in adjudicating…claims and providing a forum for its residents." Westlake, 707 F. Supp. at 915. VBF ran a fish farm in Iowa and initiated its bankruptcy in Iowa. Thus, Iowa has an interest in providing a forum for VBF. Id. As for the fifth and final factor, this Court agrees with Cassels that Iowa is a somewhat inconvenient forum. However, "litigation between citizens of different states will virtually always result in an inconvenience to one party or the other." Id. at 915. And while defending a case in Iowa may be somewhat inconvenient for Cassels, its contacts with Iowa are not so random or attenuated that it could not have reasonably anticipated being haled into this Court. See Wells Dairy, Inc. v. Food Movers Int'l, Inc., 607 F.3d 515, 520 (8th Cir. 2010).

### ii. Fair Play and Substantial Justice

Cassels argues the Court's exercise of personal jurisdiction would conflict with the notions of fair play and substantial justice. "Traditional notions of fair play and substantial justice refer to the reasonableness of requiring a defendant 'to defend a particular suit' in the forum in which it is brought." World-Wide Volkswagen, 444 U.S. at 292. Whether the exercise of jurisdiction is reasonable depends on the defendant's burden of defending in the forum state, as well as:

> the forum state's interest in adjudicating the dispute… the plaintiff's interest in obtaining convenient and effective

> relief… the interstate judicial system's interest in the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies….

Id. (internal citations omitted).  The parties' arguments resemble those made on the issue of minimum contacts.  VBF argues that Cassels voluntarily interacted in Iowa, Iowa has an interest in protecting VBF, and that Iowa is a convenient forum for VBF.  VBF further argues that this Court's familiarity with the bankruptcy proceedings will allow for an efficient resolution of the controversy.

Cassels argues that Iowa does not have an interest in adjudicating the dispute because Iowa's First is the only Iowa corporation involved.  Cassels further argues that the unique burdens placed on a defendant when required to defendant a case in a foreign legal system outweigh the considerations favoring this Court's extension of personal jurisdiction.  Cassels argues that any dispute as to the alleged actions or inactions of Cassels, having occurred in Canada, should be resolved under Canadian law.  Cassels asserts that an extension of personal jurisdiction presents "risks to international comity" of an overly expansive view of jurisdiction that is inconsistent with the "fair play and substantial justice due process demands." Dkt. 60 (quoting Daimler AG v. Bauman, 571 U.S. 117, 119 (2014)).

This Court finds VBF's arguments on the issue of fair play and substantial justice more persuasive.  Cassels purposefully availed itself to the privilege of conducting activities in Iowa when it advised VBF on technology that was an

integral part of the Iowa operation, provided guidance on restructuring VBF and VBF Canada, provided opinions on materials relating to VBF and Iowa's First, assisted VBF in revising a draft letter of intent to become a grower for VBF at its Webster City, Iowa hub, and provided various other legal work resulting in some$275,000 in legal fees.  While it is true that Cassels is a Canadian limited liability partnership practicing law in Canada with its attorneys located in Canada, it provided representation to VBF Canada—and the VBF enterprise.  There were purposeful acts by Cassels in Iowa—and at minimum Cassels filed Proofs of Claim in the bankruptcy.  Although Cassels realized the mistake and this Court allowed the withdrawals without waiving jurisdiction, there were sufficient contacts with Iowa, and this forum has a demanding interest in providing a forum for this dispute.

### C. Waiver

VBF argues that even if this Court lacks personal jurisdiction, Cassels waived that objection by litigating at length before filing the instant Motion to Dismiss.  Cassels argues that it preserved the issue in its Answer to the Amended Complaint and its earlier Answers to the Complaint. Dkt. Nos. 14, 27, and 45. This Court agrees with VBF that Cassels' extensive participation in the course of litigation operates as a waiver of Cassels' defense of lack of personal jurisdiction.

"A defendant waives a personal jurisdiction defense when it does not 'properly preserve[]' the defense, even after asserting it in an answer." In re Agriprocessors, Inc., 2011 WL 4621741, at *14 (quoting Alger v. Hayes, 452 F.2d 841 (8th Cir. 1972)).  Indeed, waiver occurs when a defendant, although technically in compliance with the requirements of Rule 12, violates the "spirit" of the law by materially participating in the litigation. Id. (citing Network Prof'l, Inc. v. Network Int'l, Ltd., 146 F.R.D. 179, 183-84 (D. Minn. 1993) (even if defendants properly raised a personal jurisdiction defense in their answer, they waived such a defense by their conduct, including motions, participating in discovery, filing affidavits in connection with motions to compel discovery, stonewalling discovery, and failing to raise the matter by motion until 11 months after the litigation commenced)); see also Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S. Ct. 153, 84 L. Ed. 167 (1964) (personal jurisdiction defense may be lost through submission by conduct).

Although Cassels included the personal jurisdiction defense in its Answer to the Amended Complaint and its earlier Answers to the Complaint, Cassels materially participated in extensive litigation before filing the instant Motion to Dismiss.  Since March 27, 2019, Cassels filed an appearance, answered the original complaint, moved to strike and seal portions of the Complaint, submitted the parties' Rule 26(f) Report without reference to filing a motion to dismiss for

lack of personal jurisdiction, amended its Answer to the original complaint, answered the Amended Complaint, engaged in extensive written discovery, filed a motion to compel, filed a motion for a protective order, and filed two affidavits in support of its motion to compel and motion for a protective order.  While Cassels' subsequent filings contained various generic recitations of the personal jurisdiction defense, Cassels spent over a year litigating and moving forward in this Court before filing the instant Motion to Dismiss.  Viewing all evidence in the light most favorable to VBF, this Court finds Cassels, having participated extensively in the course of litigation, violated the "spirit" of Rule 12, thereby waiving its personal jurisdiction defense.

## CONCLUSION

**WHEREFORE,** Defendant's Motion to Dismiss is DENIED.

Dated and Entered:

October 7, 2020

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE