# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| IN RE: <br><br> VEROBLUE FARMS USA, INC., et al., <br><br> Debtors. <br><br>―――――――――――― <br><br> VEROBLUE FARMS USA, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CASSELS BROCK & BLACKWELL LLP, <br><br> Defendant. | No. 20-CV-3050-CJW-KEM <br><br> **ORDER** |

_____

This matter is before the Court on defendant Cassels Brock & Blackwell LLP's ("defendant") Motion for Leave to Appeal the bankruptcy court's order denying defendant's motion to dismiss the adversary proceeding against it for lack of personal jurisdiction. (Doc. 4).[1] Plaintiffs VeroBlue Farms USA, Inc., et al., ("plaintiff") filed a timely resistance. (Doc. 6). For the reasons that follow, the Court **denies** defendant's Motion for Leave to Appeal.

## *I.   BACKGROUND*

Plaintiff, a fish farm operation, filed for bankruptcy protection and the bankruptcy court appointed a trustee. (Doc. 4, at 12). Defendant filed Proofs of Claim under penalty

---

[1] Unless otherwise noted, references to the docket are to the appeal filed in this Court in Case No. 20-CV-3050.

of perjury with the bankruptcy estate, attaching invoices for defendant's client, VeroBlue Farms Inc. (a/k/a VeroBlue Canada), claiming that the debtor owed it money for legal services. (*Id.*, at 13).

On March 27, 2019, plaintiff filed an adversary case against defendant seeking "recovery of estate property and legal files relating to [defendant's] alleged representation of [plaintiff], as well as the return of money it paid [defendant] for legal work." (*Id.*, at 11). Defendant answered the original complaint twice, answered the amended complaint, issued discovery to plaintiff, filed a motion to quash subpoenas, and answered some but not all of plaintiff's discovery requests. (*Id.*, at 13).

On August 16, 2019, after plaintiff sued defendant, defendant filed withdrawals of its Proofs of Claim, asserting that it filed the claims in error. (Case No. 18-01297, Docs. 609-613). On October 21, 2019, the Honorable Thad Collins, Chief United States Bankruptcy Judge for the Northern District of Iowa, approved the withdrawals. (*Id.*, Doc. 628). In granting the withdrawal, Judge Collins was careful to state that "This withdrawal does not effect any arguments to be made on jurisdiction." (*Id.*).

On March 31, 2020, after more than a year of litigation, defendant filed a motion to dismiss the plaintiff's complaint on the ground that the bankruptcy court lacked personal jurisdiction over defendant. (Doc. 4, at 12-13).

## II.    STANDARD OF REVIEW

A party may appeal "final judgments, orders, and decrees" of a bankruptcy court to a district court as a matter of right. *See* 28 U.S.C. § 158(a)(1); FED. R. BANKR. P. 8001(a). An order is final "if [it] finally dispose[s] of discrete disputes within the larger [bankruptcy] case." *In re Penn Traffic Co.*, 466 F.3d 75, 77–78 (2d Cir. 2006) (citation omitted) (third alteration in original). "Given the strong federal policy against piecemeal appeals, . . . a 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *In re Fugazy Express, Inc.*, 982

F.2d 769, 775–76 (2d Cir. 1992). "[T]he order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id.* at 776.

On the other hand, a party may appeal "interlocutory orders and decrees" only "with leave of the court." 28 U.S.C. § 158(a)(3): *see also In re AroChem Corp.*, 176 F.3d 610, 618 (2d Cir. 1999) (stating that "[w]hile final orders of the bankruptcy court may be appealed to the district court as of right . . . appeals from nonfinal bankruptcy court orders may be taken only 'with leave' of the district court") (quoting 28 U.S.C. § 158(a)(3)). District courts should make the decision to grant such leave "with care, and with an eye toward safeguarding the bankruptcy court's role as the initial and in some respects primary forum for the adjudication of bankruptcy disputes." *In re Hayes Bankruptcy*, 220 B.R. 57, 62 (N.D. Iowa 1998).

Although neither Section 158(a) nor the Bankruptcy Rules provide any specific standards for evaluating interlocutory appeals, district courts typically use the standards that govern appeals of interlocutory orders from district courts to courts of appeal under Title 28, United States Code, Section 1292(b). *See In re Yehud–Monosson USA, Inc.*, 472 B.R. 868, 882 (D. Minn. 2012) ("'The decision to deny leave to appeal an interlocutory bankruptcy order is purely discretionary'" but is guided by "'the standards found in [Title 28, United States Code, Section 1292(b)] which define the jurisdiction of courts of appeal to review interlocutory orders.'") (citations omitted). District courts that have addressed this issue typically treat these appeals as interlocutory in nature. *See, e.g.*, *In re Kroh Bros. Develop. Co.*, 101 B.R. 1000, 1004 (W.D. Mo. 1989); *Amarex, Inc. v. Marathon Oil Co. (In re Amarex, Inc.)*, 88 B.R. 362, 363 (W.D. Okla. 1988); *In re Sweetwater*, 55 B.R. 724, 725 (D. Utah 1985). In deciding whether to grant interlocutory appeal under Section 1292(b), courts are to consider whether: (1) the question involves one of controlling law; (2) there exists a substantial ground for

3

difference of opinion respecting the correctness of the bankruptcy court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation. *In re Kroh Bros. Develop. Co.*, 101 B.R. at 1004.

"No principle of federal jurisprudence has proved more efficacious than the 'final judgment rule,' by which a district court's interim rulings may not normally be appealed until the case is over and final judgment rendered." *Picard v. Katz*, 466 B.R. 208, 208 (S.D.N.Y. 2012) (denying bankruptcy trustee's motion for certification under 28 U.S.C. § 1292(b)). This principle is embodied in a district court's "'unfettered discretion to deny certification' of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999)).

"[T]he party seeking an interlocutory appeal has the burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment." *In re Enron Corp.*, No. M–47 (GBD), 2008 WL 281972, at *3 (S.D.N.Y. Jan. 25, 2008) (internal quotation and citation omitted); *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (stating that "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment'") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

### III.    ANALYSIS

Here, the bankruptcy order denying defendant's motion to dismiss is an interlocutory order. *See, e.g.*, *Stubbe v. Banco Cent. Corp. (In re Empresas Noroeste,*

4

*Inc.)*, 806 F.2d 315, 316–17 (8th Cir. 1986) (holding that bankruptcy court's denial of a motion to dismiss an adversary proceeding is not a final judgment, but rather is "an interlocutory order within what may be . . . a discrete dispute" within the bankruptcy proceeding); *In re Kroh Bros. Develop. Co.*, 101 B.R. at 1004 (treating an appeal of bankruptcy court's order on a motion to dismiss an adversary proceeding as interlocutory appeal); *Marlin v. United States Tr.*, 333 B.R. 14, 20 (W.D.N.Y. 2005) (stating that "[a] motion to dismiss a complaint in an adversary proceeding is classified as an interlocutory and non-final order") (citations omitted); *Americare Health Grp., Inc. v. Melillo*, 223 B.R. 70, 74 (E.D.N.Y. 1998) (stating that "the bankruptcy court's order denying defendant's motion to dismiss . . . is not a final order because the denial of a motion to dismiss does not end the litigation on the merits"); *Culver v. Molinario*, No. 94–1974, 1995 WL 570437, at *1 (4th Cir. Sept. 28, 1995) (holding that denial of a motion to dismiss by a bankruptcy court is an interlocutory order).  Having found that this is an appeal of an interlocutory order, the Court will evaluate defendant's motion in light of the Section 1292(b) factors.

### A.    *Whether the question involves one of law that is controlling*

Here, defendant has not met the first two requirements of Section 1292(b).  The appeal does not involve a "controlling question of law."  A "controlling question of law" means "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."  *Fannin v. CSX Transp., Inc.*, No. 88–8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989).  Given this interpretation, it is clear, and courts have uniformly found, that Section 1292(b) does not permit interlocutory appeal of factual matters or mixed questions of law and fact. *See, e.g.*, *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or

evidence of a particular case."); *MCI Worldcom Commc'ns v. Commc'ns Network Int'l, Ltd.*, 358 B.R. 76, 79 (S.D.N.Y. 2006) ("[T]he question presented for interlocutory appeal is a mixed question of law and fact not generally suitable for interlocutory appeal."); *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 210 (D.N.J. 1996) ("Section 1292(b) was not designed to secure appellate review of 'factual matters' or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court."); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1198 (E.D. Va. 1991) (holding that question of whether plaintiffs' attorneys had a conflict of interest that warranted disqualification was fact-dependent and not appropriate for interlocutory appeal pursuant to Section 1292(b)), vacated on other grounds, 966 F.2d 142 (4th Cir. 1992). Congress restricted interlocutory appeals to questions of law because questions of fact are typically reviewed more deferentially on appeal and hence, interlocutory appeals on questions of fact or mixed questions of law and fact would likely lead to fewer reversals, resulting instead in added costs and delays more often.

Here, the bankruptcy court applied settled law to the facts of the case. Defendant has not identified a controlling question of "pure" law for appeal, nor does any such question appear from the record. To the contrary, defendant premises its motion for leave to appeal on nearly seven pages of facts it asserts as true. (Doc. 4, at 1-4). Defendant does not argue that the issue on appeal is whether Judge Collins applied an incorrect legal standard in denying defendant's motion to dismiss; rather, defendant simply disagrees with Judge Collins' decision on the merits. As such, it is clearly not appropriate for interlocutory appeal under Section 1292(b).

### B.   *Whether there exists a substantial ground for difference of opinion respecting the correctness of the bankruptcy court's decision*

Defendant has also not established that "there is substantial ground for difference of opinion" as to the question of whether to grant its motion to dismiss. An interlocutory

6

appeal is appropriate only when a "difference of opinion exists *between* courts on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law."  *KPMG Peat Marwick, L.L.P. v. Estate of Melco, Ltd.*, 250 B.R. 74, 82 (E.D. Va. 2000) (emphasis original); *see also Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 909 (E.D. Va. 2005) (denying motion for certification for interlocutory appeal when every court to consider the question of law reached the same result).  Here, defendant has not identified any authority holding that, as a matter of law, a bankruptcy court lacks personal jurisdiction under these circumstances.  Indeed, defendant's motion fails to cite any law at all.  Judge Collins thoroughly analyzed the law and provided citation to the authorities upon which he relied in reaching his decision.  (Doc. 4, at 14-27).  Defendant has done nothing to distinguish that authority, let alone identify a difference of opinion between courts on the legal issues in dispute.  Instead, defendant simply argues that Judge Collins' ruling conflicts with its own view of the facts and law.  This does not constitute a "substantial ground for difference of opinion" within the meaning of Section 1292(b).

### C.   *Whether a finding that an immediate appeal would materially advance the ultimate termination of the litigation*

Finally, it does appear that an interlocutory appeal here would "materially advance the ultimate termination of the litigation," were there a controlling issue of law that would resolve the merits of the motion to dismiss without the necessity for the Court to make factual findings.  Courts have interpreted this requirement to mean "that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."  *McFarlin*, 381 F.3d at 1259 (11th Cir. 2004); *see also Difelice*, 404 F. Supp. 2d at 910 (refusing to certify for interlocutory appeal an order denying summary judgment when appeal would not resolve all the remaining issues in the litigation and would simply add unnecessary delay and costs to the resolution of the remaining issues

7

in the case); *In re Swyter*, 263 B.R. 742, 749 (E.D. Va. 2001) (denying leave to appeal bankruptcy court's order because an appeal would not end the current phase of litigation or the dispute).

Here, if the Court granted defendant's motion to dismiss, it would end this adversary proceeding. In that sense, it could materially advance resolution of this case. The problem, as the Court has already noted however, is that the resolution is not one based on a matter of law, but is one that involves a mixed issue of law and fact. Given that the first three requirements are plainly not satisfied here, the fact that granting the appeal would resolve this case is insufficient to warrant granting the motion to appeal.

## IV.    CONCLUSION

For the reasons stated, defendant's Motion for Leave to Appeal the bankruptcy court's order denying defendant's motion to dismiss the adversary proceeding against it for lack of personal jurisdiction (Doc. 4) is **denied**.

**IT IS SO ORDERED** this 9th day of November, 2020.

_____

C.J. Williams
United States District Judge
Northern District of Iowa