# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| VEROBLUE FARMS USA, INC., et al. ) | |
| ) | Bankruptcy No. 18-01297 |
| Debtors. ) | |
| _____) | |
| VEROBLUE FARMS USA, INC., et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 19-09015 |
| ) | |
| CASSELS BROCK & BLACKWELL ) | |
| LLP ) | |
| ) | |
| Defendant. ) | |

## RULING ON MOTION FOR CONTEMPT

This matter came before the Court by telephonic hearing on January 15, 2021. Dan Childers and Robert Lang appeared for Plaintiff VeroBlue Farms USA, Inc. ("VBF"). Michael and Brandon Schwartz appeared for Defendant Cassels Brock & Blackwell LLP ("Cassels"). The Court heard argument and took the matter under advisement on the papers submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## STATEMENT OF THE CASE

Before the Court is VBF's Motion for Contempt against Cassels for allegedly violating the Court's February 21, 2020 discovery order ("Order"). The Order directed Cassels to provide supplemental and complete answers, and to produce all relevant documents related to VBF's particular discovery requests. Cassels provided its responses March 13, 2020. VBF asserts, among other things, that these responses failed to cure the prior discovery deficiencies and otherwise constitute contemptible conduct. The Court agrees.

## BACKGROUND

VBF is a fish farming operation that filed for Chapter 11 bankruptcy on September 21, 2019. Cassels is a Canadian law firm that submitted proofs of claim seeking payment as a creditor of VBF. VBF filed this adversary proceeding against Cassels on March 27, 2019. Discovery commenced on or about August 15, 2019 with an original deadline of December 31, 2019. (ECF Doc. 26).

VBF filed a Motion to Compel Discovery on February 21, 2020. (ECF Doc. 49). VBF argued then, as it does now, that Cassels improperly asserted a claim of privilege, failed to comply with relevant discovery requests, and in other respects provided serially deficient responses. The Court granted VBF's motion and entered the Order directing Cassels' compliance on February 12, 2020. (ECF Doc. 53). The material terms of the Order are as follows:

2

1. Within 21 days, [Cassels] will provide supplemental, and complete answers and produce all requested documents for:

    a. [Cassels'] Answers to Interrogatories, Nos. 1, 2, 4, 5, 6, 9, 11, 12, 15, 19, 22, 23, 25, and 27, and such supplemental answers to interrogatories shall be signed by counsel and verified by [Cassels].

    b. [Cassels'] Response to [VBF's] First Request for Production, Nos. 1 through 20, as well as [Cassels'] Response to [VBF's] Second requests for Production response, No. 1; and

    c. [Cassels'] Response to VBF's request for Admission, Nos. 2, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16, 18, 19, 25, 26, 29, 33-36 (sic), 37 (sic), 38 (sic), at 49-51 (sic).

\* \* \* \*

3. Cassels shall respond more specifically to VBF Requests for Admissions. Cassels shall either admit, deny, say it is unable to do so and explain why information it needs to make that determination. If a request is partially admitted and partially denied, Cassels shall specify which part is admitted and which part is denied. Cassels must address all parts of VBF's Request for Admissions.

(ECF Doc. 53, at 3–4).

Cassels provided its responses on March 13, 2020. Those responses contain certain objections which Cassels has maintained from its original responses— namely on the grounds of privilege and relevance. VBF sent Cassels a meet-and-confer letter to resolve the alleged deficiencies. VBF requested that the parties confer by April 8, 2020. Cassels responded that it would be unable to

communicate with VBF by then, and that it believed its supplemental responses complied with the Court's Order.

On April 9, 2020, VBF filed this Motion for Contempt. VBF asserts that Cassels' supplemental responses, together with its continued refusal to produce documents amounts a violation of the Court's Order compelling discovery. Cassels continues to assert that the requested documents and information are privileged, irrelevant, and otherwise subject to a "solicitor's lien." In all other respects, Cassels asserts that its responses comply with the Court's Order.

## DISCUSSION

### I. Privilege

VBF asserts that Cassels' supplemental responses violate the Court's Order because they contain objections to discovery on the basis of the attorney-client and work-product privileges. VBF goes further and asserts that the Court's Order—noting that Cassels provided no support for its privilege claims—deemed those objections waived. The Court disagrees. No explicit findings were made on the issue of waiver. However, the Court finds that Cassels' post-Order conduct constitutes waiver of its asserted privileges.

A claim of privilege is governed by Federal Rule of Bankruptcy Procedure 7026. Rule 7026 incorporates Federal Rule of Civil Procedure 26 in adversary

4

proceedings. Fed. R. Bankr. P. 7026. Rule 26(b)(5) states that a party claiming a privilege to withhold otherwise discoverable information must:

(i) expressly make the claim; and
(ii) **describe the nature of the documents, communications, or tangible things not produced or disclosed**—and do so **in a manner that**, without revealing information itself privileged or protected, **will enable other parties to assess the claim**.

Fed. R. Civ. P. 26(b)(5)(A)(ii) (emphasis added).

The party asserting the privilege has the responsibility of establishing the factual basis for the privilege. Nw. Airlines v. Phillips, No. 0704803, U.S. Dist. LEXIS 146643, at *10 (D. Minn. Jan. 15, 2009). "This burden is met when the party produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an explanatory affidavit from counsel." Rabushka ex rel. United States v. Crane Co., 122 F.3d 559, 565 (8th Cir 1997). "[A] party's delay or outright failure to provide a privilege log can waive the privilege, but does not waive it automatically." Id. (citing Isham v. Booneville Cmty. Hosp., 2015 U.S. Dist. LEXIS 181953, at *3 (W.D. Ark. Apr. 23, 2015). Indeed, "'waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith.'" Progressive Cas. Ins. Co. v. F.D.I.C., 298 F.R.D. 417, 421 (N.D. Iowa 2014) (quoting Rakes v. Life Investors Ins. Co. of Am., 2008 U.S. Dist. LEXIS 10996, at 4 (N.D. Iowa Feb. 14, 2008).

5

VBF's initial Motion to Compel Discovery was based upon, among other things, Cassels' failure to comply with Rule 26(b)(5).  No explicit findings were made on the issue of waiver.  The Court did, however, note that Cassels provided no support for its privilege claims, and that it had yet to provide a privilege log.  The Court thus ordered Cassels to "produce **all** requested documents for . . . [VBF's] First . . .[and] Second Requests for Production."  (ECF Doc. 53, at 3) (emphasis added).  To date, there has been no meaningful effort on Cassels' part to meet the order to produce.

In fact, Cassels' Supplemental Response to VBF's First and Second Set of Requests for Production remains unchanged in a number of important ways.  It maintains that "[VBF's] Requests for Documents are objectionable to the extent they seek information protected by the Attorney-Client Privilege and Work Product Doctrine." (ECF Doc 67, Ex. E, at 94).  This objection is offered for "each and every request."  (Id.).  Again, Cassels has not offered **any** support for these privilege claims.  Cassels continues to assert the privilege despite its failure to produce a privilege log.  (ECF Doc 67, Ex. D, Defendant's Ans. To Interrogatories, Nos. 1, 15).

This record demonstrates an unjustified delay on Cassels' part warranting wholesale waiver of its asserted privileges.  To be sure, Cassels did not provide a privilege log when it served its original responses, nor has it done so in the year

6

since entry of the Order.  As a result, VBF has had no way of determining which documents are being withheld, the basis upon which they are being withheld, and whether Cassels' privilege claims are legitimate.  Cassels has not offered a justification for this delay.  Cassels has waived its asserted privileges by its conduct and failure to comply with the privilege log requirement—and the specifics of the Order on the Motion to Compel.

**II.  Motion for Contempt**

Federal Rule of Bankruptcy Procedure 7037 applies Federal Rule of Civil Procedure 37 in adversary proceedings.  Fed. R. Civ. P. 37.  Under Rule 37(b)(2), a court may sanction a party that "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2).  Such sanctions include "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."  Fed. R. Civ. P. 37(b)(2)(A)(vii).  Under the Rule, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 7(b)(2)(C).

For a court to impose sanctions, however, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party."  Rightchoice Managed Care v. Hosp., 2020 U.S. Dist. LEXIS 175978, at

7

\*23 (W.D. Mo. Sep. 24, 2020) (quoting Chrysler Corp. v. Carey, 186 F.3d 1016, 1019) (8th Cir. 1999). "'[P]rejudice' exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's claim." Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992). Absent justification or circumstances that would make it unjust, a party's admission that it did not provide the documents required by a court's discovery order is enough to merit an award of attorney's fees. In re Crooked Creek Corp., 533 B.R. 274, 279 (Bankr. N.D. Iowa 2015).

This Court's February 21, 2020 Order required Cassels to "provide supplemental, and complete answers" by March 13, 2020. The Order also required Cassels to "produce **all** requested documents." Cassels provided its "supplemental" responses on March 13, 2020. Redlined versions of its prior responses indicate that it made hundreds of modifications, ostensibly to comply with the terms of the Order. Upon closer inspection, however, these changes are largely perfunctory and, in aggregate, are wholly insufficient to show compliance.

As mentioned in the above section on privilege, Cassels' refusal to produce documents and information on privilege grounds violates the Court's Order that Cassels "produce **all** requested documents." Cassels made no attempt to justify the violation by providing the previously absent support for its privilege claims.

In addition, Cassels continues to object to interrogatories on the basis that they are "overly broad and irrelevant to the issues in this Adversary Proceeding." (ECF Doc 67, Ex. D, Defendant's Ans. To Interrogatories, Nos. 2, 5, 15, 19, 22, 23, 25, and 27); see also (ECF Doc 67, Ex. D, Defendant's Ans. To Interrogatories, No. 6) (objection to interrogatories on the basis they are "overly broad and irrelevant in light of the withdrawals of the Proofs of Claim"). As the Court previously stated, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (ECF Doc. 53, at 2 (quoting Moses v. Halstead, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted)). The Court ordered Defendant to "provide supplemental, and **complete answers** and produce all requested documents" for Interrogatories, Nos. 1, 2, 4, 5, 6, 9, 11, 12, 15, 19, 22, 23, 25, and 27.

Cassels has put in minimal effort to provide supplemental and complete answers to interrogatories, including failing to provide any contact information for identified parties. In some cases, Cassels only provided either a first or last name. In one instance, for example, "Christian" as the answer to Interrogatory Nos. 6 and 12. See also Interrogatory, No. 19. This displays a lack of effort to "provide supplemental, and **complete answers** and produce all requested documents."

The record shows Cassels' intention not to provide Court-ordered discovery. Thus, there is an order compelling discovery and a willful violation of that order.

The Court also finds that VBF suffered prejudice. Cassels' refusal to provide a privilege log left VBF unable to assess the factual merits of Cassels' privilege claims and objections. VBF has been forced to incur the expense of motion practice on two separate occasions. Attempts to cure these deficiencies without the Court's intervention were unproductive, and resources were spent in the process. VBF suffered the additional prejudice of a delay of approximately fourteen months as it waits for Cassels to comply with their court-ordered discovery obligations.

The Court finds that sanctions are appropriate under Rule 37(b)(2) for failure to comply with the terms of the Order and to remedy the prejudice to VBF of extra time and expenses incurred. Appropriate sanctions include (1) holding Cassels in civil contempt until fully compliant with the Court's Order, and (2) requiring Cassels to pay VBF's reasonable costs and attorney's fees in bringing this motion. Judgment will be entered accordingly.

## CONCLUSION

**WHEREFORE,** VBF's Motion for Contempt is **GRANTED.**

**IT IS FURTHER ORDERED** that Cassels shall be held in civil contempt of court until it achieves full compliance with the Court's February 21, 2020 Order.

Cassels has twenty-one days to achieve full compliance. Failure to achieve full compliance within twenty-one days shall result in monetary sanctions of $1,000.00 per day until full compliance is achieved.

**IT IS FURTHER ORDERED** that Cassels shall pay the reasonable costs and attorney's fees VBF incurred related to Cassels' delays in compliance. VBF shall file an accounting of such costs and attorney's fees within fourteen days of the entry of this Order. Cassels shall have fourteen days to file any objections thereto. To the extent any objections are so filed, VBF shall be given fourteen days to respond.

Dated and Entered:
April 22, 2021

_____
THAD J. COLLINS,
CHIEF BANKRUPTCY JUDGE