UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>VeroBlue Farms USA, Inc.,<br><br>Debtor<br>_____<br><br>VeroBlue Farms USA, Inc.,<br>    Plaintiff<br>vs.<br><br>Cassels Brock & Blackwell LLP,<br>    Defendant | Chapter 11<br><br>Bankruptcy No. 18-01297<br><br><br><br><br><br><br><br>Adversary No. 19-09015 |

## RULING ON MOTION TO RECONSIDER

This matter came before the Court by telephonic hearing on December 1, 2021. Dan Childers and Robert Lang appeared for Plaintiff VeroBlue Farms USA, Inc. ("VBF"). Brandon M. Schwartz and Michael D. Schwartz appeared for Defendant Cassels Brock & Blackwell LLP ("Cassels"). The Court heard argument and took the matter under advisement on the papers submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## STATEMENT OF THE CASE

Before the Court is Cassels's Motion to Reconsider the Court's Order finding Cassels in contempt for failing to properly answer discovery. (ECF Doc. 182; see ECF Docs. 53, 117). In the Motion, Cassels argues it should not be held in

contempt because its reasons for withholding discoverable information were appropriate. VBF resisted by asserting that the Court should uphold its prior findings and enforce its previous Orders. (ECF Doc. 187).

The Court held a telephonic hearing on the matter on December 1, 2021. The Court heard argument and took the matter under advisement. In January 2022, Cassels filed a Motion to Submit New Information, which VBF resisted. (ECF Docs. 194, 195). For the reasons that follow, the Court finds that Cassels's Motion to Reconsider is granted in part, and the proceedings are stayed until the resolution of related litigation in the federal district court in Texas. The Motion to Submit New Information is denied as moot.

## BACKGROUND

VBF is a fish farming operation that filed for Chapter 11 bankruptcy on September 21, 2019. Cassels is a Canadian law firm. One of Cassels's partners, Sean Maniaci, became involved in the bankruptcy proceedings. He wrote a letter as a shareholder, to other shareholders advising a course of action. The letter was on Cassels's firm letterhead and introduced in the confirmation hearing in this case. Cassels also submitted proofs of claim seeking payment as a creditor of VBF for legal work it did for VBF. VBF filed this adversary proceeding on March 27, 2019

against Cassels. (ECF Doc. 1). Cassels withdrew its proofs of claim after this adversary was filed.

Discovery in this adversary started in August 2019. The original discovery deadline was December 31, 2019. (ECF Doc. 26). VBF filed a Motion to Compel Discovery on February 12, 2020. (ECF Doc. 49). In its Motion to Compel, VBF argued that Cassels improperly asserted a claim of attorney-client privilege, failed to provide a privilege log to specific what documents were privileged, and failed to comply in other ways with relevant discovery requests. On February 21, 2020, the Court granted VBF's motion and entered an Order directing Cassels's compliance. (ECF Doc. 53). The Court specifically concluded that Cassels failed to provide a privilege log and ordered compliance with the discovery rules.

On March 13, 2020, Cassels provided responses to discovery requests. Those responses reiterated objections which Cassels asserted in its original responses including claims of attorney-client privilege. Cassels then again failed to provide a privilege log to support those assertions. Cassels filed a Motion to Dismiss the Adversary Proceeding on March 31, 2020, arguing the Court lacked personal jurisdiction over Cassels. (ECF Doc. 60). The Court denied this motion. (ECF Doc. 98). VBF sent Cassels a meet-and-confer letter to resolve the alleged continuing deficiencies in the discovery ordered by the Court and requested the

3

parties confer by April 8, 2020.  Cassels responded that it would be unable to communicate with VBF by then and asserted that its supplemental responses fully complied with the Court's Order.

VBF filed its Motion for Contempt on April 9, 2020, asserting Cassels failed to comply with the Court's February 12, 2020 Order compelling discovery.  (ECF Doc. 67).  VBF pointed out Cassels had not even filed a privilege log despite the Court clearly telling Cassels that it was required to provide a privilege log to support any assertions of attorney-client privilege.  Cassels responded by asserting that the requested documents and information were privileged, irrelevant, and otherwise subject to a "solicitor's lien" under Canadian law.  (ECF Doc. 74).  Cassels asserted that its responses complied with the Court's Order in all other respects, but Cassels did not address the privilege log.  Cassels later argued that it could not file a privilege log because such a log would reveal the location of these important documents and provide an improper advantage to VBF.  Cassels argued, in spite of the Court's Order on the privilege log that such a log "would be a waste of the parties' resources and a waste of judicial resources. . . ."  (ECF Doc. 68).

The Court then set all pending motions—related to dismissal, discovery, and contempt—for hearing on June 18, 2020.  The Court heard argument and came to the following conclusion about how the rulings would be handled.  The Court

noted it would first rule on the Motion to Dismiss for lack of jurisdiction. If the Court concluded it had jurisdiction, the Court would deal with the contempt issues and Cassels's new motions to stay discovery.

On October 7, 2020, the Court issued its ruling concluding that the Court had jurisdiction. (ECF Doc. 98). Cassels immediately appealed. Questions were raised about the propriety of proceeding with the discovery dispute while appeal was pending. The Court eventually moved forward on the pending discovery contempt and stay of discovery motions. The Court heard argument January 15, 2021.

The Court granted VBF's Motion for Contempt on April 22, 2021. (ECF Doc. 117). The Court entered an Order finding Cassels in contempt of court for failing, among other things, to provide a privilege log. The Court ordered sanctions of $1,000 per day until full compliance was achieved. (Id.).

On May 6, 2021, Cassels again appealed this Court's Order and filed a Motion to Stay Pending Appeal. (ECF Doc. 120). The Court granted Cassels's Motion to Stay Pending Appeal on May 18, 2021, with the condition that Cassels post a $50,000 bond. (ECF Doc. 127).

On June 25, 2021, Cassels filed a new Motion for Protective Order arguing that VBF was using the current adversary proceeding to circumvent the discovery

5

process in the Texas litigation and to disregard the Texas court's June 15, 2021 order staying depositions. (ECF Doc. 148). The Court denied the Motion for Protective Order as moot. (ECF Doc. 167).

On September 23, 2021, Cassels filed this Motion to Reconsider the Court's Contempt Order. (ECF Doc. 182). On October 15, 2021, VBF filed an objection to the Motion. (ECF Doc. 187). On December 1, 2021, after several extensions, the Court held a telephonic hearing on the Motion to Reconsider. During the hearing, Cassels asserted that VBF was using this adversary proceeding to obtain "back door discovery" for the Texas litigation. Cassels emphasized that under the Order compelling discovery and the Order on contempt, VBF was improperly receiving more relief than VBF requested in its Complaint. Cassels again requested the Court to stay proceedings pending the resolution of the Texas litigation. VBF argued, among other things, that the Court's ruling was correct and that a stay of proceedings three years into the case would be patently unfair. On January 18, 2022, Cassels filed a Motion to Submit New Information. (ECF Doc. 194).

## DISCUSSION

Federal Rule of Bankruptcy Procedure 7054(a) incorporates Federal Rule of Civil Procedure 54(b) for use in adversary proceedings. Rule 54(b) provides, in relevant part:

>  any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and **may be revised at any time** before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). Rule 37 sanctions neither end litigation nor leave the court only to execute its judgment, thus, are not final decisions. Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999). Federal courts have "the inherent power to reconsider and revise any interlocutory order . . . up until the time that a final judgment is entered." Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 640, 647 (N.D. Iowa 2006). Thus, this Court has the authority to reconsider the Orders referenced in Defendant's Motion to Reconsider.

Here, Cassels has asked the Court to reconsider its previous rulings on contempt and sanctions, and denial of a stay of discovery. While the Court does not find any one order in isolation to be wrongly decided, the Court does believe that—as a whole—the Court's overall management of discovery in the case demonstrates at least an error of omission. The omission is that the Court has allowed discovery to overwhelm and overtake the determination of the merits of this adversary case.

7

"Rule 26(b)(2)(C)(iii) mandates that the court not allow the tail to wag the dog in discovery." Oseman-Dean v. Ill. State Police, 2011 U.S. Dist. LEXIS 145390 (N.D. Ill. Dec. 19, 2011). Here, the Court finds it has in fact allowed discovery to be the tail that wags the dog. The Court's discovery rulings have resulted in the discovery process swallowing the merits of this case. The Court has imposed sanctions related to discovery that essentially exceed the relief requested in the amended complaint. Under these circumstances, Cassels is correct that the Court's previous Order should be revisited and revised.

In this case, VBF filed a complaint essentially seeking the turnover of its property (its legal file) from Cassels. In its discovery requests, VBF sought far more than an identification of its own legal file or documents necessarily related to it. It now appears VBF has sought material to help it conduct its case against the original VeroBlue founders pending in the federal court in Texas.

This Court has ordered all this overly broad material to be produced. To be frank, the Court has ordered and allowed this broad discovery because of the way Cassels has proceeded in this case. Cassels fought VBF's discovery at length before it even filed its Motion to Dismiss for lack of jurisdiction. Cassels argued for almost a year that it did not need to produce all of the material VBF requested because the Court had no jurisdiction and that the Court could not compel

8

discovery of material protected by Canadian law on privileged communication and solicitor's liens.

The Court essentially directed Cassels to file the Motion to Dismiss or abandon the arguments about jurisdiction preventing answers to discovery that had already been long-pending. The Court thus addressed jurisdiction only after it already had granted VBF's Motion to Compel Discovery. After the Court ruled it had jurisdiction, it turned back to the discovery issue then pending—the Motion for Contempt.

In addressing VBF's Motion for Contempt for Cassels's failure to follow the Court's Order compelling discovery, Cassels again placed emphasis on arguments about lack of jurisdiction, and the need to consider the merits of its assertion of attorney-client privilege. The Court pointed out it had now ruled on jurisdiction and that its earlier Order compelling discovery required Cassels to provide a privilege log. The log had not been provided by Cassels. Cassels responded that—in spite of the Court's Order compelling discovery that noted attorney-client privilege assertions required a privilege log—Cassels thought that such a log was unnecessary. Cassels stated such a log would provide VBF information that would allow VBF to fish through and find "privileged" documents. Cassels said the log

was a waste of the parties' and the Court's resources—even though the Court's Order stated it was necessary.

The Court's ruling on the Motion for Contempt largely came from Cassels's flat out refusal to follow the Court's Order and instead concluding unilaterally that the key part of it—the privilege log—was not necessary. The Court ordered a sanction of $1,000 a day until Cassels complied, which was intended to make clear that the Court's previous Order was not one Cassels could choose to ignore without consequence. In short, the Court noted a privilege log was required—and instead of complying, Cassels simply noted it was not required.

In Cassels's Motion for Stay Pending Appeal of the Contempt Order, Cassels added one argument that caught the Court's attention for the first time. Cassels argued that the Court's Orders on VBF's Motion for Contempt, and even the earlier Motion to Compel, effectively awarded more relief to VBF than VBF ever sought in its complaint. The Court stated in that hearing that if that is indeed what resulted, maybe the Court's rulings were too broad and needed to be considered. The Court granted the Motion for Stay Pending Appeal.

Cassels then filed the Motion to Reconsider—five months later—based largely on the Court's comments during the hearing on the Motion for Stay Pending Appeal. In the course of the hearing on that motion, Cassels convinced

the Court that the combined effect of all its rulings was to award VBF far more than it ever sought by filing the case. Cassels pointed out that now the Texas federal court dealing with the founders' litigation had limited VBF's discovery—finding some of the same material VBF sought in this case was irrelevant to the bigger and more consequential founders' litigation. This Court indicated it wanted to review all the issues.

Having now reviewed the issues, this Court concludes that Cassels's Motion to Reconsider should be granted, at least in part. The Court now concludes that VBF's Motion for Contempt is still granted but should be limited to the issue of the privilege log. Specifically, the Court finds that Cassels is in contempt for continuing to assert privilege without providing a privilege log as the Court's previous Order required—and Cassels is hereby fined $5,000 for its failure to provide such log. The Court also finds VBF is entitled to the reasonable attorney's fees VBF incurred in attempting to get such compliance. The Court, however, not only revises the Contempt Order, but also adds something new, a stay of this Court to avoid conflicts with the Texas litigation.

In short, the Court is effectively reconsidering previous requests by Cassels to stay all discovery pending resolution of the Texas litigation. "[T]he power to stay proceedings is incidental to the power inherent in **every** court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (emphasis added). In the bankruptcy context, the inherent authority to stay proceedings is recognized in Section 105(a) of the Bankruptcy Code, which states in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); see Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990) (referencing docket-control concerns that justified a Landis stay); U.S. Bank N.A. v. Perlmutter (In re S. Side House, LLC) 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012).

In making this decision, the Court "must weigh competing interests and maintain an even balance" in the exercise of this discretion. Landis, 299 U.S. at 254–55. Landis stays should be exercised when:

> the [petitioner] for a stay . . . make[s] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that defines the rights of both.

In re Smith, 389 B.R. 902, 917 (Bankr. D. Nev. 2008) (quoting Landis, 299 U.S. at 255)). The competing interests that the Court must balance include:

> possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the

12

simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Id. (quoting Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005)).

Some bankruptcy courts analyze the competing interests of a Landis stay by using specific factors. In Heritage, for example, the Court used a three-factor analysis, weighing "(1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation." Smith v. Citizens Trust Bank (In re Heritage Real Est. Inv.), Bankr. No. 14-03603-NPO, Adv. No. 19-00021-NPO, 2019 Bankr. LEXIS 3235, at *12 (Bankr. S.D. Miss. Aug. 21, 2019) (quoting B & D Produce Sales, LLC v. Packman1, Inc., No. SA-16-CV-99-XR, 2016 U.S. Dist. LEXIS 110759, at *1 (W.D. Tex. Aug. 19, 2016)). In South Side House the bankruptcy court adopted a five-factor test. See S. Side House, 470 B.R. at 685 (adopting a five-factor Landis test from the Southern District of New York, including "the interests of persons not parties to the civil litigation" and "the public interest"). In weighing the competing interests, "the basic goal is to avoid prejudice." Id. (quoting TradeWinds Airlines, Inc. v. Soros, Nos. 08 Civ. 5901 (JFK), 10 Civ. 8175 (JFK), 2011 U.S. Dist. LEXIS 9432, at *8 (S.D.N.Y. Feb. 1, 2011)).

In this case, the factors weigh in favor of staying the proceedings here until at least the close of discovery in the Texas litigation. The Court acknowledges the unfortunate fact these proceedings have been pending for a long time, but the Court concludes VBF will not suffer any additional prejudice or harm as a result of a stay. The Court additionally notes that, regardless of the imposition of a stay, the proceedings here have dragged on to this point. In light of this, the additional delay in time here is likely only nominal compared to what would occur absent the Court's granting of a stay.

Cassels, on the other hand, has demonstrated that there is a substantial likelihood of future harm if the proceedings here are not stayed pending the outcome of the Texas litigation. The potential here for allowing "back door discovery" that affects the Texas litigation is real and serious. The Court does not wish to condone runaway discovery in this case that could be improperly used by VBF to its advantage in the Texas litigation.

Consideration of judicial resources also weighs in favor of the granting of a stay in these proceedings. This Court and the federal district court handling the Texas litigation have already been faced with conflicting rulings on the same or similar issues. This Court does not want to be the cause of the Texas litigation

14

becoming more prolonged due to discovery rulings from this Court.  Moreover, the result of the Texas litigation may be dispositive of the issues in these proceedings.  Judicial economy in both venues would be best served by a stay of proceedings in this Court.

Considering the arguments of both sides and the factors that other bankruptcy courts have weighed, the Court finds a stay of these proceedings is warranted.  The Court will hold a telephonic conference with the parties to determine the current status of the Texas litigation, the length of stay needed here, and how the issue of VBF's reasonable attorney fees will be handled.

The Court makes a final observation here. During arguments on the Motion to Reconsider, the Court suggested the parties get this matter resolved.  It is over a legal file and maybe an overpayment of a bill.  Both sides have blown this otherwise simple matter into a hugely expensive and contentious discovery fight implicating differences in international law governing lawyers.  Cassels's counsel indicated some openness to the Court's suggestion of turning over some parts—if not the whole legal file under some protective order.  The Court also suggested a procedure to use in camera review to determine what parts belong to VBF versus VBF Canada.  The Court now reiterates those suggestions with a further caution.

The case is only stayed—not adjudicated—and is stayed for discovery. It will resume when discovery closes in the Texas case. It will resume with Cassels being out of compliance with the Court's Order to provide a privilege log—and the Court will order further sanctions if that issue is not resolved.

To be further clear on where things stand, the Court intends to take up immediately the issue of the reasonable attorney fees Cassels owes for its discovery violation. That issue is not stayed and will be discussed at the telephonic hearing.

## Conclusion

For these reasons, it is ordered that Cassels's Motion to Reconsider is granted in part. The Contempt ruling is hereby limited to the issue of the privilege log. Cassels is fined $5,000 for its failure to provide a privilege log and must further pay the reasonable attorney's fees VBF incurred in attempting to get such compliance. The proceedings are hereby stayed for a period to be determined after a telephonic hearing with the parties, which will be set by separate order. The Motion to Submit New Information is denied as moot.

Ordered:

April 21, 2022

/s/ Thad J. Collins
Thad J. Collins
Chief Bankruptcy Judge