## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>VEROBLUE FARMS USA, INC., ET AL.,<br><br>    Debtors<br>_____<br><br>VEROBLUE FARMS USA, INC., ET AL.,<br>    Plaintiff<br>vs.<br><br>CASSELS BROCK & BLACKWELL LLP,<br>    Defendant | Chapter 11<br><br>Bankruptcy No. 18-01297<br><br><br><br><br><br><br>Adversary No. 19-09015 |

### **RULING ON ATTORNEY-CLIENT PRIVILEGE ISSUES**

The Court held a telephonic status conference on October 7, 2024. Dan Childers and Robert Lang appeared for VeroBlue Farms USA, Inc. ("VBF"). Michael Schwartz and Brandon Schwartz appeared for Cassels Brock & Blackwell LLP ("Cassels"). At the status conference, the Court agreed to issue a ruling on the two pending issues before holding a hearing on the factual basis for Cassels' assertion of the attorney-client privilege. Those issues are (1) whether the attorney-client privilege has properly been asserted at all; and (2) whether Cassels' actions,

including failing to file a proper privilege log, have waived the privilege. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## FINDINGS OF FACT

The facts of this case have been reiterated in a number of opinions issued by the Court. In re VeroBlue Farms, Inc., No. AP 19-09015, 2023 WL 3011756 (Bankr. N.D. Iowa Apr. 19, 2023); In re VeroBlue Farms USA, Inc., No. 18-01297, 2021 WL 1583150 (Bankr. N.D. Iowa Apr. 22, 2021), on reconsideration in part, No. AP 19-09015, 2022 WL 1195643 (Bankr. N.D. Iowa Apr. 21, 2022); In re Veroblue Farms USA, Inc., No. AP 19-09015, 2020 WL 5988200 (Bankr. N.D. Iowa Oct. 7, 2020). The relevant facts, as set forth in those opinions, are as follows:

> VBF is a fish farming operation that filed for Chapter 11 bankruptcy on September 21, 2019. Cassels is a Canadian law firm. … VBF filed this adversary proceeding on March 27, 2019 against Cassels. (ECF Doc. 1).

> Discovery in this adversary started in August 2019. The original discovery deadline was December 31, 2019. (ECF Doc. 26). VBF filed a Motion to Compel Discovery on February 12, 2020. (ECF Doc. 49). In its Motion to Compel, VBF argued that Cassels improperly asserted a claim of attorney-client privilege, failed to provide a privilege log to specif[y] what documents were privileged, and failed to comply in other ways with relevant discovery requests. On February 21, 2020, the Court granted VBF's motion and entered an Order directing Cassels's compliance. (ECF Doc. 53). The Court specifically concluded that Cassels failed to provide a privilege log and ordered compliance with the discovery rules.

> On March 13, 2020, Cassels provided responses to discovery requests. Those responses reiterated objections which Cassels asserted in its

2

original responses including claims of attorney-client privilege. Cassels then again failed to provide a privilege log to support those assertions.
…
VBF filed its Motion for Contempt on April 9, 2020, asserting Cassels failed to comply with the Court's February 12, 2020 Order compelling discovery. (ECF Doc. 67). VBF pointed out Cassels had not even filed a privilege log despite the Court clearly telling Cassels that it was required to provide a privilege log to support any assertions of attorney-client privilege. Cassels responded by asserting that the requested documents and information were privileged, irrelevant, and otherwise subject to a "solicitor's lien" under Canadian law. (ECF Doc. 74). Cassels asserted that its responses complied with the Court's Order in all other respects, but Cassels did not address the privilege log. Cassels later argued that it could not file a privilege log because such a log would reveal the location of these important documents and provide an improper advantage to VBF. Cassels argued, in spite of the Court's Order on the privilege log that such a log "would be a waste of the parties' resources and a waste of judicial resources…." (ECF Doc. 68).

The Court granted VBF's Motion for Contempt on April 22, 2021. (ECF Doc. 117). The Court entered an Order finding Cassels in contempt of court for failing, among other things, to provide a privilege log. The Court ordered sanctions of $1,000 per day until full compliance was achieved. (Id.).

On September 23, 2021, Cassels filed [a] Motion to Reconsider the Court's Contempt Order. (ECF Doc. 182). On October 15, 2021, VBF filed an objection to the Motion. (ECF Doc. 187).

On April 21, 2022, the Court granted Cassels's Motion to Reconsider in part, limiting the Contempt ruling to the issue of the privilege log. The Court fined Cassels $5,000 for its failure to provide a privilege log and ordered Cassels to pay the attorneys' fees VBF incurred in attempting to get discovery compliance. The Court further ordered a stay in proceedings.

After the stay of proceedings lifted, the Court agreed to an in-camera review of the documents Cassels claimed were privileged. During that review, the Court

3

determined that there were factual issues that needed to be resolved before the review could proceed. The Court then held a telephonic status conference on October 7, 2024, to discuss those issues. During that discussion, the Court determined that an evidentiary hearing should be held and agreed to issue this Order on two legal issues in advance of the evidentiary hearing scheduled for December 2, 2024.

## DISCUSSION

1. Assertion of the privilege

VBF argues that Cassels cannot assert the attorney-client privilege here because the privilege belongs to the client—and no client has asserted it. VBF cites to United States v. Yielding, which states that the attorney client privilege belongs solely to the client, and not to the attorney. 657 F.3d 688, 707 (8th Cir. 2011). It argues that "[u]nlike the Jackson Walker adversary proceeding, where the Founders came forward to claim the attorney-client privilege, no client has come forward to claim privilege as to VBF here." VBF argues that because no client has asserted the privilege—only VBF Canada's lawyers (Cassels) have—the privilege has not been properly asserted.

VBF's argument incorrectly assumes that the attorney may not assert the privilege on the client's behalf. "[I]t is universally accepted that the attorney-client privilege may be raised by the attorney." Fisher v. United States, 425 U.S. 391, 402 n.8 (1976). See also Schwimmer v. United States, 232 F.2d 855, 863 (8th Cir. 1956)

4

("The privilege … exists for the benefit of the client and not the attorney. But the attorney has the duty … to make assertion of the privilege, not merely for the benefit of the client, but also as a matter of professional responsibility."); In re Impounded Case, 879 F.2d 1211, 1213 (3rd Cir. 1989) ("[T]he attorney-client privilege belongs solely to the client. It may, however, and indeed, generally must be asserted for the client by the attorney unless the client directs otherwise."); Commodity Futures Trading Com'n v. Weintraub, 471 U.S. 343, 348 (1985) ("As an inanimate entity, a corporation must act through agents. A corporation cannot speak directly to its lawyers. Similarly, it cannot directly waive the privilege when disclosure is in its best interest. Each of these actions must necessarily be undertaken by individuals empowered to act on behalf of the corporation.").

This rule is consistent with well-settled standards governing the attorney-client privilege.

> The Eighth Circuit has quoted with approval the following definition of the attorney-client privilege:
>
>> …[W]here legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relevant to that purpose, made in confidence by the client, are at his instance **permanently protected** from disclosure by himself or by the legal advisor except that the protection be waived.
>
> The communications protected by the privilege extend to both the "giving of professional advice to those who can act on it" and "the giving of information to the lawyer to enable him to give sound and informed advice."

5

In re Tier 1 Jeg Telecommunications Cases, 2013 WL 12158598 at *5 (S.D. Iowa 2013) (emphasis added). See also Diversified Indus. v. Meredith, 572 F.2d 596, 602 (8th Cir. 1977) ("[T]he privilege, where it exists, is absolute); Schwimmer, 232 F.2d at 863 ("The seal of the law once fixed upon such a privileged communication remains forever, and for every purpose unless removed by the party in whose favor it is there placed.").

Here, there is no dispute that Cassels did work for VBF Canada, that the privilege attached to those communications, that it "permanently protected" those communications, and that VBF Canada has not waived that protection. Thus, the Court concludes that Cassels has properly asserted the attorney-client privilege.

2. Waiver of the privilege

VBF next argues that Cassels, through both its affirmative conduct and its failure to act in this case, has waived the attorney-client privilege. Cassels responds by asserting that "Debtors' recognition that the attorney-client privilege belongs to the client and not to Cassels" means Cassels could never waive the privilege, and thus "renders the remainder of Debtors' Brief seeking to turn an alleged discovery violation into dispositive relief without support and no further response is necessary." The Court rejects this simplistic argument for the same reasons noted above. Cassels can and did assert the privilege—and thus can also waive it.

The attorney-client privilege may be expressly or impliedly waived. Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974). "[W]aiver of the attorney-client privilege is a harsh sanction reserved generally for unjustified, inexcusable, or bad faith conduct, and a waiver may be unnecessary where other remedies are available." USF Ins. Co. v. Smith's Food and Drug Center, 2011 WL 2457655 at *3 (D. Nev. 2011). "Under federal law, improper assertions of privilege in the privilege log, or an untimely privilege log, may (but not necessarily) result in waiver. The court has discretion in this regard." Brinckerhoff v. Town of Paradise, 2010 WL 4806966 at *8 (E.D. Cal. Nov. 18, 2010) (citing Burlington Northern & Santa Fe v. USDC Montana (Kapsner), 408 F.3d 1142 (9th Cir. 2005) and United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2nd Cir. 1996)).

In its Ruling on Motion for Contempt (Doc. 117), the Court previously found that Cassels had impliedly waived the privilege by failing to comply with the Court's February 21, 2020 discovery order—in particular by failing to provide a privilege log to accompany the assertion of the privilege. However, the Court revisted and revised this Ruling later in the case (Doc. 196). The second ruling reduced the sanction imposed and noted that the sanction was for failure to provide a privilege log. The sanction has now been paid and a privilege log has been provided.

A court may rescind an earlier finding of waiver in the event that an adequate privilege log is provided. See Chevron Corp. v. Salazar, 2011 WL 10894974 at *2

(S.D.N.Y. 2011) (determining that defendants had waived attorney-client privilege by virtue of failing to produce an adequate privilege log, but "that waiver may be rescinded if an adequate log is provided."). The privilege log has now been provided, and the Court hereby rescinds its ruling of contempt and waiver for failing to file the log previously.

Questions may very well remain on whether the privilege log is sufficient based on the facts of the case. Those questions will be decided after the evidentiary hearing on whether there is a basis for the assertion of the attorney client privilege on all documents (thirty-one boxes) identified as being covered by the privilege. After that hearing, the Court will make a finding on the contours of the privilege, whether it covers all documents identified, and any other remaining arguments VBF has made about waiver of the privilege by Cassels' conduct in this case.

### CONCLUSION AND ORDER

For the reasons noted above, it is therefore ordered that the evidentiary hearing will proceed on December 2, 2024, consistent with the legal principles decided above.

Ordered:
October 18, 2024

Thad J. Collins
Chief Bankruptcy Judge