UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

VeroBlue Farms USA, Inc.,

    Debtor

_____

VeroBlue Farms USA, Inc.,
    Plaintiff
vs.

Cassels Brock & Blackwell LLP,
    Defendant

Chapter 11

Bankruptcy No. 18-01297

Adversary No. 19-09015

**OPINION AND ORDER ON MOTION TO ENFORCE PROTECTIVE ORDER AND MOTION TO COMPEL AND FOR SANCTIONS**

The matters before the Court are a Motion to Enforce Protective Order (Doc. 352) filed by Cassels Brock & Blackwell LLP ("Cassels") and a Motion to Compel and for Sanctions (Doc. 256) filed by VeroBlue Farms USA, Inc. ("VBF"). The Court held a hearing and took the matters under advisement. Robert Lang and Dan Childers appeared for VBF. Michael D. Schwartz, Brandon M. Schwartz, and Thomas C. Verhulst appeared for Cassels.

## I. BACKGROUND

This is an old adversary case with a less than stellar record (for which the Court bears some blame). It is part of other larger disputes that have also wallowed

in the courts. Unfortunately, much of the following history is necessary to understand the matter at hand. VBF filed this adversary proceeding on March 27, 2019, seeking turnover of files. On October 17, 2019, Cassels filed a Motion for Protective Order (Doc. 32), which the Court issued on February 7, 2020 (Doc. 55) in order "to facilitate discovery and the production of relevant evidence." Shortly after the Protective Order was entered, VBF filed a Motion to Compel Discovery, arguing that Cassels improperly asserted claims of attorney-client privilege, failed to provide a privilege log to specify what documents were privileged, and failed to comply in other ways with relevant discovery requests. The Court granted VBF's Motion and entered an order directing Cassels' compliance. On March 13, 2020, Cassels provided responses to discovery requests. Those responses reiterated objections which Cassels had asserted in its original responses, including claims of attorney-client privilege. Cassels again failed to provide a privilege log to support these assertions.

VBF filed a Motion for Contempt on April 9, 2020 (Doc. 67), asserting that Cassels failed to comply with the Court's February 12, 2020, Order compelling discovery. Cassels had still not filed a privilege log, despite the Court's clear instruction that a log was required to support any assertion of attorney-client privilege. Cassels responded with another assertion that the documents were privileged and argued that they were otherwise irrelevant and subject to a "solicitor's

2

lien" under Canadian law. Cassels asserted its responses complied with the Court's Order in all other respects, even though Cassels had not provided the privilege log. Cassels later argued that it could not file a privilege log because such a log would reveal the location of the documents and give VBF an improper advantage. Cassels argued that a privilege log "would be a waste of the parties' resources and a waste of judicial resources," even though the Court had specifically ordered a privilege log if Cassels continued to assert attorney-client privilege. Cassels continued to assert the privilege without the log.

The Court granted VBF's Motion for Contempt on April 22, 2021 (Doc. 117), finding Cassels in contempt of court for failing, among other things, to provide a privilege log. The Court ordered sanctions of $1,000 per day until full compliance was achieved. On September 23, 2021, Cassels filed a Motion to Reconsider the Court's Contempt Order (Doc. 182). VBF filed an objection to the Motion (Doc. 187). The Court granted Cassels' Motion to Reconsider in part on April 21, 2022 (Doc. 196). The Court limited the contempt ruling to the issue of the privilege log and ordered Cassels to pay VBF's attorney's fees and a $5,000 fine instead of the $1,000 per day initially ordered. The Court also ordered a stay in proceedings because related litigation in Texas could lead to confusion and inconsistent rulings.

The stay of proceedings was lifted on June 6, 2023, after the Texas litigation failed to progress as expected. VBF filed a Motion to Compel and a Motion for

3

Summary Judgment on January 11, 2024. The next day, Cassels filed its own Motion for Summary Judgment. After several hearings related to the summary judgment motions, the Court agreed to review the documents in camera in hopes of clarifying the attorney-client privilege issues. Nearly seven thousand documents were delivered to chambers in thirty-nine four-inch binders. Each binder was labeled with a volume number and the range of documents included within. The documents were identified only by the numbers Cassels had assigned to them – CBB00001 through CBB06965. After many hours of review over many months, the Court eventually concluded that in camera review was slowing the process and doing little to clarify the privilege issues. The Court discussed its views in telephonic hearings with the parties and decided to hold an evidentiary hearing where Cassels could identify the privilege, clarify which documents it asserted were privileged, and make its argument that the privilege applied to those specific documents.

The Court held an evidentiary hearing on all pending issues. Cassels called no witnesses and provided no admissible evidence to support its claims of privilege— or any other positions related to summary judgment. The Court found Cassels entirely failed to support or explain its attorney-client privilege assertion. Cassels simply argued that the privilege applied to all the documents in a blanket fashion. The Court entered an Opinion and Order on Motions for Summary Judgment (Doc. 307) on April 18, 2025. In that Opinion, the Court granted VBF's Motion for

4

Summary Judgment on its claim for turnover of recorded information related to VBF's property or financial affairs under 11 U.S.C. § 542(e) and denied summary judgment on the remaining claims. The Court denied Cassels' Motion in its entirety.

In granting VBF's Motion, the Court found that the files at issue constituted recorded information that related to estate property or VBF's financial affairs. Specifically, the files related to several causes of action listed in VBF's schedules, including VeroBlue Farms USA, Inc. v. Wulf, Case No. 3:19-cv-00764, in the Northern District of Texas. Cassels appealed this decision to the United States District Court for the Northern District of Iowa and asked this Court to stay further proceedings pending resolution of the appeal (Doc. 315). The Court denied the Motion to Stay Pending Appeal on June 10, 2025. VBF filed a Motion to Enforce Judgment (Doc. 332) on June 30, 2025. The Motion was held in abeyance pending a ruling on the appeal from the District Court (Doc. 343). On July 9, 2025, Cassels moved for a stay pending appeal in District Court. The court denied the motion to stay (Doc. 344), finding that Cassels was unlikely to be successful on appeal. VBF then filed a Notice of Denial of Motion to Stay Enforcement of Judgment and Request for Immediate Turnover of Files (Doc. 345). The Court granted VBF's Motion to Enforce Judgment (Doc. 348) on September 26, 2025. Cassels finally turned the documents over to VBF at the end of October, indicating via e-mail that the documents were being produced as confidential under the Protective Order

issued by this Court in early 2020. VBF did not initially respond to this assertion. However, on December 19, 2025, VBF responded, stating that the Protective Order was not applicable and that VBF was obligated to produce the documents in the Texas litigation. The same day, VBF filed a Request for Ruling on its Motion to Compel and for Sanctions. Cassels then filed the Motion to Enforce Protective Order, asking the Court to deny VBF's Motion to Compel and for Sanctions, hold VBF's counsel in contempt for "the intentional and willful violation of the Protective Order," and to inform the Texas court with respect to VBF's violation of the Protective Order.

On January 8, 2026, the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, issued a Report and Recommendation in which she recommended affirming this Court's decision and entering judgment in favor of VBF. On March 13, 2026, the District Court adopted the Report and Recommendation and affirmed this Court's decision. The pending Motion for Sanctions and Motion to Enforce Protective Order are now ready for decision.

## II. Discussion

### A. <u>Motion to Enforce Protective Order</u>

Cassels argues that VBF has violated the Protective Order and asks the Court to hold VBF's counsel in contempt. According to Cassels, VBF violated the Protective Order when it produced the documents Cassels turned over to fulfill

discovery obligations in a separate lawsuit. Cassels designated those documents "confidential" under the Protective Order and argues that those documents could therefore "be used solely for the purpose of this action."

In response, VBF argues that the Protective Order is inapplicable because the files were not produced through discovery, but through a final judgment on VBF's turnover claim under 11 U.S.C. § 542(e). VBF also points out that the Court ordered turnover for the purpose of administering VBF's property and financial affairs, including the Texas action. VBF asserts that if Cassels can simply mark the files as confidential and prevent VBF from using them in any capacity, it would get the same benefit as if the Court concluded those documents were privileged. The Court concluded they were not privileged. VBF also requests an award of costs and attorney's fees incurred in responding to this Motion pursuant to 28 U.S.C. § 1927.

### 1. Protective Order

Rule 26 allows for broad discovery but permits courts to limit the scope of discovery through the issuance of protective orders. Fed. R. Civ. P. 26(c). "The most common kind of order allowing discovery on conditions is an order limiting the persons who are to have access to the information disclosed and the use to which these persons may put the information." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2043 (3rd ed.)

The Court issued a Protective Order on February 27, 2020, in order "to facilitate discovery and the production of relevant evidence." The Protective Order allowed the parties to designate certain documents as confidential and outlined the procedure for doing so. Documents, defined in the Protective Order as "all materials within the scope of Fed. R. Civ. P. 34," could be designated confidential to protect the following:

(a) Information prohibited from disclosure by statute;
(b) Information that reveals trade secrets;
(c) Research, technical, commercial, or financial information that the party has maintained as confidential;
(d) Medical information concerning any individual;
(e) Personal identity information;
(f) Income tax returns; and
(g) Personnel or employment records of a person who is not a party to the case.

The Protective Order dictates that the documents "shall be used solely for the purpose of this action and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents" to anyone but those individuals specified in the Protective Order. Further, "[a]ny party may object to the propriety of the designation of the documents as 'Confidential' by serving a written objection on the designating party's counsel. … The party asserting the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)."

On October 28, 2025, counsel for Cassels sent an email to counsel for VBF, stating in part that "[w]hile the Bankruptcy Court has determined that the attorney-client privilege has been waived, the VBF Canada documents nevertheless remain confidential documents of VBF Canada. As such, the VBF Canada documents are being produced as confidential subject to the provisions of the Protective Order in place." (Doc. 352 at ¶ 11). Counsel for VBF responded, asking when the documents would be produced and whether they would be electronic or hard copy. (Doc. 352 at ¶ 12). Cassels points out that VBF did not object to the confidentiality designation in that response. Cassels counsel informed VBF counsel that the documents would be produced electronically and that they had been stamped confidential. (Doc. 352 at ¶ 13). VBF counsel responded providing e-mail addresses and other information Cassels requested. (Doc. 352 at ¶ 14). Cassels points out that VBF again did not assert any objections to the confidential designation. Cassels reiterated that the documents would be produced as confidential "pursuant to the terms of the Protective Order signed by Judge Collins on February 27, 2020." (Doc. 352, ¶ 15). Cassels counsel also attached a copy of the Protective Order. The documents were produced October 31, 2025. (Id. ¶ 16). On December 19, VBF counsel responded, stating that the protective order was inapplicable because "[t]he documents were not produced in discovery or pursuant to Rule 26, but instead adjudicated to be turned over to our clients pursuant to 11 U.S.C. § 542." Id. at ¶ 17. VBF explained that it now had an

obligation to produce the documents in the ongoing Texas litigation, but that the documents would be marked confidential under the protective order in that case. Cassels responded, reasserting that the protective order in this case was applicable and prevented VBF from producing the documents in the Texas case.

The Court is not persuaded by Cassels' argument. Cassels cites no authority in support of its contention. The Protective Order, by its very terms, was intended to facilitate *discovery.* The Order was issued under Fed. R. Civ. P. 26, "General Provisions Governing Discovery." To reap the benefits of the Protective Order, the documents must fall within the scope of Fed. R. Civ. P. 34, which further narrows the category of documents protected as part of discovery. The Rule "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on *discovery* in order to prevent injury, harassment, or abuse of the court's processes." Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 944-45 (2d Cir. 1983) (citing Int'l Products Corp. v. Koons, 325 F.2d 403 (2d Cir. 1963); Rodgers v. United States Steel Corp., 536 F.2d 1001 (3d Cir. 1976)). A protective order, like the one issued here, "prevents a party from disseminating only that information obtained through use of the discovery process." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).

The major problem with Cassels' argument, as VBF points out, is that Cassels did not produce the documents in response to a discovery request. Cassels never produced the documents in discovery. It fought production of the documents throughout the whole case. The discovery process provided no documents to VBF. The Court ultimately ordered Cassels to turnover the documents as recorded information related to VBF's property or financial affairs pursuant to section 542(e) of the Bankruptcy Code. That section allows the Court to order a party "that holds recorded information … relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e). The party must turn over the recorded information "subject to any applicable privilege." Id. Cassels had asserted throughout the case that no documents could be produced and claimed that all of the documents were confidential and protected by attorney-client privilege. It never attempted to narrow the assertion of privilege to particular documents. It refused to even do a privilege log for most of the case. When it did, the log was not in proper form. Cassels could have produced a category of non-privileged documents in discovery and attempted to have them labeled "confidential." It did not. It chose not to provide any of the documents in discovery or to otherwise limit the blanket assertion of privilege. The Court then moved to the merits. Despite numerous opportunities throughout discovery and during a hearing on the merits, Cassels did not carry its burden to show that the documents were

actually privileged. The Court thus rejected Cassels' blanket assertion of privilege and ordered it to turnover the documents. The district court affirmed this decision. The opportunity to argue for the confidentiality of the documents has long passed and Cassels' Motion is without merit. The Protective Order simply does not apply to the documents at issue because they were not produced in discovery. Thus, VBF has not violated the Protective Order by producing those documents in a separate proceeding. Cassels' Motion to Enforce the Protective Order is denied, and the Court will not consider the request to hold VBF counsel in contempt.

### 2. 28 U.S.C. § 1927 – Sanctions

VBF requests an award of its costs and reasonable attorney's fees incurred in responding to Cassels' Motion under 28 U.S.C. § 1927. That section provides that the court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously… to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. VBF's request is not properly before the Court. The Bankruptcy Rules require that a party seeking relief from the court file a motion. Fed. R. Bankr. P. 9013 ("A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing"). VBF did not raise this request though a motion, but instead through its Response to Cassels' Motion.

### B. Motion to Compel and for Sanctions

VBF has, however, reiterated its request to rule on the monetary sanctions requested in the original Motion to Compel and for Sanctions. This matter was pending at the time of the Court's ruling on the motions for summary judgment. That ruling disposed of or made moot some issues—like the motion to compel an additional deposition. VBF asks for sanctions based on the failure of Cassels to produce a prepared witness under Rule 30(b)(6), and for improper conduct by attorneys at the deposition. The Court agrees with VBF on both arguments but chooses to award no further sanctions. This case was brought for the purpose of getting Cassels to turn over whatever VBF files it had under section 547 of the Bankruptcy Code. This should have been a simple case. Instead, the case became largely about bitter discovery fights that spent untold sums of money and wasted huge amounts of time. The Court allowed this to happen and is responsible in part for this case becoming a runaway train. But the parties' and lawyers' combined overzealous pursuit and intransigent obstruction resulted in relentless motions and demands for Court action that should have been wholly unnecessary.

The case is now over, except for more allegations of discovery violations. The Court's ultimate ruling on the merits of turnover, however, really encompassed these remaining issues. The Court found absolutely no basis for Cassels' blanket assertion of attorney-client privilege, finding that Cassels offered no evidence to support it. At the time of ruling, the Court was already aware of the problems in the 30(b)(6)

13

deposition. The Court factored all of Cassels'—and its attorneys'—improper assertions and actions into the final ruling. One of the toughest discovery sanctions can be to award relief on the merits—which is essentially one of the reasons Cassels lost. Cassels' bad behavior and the continued improper assertion of the privilege—and zealous fight to keep baselessly asserting it—was factored into the Court's easy decision.

The relief in the lawsuit has been granted to VBF entirely. Cassels has already been sanctioned and paid $5,000 for its improper conduct. While the 30(b)(6) witness was probably inadequately prepared and Cassels' lawyers were unnecessarily obstructive in the deposition, the Court sees little additional value in adding more sanctions. VBF won everything it originally wanted in this case—and was awarded sanctions along the way. Cassels lost and the Court has written opinions on the lack of support for Cassels' assertions throughout the case—and the improper obstruction along the way. The Court concludes that this is where the case should be left. Thus, the Court denies the Motion for Sanctions.

### III. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Enforce Protective Order is **DENIED**.

Further, Plaintiff's Motion to Compel and for Sanctions is **DENIED**.

14

Ordered:

April 27, 2026

Thad J. Collins
Chief Bankruptcy Judge